| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1** | |
| **SILLS CUMMIS & GROSS P.C.**<br>Andrew H. Sherman, Esq.<br>Boris Mankovetskiy, Esq.<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>Telephone: (973) 643-7000<br>E-mail:  asherman@sillscummis.com<br>            bmankovetskiy@sillscummis.com<br><br>-and-<br><br>**HERBERT SMITH FREEHILLS KRAMER (US) LLP**<br>Adam C. Rogoff, Esq. (*pro hac vice*)<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 715-9285<br>E-mail: Adam.Rogoff@hsfkramer.com<br><br>*Counsel to Spano Investor LLC* | |
| In re:<br><br>CBRM Realty Inc., *et al.*,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No. 25–15343 (MBK)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 61, 108 & 110 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SPANO INVESTOR LLC WITH RESPECT TO FINAL DIP FINANCING ORDERS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (1115), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), and RH New Orleans Holdings MM LLC (1951). The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

- 1 -

13228636

Spano Investor LLC ("Spano"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "Limited Objection") with respect to entry of final orders granting the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 61] (the "DIP Motion"),[2] and respectfully states as follows.

## BACKGROUND

1. On May 19, 2025, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On May 28, 2025, the Debtors filed the DIP Motion.

3. By the DIP Motion, the Debtors sought approval to obtain senior secured DIP financing through two DIP financing facilities: (i) the Kelly Hamilton DIP Facility; and (ii) the NOLA DIP Facility.

4. On June 4, 2025, the Court entered the *Interim Order (I) Authorizing the Kelly Hamilton DIP Loan Parties to Obtain Senior Secured Priming Superpriority Postpetition Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Doc. No. 108] (the "Interim Kelly Hamilton DIP Order"). A final hearing with respect to the Kelly Hamilton DIP Facility is scheduled for June 17, 2025.

5. On June 5, 2025, the Court entered the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Doc. No. 110] (the

---

[2] Capitalized terms not defined in this Limited Objection have the meanings ascribed to such terms in the DIP Motion.

- 2 -

"Interim NOLA DIP Order"). A final hearing with respect to the NOLA DIP Facility is scheduled for June 26, 2025.

A. The CBRM Judgment

6. Moshe Silber a/k/a Mark Silber ("Silber") is the ultimate equity holder of each of the Debtors.

7. On September 5, 2024, Acquiom Agency Services LLC ("Acquiom"), in its capacity as administrative agent and collateral agent for certain loans (the "Silber Loans") made by funds affiliated with UBS Asset Management (Americas) LLC (the "Lenders") to Silber that were guaranteed by CBRM Realty, Inc. ("CBRM") and various other entities associated with Silber, obtained a judgment (the "CBRM Judgment") in the amount of $21,020,452.60 against CBRM and certain other defendants in an action captioned *Acquiom Agency Services LLC v. Fox Capital LLC*, *et al.*, Index No. 652265/2024, Supreme Court of the State of New York, County of New York.

8. On or about September 9, 2024, Acquiom assigned the CBRM Judgment to Spano, a special purpose entity formed by the Lenders. Thereafter, in order to enforce the CBRM Judgment, counsel for Spano delivered a property execution to The Sherriff of Rockland County, New York, dated December 13, 2024, directing him to satisfy the CBRM Judgment out of the real and personal property of CBRM, including all of CBRM's right, title and interest as a member of several limited liability companies, including its 100% ownership interest in Crown Capital Holdings LLC ("Crown"), a Debtor in these cases.[3]

---

[3] By virtue of the delivery of the property execution to the Rockland County Sheriff, Spano acquired a lien on all of CBRM's personal property located within the territorial jurisdiction of the sheriff. *See* CPLR §§ 5202(a), 5230 and 5232(a); Weinstein-Korn-Miller, New York Civil Practice ¶ 5202.04.

9. The Rockland County Sheriff thereafter timely served the execution on CBRM, and the levy was acknowledged and accepted by counsel for CBRM. The Rockland County Sheriff scheduled a sheriff's sale of various limited liability companies owned by CBRM, including its ownership interest in Crown. The scheduled sheriff's sale was postponed multiple times, most recently to Thursday, May 22, 2025. These bankruptcy cases then intervened, preventing the sheriff's sale from going forward.

