# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

In re:

CBRM REALTY INC., *et al.*

Debtors.[1]

Chapter 11

Case No. 25-15343 (MBK)
(Jointly Administered)

## ORDER AUTHORIZING EMPLOYMENT AND PAYMENT
## OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

The relief set forth on the following pages, numbered two (2) through ten (10), is **ORDERED**.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), and RH New Orleans Holdings MM LLC (1951). The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

(Page 2)

| | |
|---|---|
| Debtors: | CBRM REALTY INC., *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

Upon the motion (the "**Motion**"),[1] of the above-captioned debtors and debtors in possession (the "**Debtors**"), for entry of an order (this "**Order**") authorizing the Debtors to (i) retain Ordinary Course Professionals (which includes both the Initial Ordinary Course Professionals and Additional Ordinary Course Professionals) without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional and (ii) pay each Ordinary Course Professional for postpetition services rendered and expenses incurred, including, if necessary, advancing any reasonable postpetition retainer to the Ordinary Course Professional, subject to certain limits set forth below, without the necessity of additional court approval, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page 3)

| | |
|---|---|
| Debtors: | CBRM REALTY INC., *et al*. |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

Court (the "**Hearing**"), if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is GRANTED as set forth herein.

2.    The Debtors are authorized to employ and retain the Ordinary Course Professionals listed on **Exhibit 1** attached hereto (the "**Initial Ordinary Course Professionals**"), and any Additional Ordinary Course Professional (collectively with the Initial Ordinary Course Professionals, the "**Ordinary Course Professionals**"), without the need to file individual retention applications and obtain retention orders for each such Ordinary Course Professional. The Debtors are further authorized to pay such Ordinary Course Professionals' fees, including, if necessary, advancing any reasonable postpetition retainer to the Ordinary Course Professional, and reimburse expenses incurred pursuant to the terms of this Order. Any advancement of a reasonable postpetition retainer to an Ordinary Course Professional shall be subject to notice being provided to the OCP Notice Parties with an opportunity to object within seven (7) days of service of such notice. Such objection deadline shall be subject to extension by agreement of the Debtors and the U.S. Trustee. Such authorizations are effective as of the Petition Date or the applicable date of engagement.

3.    Within seven (7) days after the date of entry of this Order, the Debtors shall serve this Order upon each Initial Ordinary Course Professional. Thereafter, no later than (a) thirty (30) days after the date of entry of this Order or (b) the date on which each retained Initial Ordinary

(Page 4)

| | |
|---|---|
| Debtors: | CBRM REALTY INC., *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

Course Professional commences services for the Debtors, each Initial Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel a declaration pursuant to Section 1746 of title 28 of the United States Code, substantially in the form attached hereto as **Exhibit 2** (the "**OCP Declaration**") and a completed retention questionnaire substantially in the form attached hereto as **Exhibit 3** (the "**Retention Questionnaire**") for filing with the Court. Upon receipt of an OCP Declaration and Retention Questionnaire, the Debtors will file such documents with the Court and serve a copy upon: (a) the Debtors, CBRM Realty Inc., c/o White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Elizabeth LaPuma (elapuma.crowncapital@gmail.com); (b) counsel to the Debtors, White & Case LLP, 111 South Wacker Drive, Chicago, IL 60606, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com) and Barrett Lingle (barrett.lingle@whitecase.com); (c) co-counsel to the Debtors, Ken Rosen Advisors PC, 80 Central Park West, New York, NY 10023, Attn: Kenneth A. Rosen (ken@kenrosenadvisors.com); (d) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie (Lauren.Bielskie@usdoj.gov); (e) counsel to the Kelly Hamilton DIP Lender, McCarter & English LLP, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07102, Attn: Joseph Lubertazzi (jlubertazzi@mccarter.com); (f) co-counsel to the Kelly Hamilton DIP Lender, Lippes Mathias, LLP, 54 State Street, Suite 1001, Albany, NY 12207, Attn: Leigh A. Hoffman (lhoffman@lippes.com); (g) counsel to the NOLA DIP Lender, ArentFox Schiff LLP, 1301 Avenue of the Americas, New York, NY 10019, Attn: Brett D. Goodman