B. The Silber Judgment

10. On December 11, 2024, Acquiom, in its capacity as administrative agent and collateral agent for the Silber Loans, obtained entry of a judgment (the "Silber Judgment") in the amount of $22,153,919.59 against Silber in an action captioned *Acquiom Agency Services LLC v. Moshe Silber a/k/a Mark Silber*, Index No. 654386/2024, Supreme Court of the State of New York, County of New York. On or about December 13, 2024, Acquiom assigned the Silber Judgment to Spano. Thereafter, Spano partially enforced the Silber Judgment through a property execution and sale conducted by a Marshall of the City of New York of Silber's ownership interests in various entities, in which Spano credit bid to acquire those interests.

**LIMITED OBJECTION**

11. As noted above, Spano is a substantial creditor with a judgment lien against CBRM's assets, including its ownership interest in Crown. Spano also has a judgment against Silber, the ultimate equity holder of each of the Debtors, arising from the same loan.

12. Spano is a party in interest and has a right to be heard and object to the DIP Motion as it has a substantial financial stake in these cases. *Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. 268, 279-80 (2024). The Supreme Court held that the term "party in interest" is "capacious" and covers any party whose "financial exposure may be directly and adversely

affected by a plan ...." *Id.* at 278, 284.  Further, "[b]road participation promotes a fair and equitable reorganization process." *Id*. at 280.  Based upon its standing as a party in interest, Spano has a right to appear and be heard with respect to the DIP Motion.

### I. The NOLA DIP Facility

13. Spano generally has no objection to approval of the NOLA DIP Facility on a final basis, as long as all of the protections that Spano negotiated in connection with the Interim NOLA DIP Order are incorporated in the final order. However, under paragraph 3.e. of the Interim NOLA DIP Order, Spano reserved the right "to object to Crown being a borrower under the NOLA DIP Facility." *See* Interim NOLA DIP Order, ¶ 3.e.

14. Spano objects to Crown being a borrower and jointly and severally liable under the NOLA DIP Facility. According to the New Orleans Debtors Organization Chart attached as Exhibit A to the *Declaration of Matthew Dundon, Principal of IslandDundon LLC, in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Doc. No. 44], Crown is not part of the corporate ownership structure of the NOLA Debtors.

**New Orleans Debtors Organization Chart**

- Mark Silber — 100%
  - RH New Orleans Holdings MM LLC (DE) — 100%
    - RH New Orleans Holdings LLC (DE) — 100%
      - RH Chenault Creek LLC (DE) — 100%
        - Carmel Brook Apartments — 100%
      - RH Copper Creek LLC (DE) — 100%
        - Laguna Creek Apartments — 100%
      - RH Lakewind East LLC (DE) — 100%
        - Laguna Reserve Apartments — 100%
      - RH Windrun LLC (DE) — 100%
        - Carmel Spring Apartments — 100%

15. Crown does not appear to have any connection to the NOLA Debtors or the real estate that they own in New Orleans. It is therefore unclear to Spano how or why Crown would receive any benefit from the NOLA DIP Facility or proceeds of the NOLA DIP Facility. To the extent Crown requires financing to fund payment of some portion of the professional fees incurred in connection with these cases, the proceeds of the Kelly Hamilton DIP Facility should be utilized for that purpose.

16. As there is no reasonable basis for Crown to be a borrower under the NOLA DIP Facility, the Court should condition approval of the NOLA DIP Facility on a final basis on removal of Crown as a borrower thereunder.

## II.     The Kelly Hamilton DIP Facility

17. Spano has no objection to the entry of a final order approving the Kelly Hamilton DIP Facility, as long as certain protections Spano negotiated in connection with the Interim Kelly Hamilton DIP Order are incorporated in the final order. Spano has reviewed a draft of the final order approving the Kelly Hamilton DIP Facility and has no objection to that draft. Spano reserves all of its rights in connection with any changes that may be made to the proposed final order prior to its approval by the Court.

## RESERVATION OF RIGHTS

18. Spano reserves all of its rights to review the proposed final orders with respect to each of the DIP facilities, as they may be revised, and to amend or supplement this Limited Objection as may be necessary under the circumstances.

Dated: June 12, 2025

*/s/ Andrew H. Sherman*
**SILLS CUMMIS & GROSS P.C.**
Andrew H. Sherman, Esq.
Boris Mankovetskiy, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
Email: asherman@sillscummis.com
       bmankovetskiy@sillscummis.com

-and-

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff, Esq. (*pro hac vice*)
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9285
E-mail: Adam.Rogoff@hsfkramer.com

*Counsel to Spano Investor LLC*