(Page 5)

| | |
|---|---|
| Debtors: | CBRM REALTY INC., *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

(brett.goodman@afslaw.com); (h) Lynd Living, 4499 Pond Hill Road, San Antonio, TX 78231, Attn: Justin Utz (jutz@lynd.com); (i) counsel to the Ad Hoc Group of Holders of Crown Capital Notes, Faegre Drinker Biddle & Reath LLP, 600 Campus Drive, Florham Park, NJ 07932, Attn: Michael P. Pompeo (michael.pompeo@faegredrinker.com) and James H. Millar (james.millar@faegredrinker.com); (j) counsel to any statutory committee appointed in these chapter 11 cases; and (k) those parties that have filed a notice of appearance and request for service of pleadings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "**OCP Notice Parties**").

4.    The Debtors are authorized, without need for further hearing or order from the Court, to employ and retain ordinary course professionals not currently listed on **Exhibit 1** (the "**Additional Ordinary Course Professionals**") by filing with the Court, and serving on the OCP Notice Parties, a supplement to **Exhibit 1** (the "**Supplement**"), listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered and the applicable monthly fee cap, serving a copy of both the Supplement and the Retention Questionnaire on the OCP Notice Parties, and by otherwise complying with the terms of this Order.  Such authorization is effective retroactive to the date of filing the Supplement or the applicable date of engagement.  Within thirty (30) days of the filing of such Supplement, each Additional Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel an OCP Declaration and Retention Questionnaire, and the Debtors will file such documents with the Court and serve a copy upon the OCP Notice Parties.

5.    The OCP Notice Parties shall have fourteen (14) days after the later of (i) the entry

(Page 6)

| | |
|---|---|
| Debtors: | CBRM REALTY INC., *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

of this Order, or (ii) the service of any OCP Declaration and Retention Questionnaire (the "**Objection Deadline**") to object to the retention of any Ordinary Course Professional. Any such objections shall be filed with the Court and served upon the OCP Notice Parties and the Ordinary Course Professional subject to such objection by the Objection Deadline. If any objection cannot be resolved or withdrawn within fourteen (14) days after service (or on such earlier date as determined by the Debtors in their discretion), upon motion by the Debtors, such objection shall be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party. If no objection is received on or before the Objection Deadline, or if any submitted objection is timely withdrawn or resolved, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, as of the Petition Date or the applicable date of engagement.

6.      The Debtors shall not pay any fees or reimburse any expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless: (a) the Ordinary Course Professional has submitted its OCP Declaration and Retention Questionnaire to the Debtors; (b) such OCP Declaration and Retention Questionnaire have been filed with the Court and served on the OCP Notice Parties; (c) the Objection Deadline has expired; and (d) no timely objection is pending. If a timely objection is received, no payment shall be made until such objection is either resolved, withdrawn, or otherwise overruled by the Court.

7.      The Debtors shall pay each Ordinary Course Professional retained in accordance

(Page 7)

| | |
|---|---|
| Debtors: | CBRM REALTY INC., *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

with the procedures outlined above 100% of the fees and disbursements incurred with respect to postpetition services, upon the submission to, and approval by, the Debtors of an appropriate invoice, a copy of which shall be provided to the U.S. Trustee and counsel to any statutory committee appointed in these chapter 11 cases, setting forth in reasonable detail the nature of the services rendered and expenses actually incurred during the month, without prejudice and subject to (i) the Debtors' right to dispute any such invoices in the ordinary course and (ii) the rights of the OCP Notice Parties to file an Ordinary Course Professional Fee Objection in accordance with paragraph 11 hereof; *provided*, *however*, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the OCP Cap set forth in **Exhibit 1** or in any Supplement, as applicable, on average over any three (3) month period on a rolling basis.

8.  The Debtors shall have the authority to change the OCP Cap applicable to any given Ordinary Course Professional upon seven (7) calendar days' notice to the OCP Notice Parties, subject to objection by the OCP Notice Parties.

9.  If an Ordinary Course Professional's fees and expenses exceed the OCP Cap over a three (3) month rolling basis, such Ordinary Course Professional shall file a fee application in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013* (the "**U.S. Trustee Fee Guidelines**"), and any other procedures and orders of the Court. Such applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses up to the OCP

(Page 8)

| | |
|---|---|
| Debtors: | CBRM REALTY INC., *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

Cap pending the Court's allowance of those requested fees and expenses in excess of the OCP Cap.

10.     Within thirty (30) days after the end of, and with respect to, each full three (3) month period after entry of this Order (including any initial partial month in the first period), the Debtors shall file with this Court, and serve upon the OCP Notice Parties, a summary statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; (c) the aggregate amount of postpetition payments made to the Ordinary Course Professional through the end of the statement period; and (d) a general description of the services rendered by such Ordinary Course Professional.  The obligation to file summary statements shall terminate upon confirmation of a plan in these chapter 11 cases.

11.     This Order shall not apply to any Chapter 11 Professional retained by the Debtors under a separate order of this Court.

12.     Each non-attorney Ordinary Course Professional shall waive any prepetition claim against the Debtors as a condition of its retention and compensation as an Ordinary Course Professional.

13.     Each Ordinary Course Professional shall periodically update its OCP Declaration and Retention Questionnaire to the extent necessary to reflect new facts or circumstances relevant to its retention, including, without limitation, any changes in the type or scope of services to be provided.

(Page 9)

| | |
|---|---|
| Debtors: | CBRM REALTY INC., *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

14.     Subject to the payment procedures set forth in this Order, the Debtors' rights and the right of any party in interest to dispute any invoice submitted by an Ordinary Course Professional shall not be affected or otherwise prejudiced.

15.     As this Order is only procedural in nature, the U.S. Trustee reserves all rights to object to the retention of any Ordinary Course Professional on any grounds including those Initial Ordinary Course Professionals identified on **Exhibit 1** hereto and any Supplement.

16.     The Debtors shall not make any payment to any Ordinary Course Professional that has not complied with the Ordinary Course Professional Procedures and the other terms of this Order.

17.     Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, priority of, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors

(Page 10)

| | |
|---|---|
| Debtors: | CBRM REALTY INC., *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS |

or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

18.     Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.

19.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

20.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

21.     Any relief granted to the Debtors pursuant to this Order shall mean the Debtors, acting at the direction of the Independent Fiduciary.

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

23.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Initial Ordinary Course Professionals**

| Professional (Name & Address) | Type of Service Provided | OCP Cap (per month) |
|---|---|---|
| Bajewski Law Group LLC<br>Address: 1046 Hawkins St, Gretna, LA 70053 | Resident Evictions | $7,000 |
| Arnall Golden Gregory LLP<br>Address: 2100 Pennsylvania Avenue NW Suite 350S, Washington, D.C. 20037 | HUD Support | $20,000 |
| M Group, LLP<br>Address: 2141 E. Kirkwood Blvd. Suite 120 Southlake, TX 76092 | HUD Audits | $5,000 |
| Lumsden McCormick LLP<br>Address: 369 Franklin St., Buffalo, NY 14202 | Tax Consulting Services | $10,000 |

## Exhibit 2

## Form of Declaration

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: gregory.pesce@whitecase.com

-and-

Andrew Zatz
Samuel P. Hershey (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: azatz@whitecase.com
      sam.hershey@whitecase.com
      barrett.lingle@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*

**KEN ROSEN ADVISORS PC**
Kenneth A. Rosen
80 Central Park West
New York, New York 10023
Telephone: (973) 493-4955
Email: ken@kenrosenadvisors.com

*Co-Counsel to Debtors and
Debtors-in-Possession*

| | |
|---|---|
| In re:<br><br>CBRM REALTY INC., *et al.*<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 25-15343 (MBK)<br>(Jointly Administered) |

## DECLARATION OF [DECLARANT], ON BEHALF OF PROPOSED
## ORDINARY COURSE PROFESSIONAL [COMPANY NAME]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), and RH New Orleans Holdings MM LLC (1951). The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

I, [**Declarant**], pursuant to Section 1746 of title 28 of the United States Code, hereby declare that the following is true to the best of my information, knowledge, and belief.

**Relief Requested**

1.       I am [**Title**] of [**Company Name**], located at [**Address**] (the "**Company**").

2.       This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of New Jersey authorizing CBRM Realty Inc., and/or its affiliated debtors (collectively, the "**Debtors**") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases [Docket No. [●]] (the "**Order**"). Following the date that the Debtors commenced their chapter 11 cases (the "**Petition Date**"), the Debtors have requested that the Company provide [**Type of Services**] to the Debtors, and the Company has consented to provide such services.

3.       The Company may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in these cases.  As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these cases.  The Company does not perform services for any such person in connection with these cases.  In addition, the Company does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.       Neither I, nor any principal of, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

5.       Neither I, nor any principal of, or professional employed by the Company, insofar as I have been able to discover, holds or represents any interest adverse to the Debtors or

their estates.

6.        [**FOR LEGAL SERVICES FIRMS**: The Debtors owe the Company $_____ for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101– 1532.]

7.        [**FOR NON-LEGAL SERVICES FIRMS ONLY**: The Company agreed to waive all unpaid amounts for services rendered prior to the Petition Date.]

8.        As of the Petition Date, the Company [was/was not] party to an agreement for indemnification with the Debtors.  [A copy of such agreement is attached as Exhibit 1 to this Declaration.]

9.        At any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

10.        I, or a representative of the Company, have read and am familiar with the requirements of the Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this [**Date**] in [**City, State, Country**].

_____
[**Declarant**]

## __Exhibit 3__

## Form Retention Questionnaire

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

In re:

CBRM REALTY INC., *et al.*

Debtors.[1]

Chapter 11

Case No. 25-15343 (MBK)
(Jointly Administered)

## RETENTION QUESTIONNAIRE

### TO BE COMPLETED BY EACH ORDINARY COURSE PROFESSIONAL EMPLOYED BY THE DEBTORS

**Do not file this Questionnaire with the Court.  Please return it to:**

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: gregory.pesce@whitecase.com

**KEN ROSEN ADVISORS PC**
Kenneth A. Rosen
80 Central Park West
New York, New York 10023
Telephone: (973) 493-4955
Email: ken@kenrosenadvisors.com

- and -

Andrew Zatz
Samuel P. Hershey (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: azatz@whitecase.com
         sam.hershey@whitecase.com
         barrett.lingle@whitecase.com

*Counsel to Debtors and
Debtors-in-Possession*

*Co-Counsel to Debtors and
Debtors-in-Possession*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), and RH New Orleans Holdings MM LLC (1951).  The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

_____

_____

_____

_____

2. Date of retention:

_____

3. Type of services provided (accounting, legal, etc.):

_____

_____

_____

4. Brief description of services to be provided:

_____

_____

_____

5. Arrangements for compensation (hourly, contingent, etc.):

_____

_____

_____

6. Prepetition claims against the Debtors held by the firm (if any):

_____

_____

_____

(a) Average hourly rate (if applicable):

_____

(b) Estimated average monthly compensation:

_____

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the company:

_____

_____

_____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to its estate with respect to the matters on which the above-named firm is to be employed:

_____

_____

_____


9. Name and title of individual completing this Retention Questionnaire:

_____

_____

_____

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.


Dated: _____, 2025


[Name]
[Title]
[Firm]