| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: gregory.pesce@whitecase.com<br><br>-and-<br><br>Andrew Zatz<br>Samuel P. Hershey (admitted *pro hac vice*)<br>Barrett Lingle (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: azatz@whitecase.com<br>sam.hershey@whitecase.com<br>barrett.lingle@whitecase.com<br><br>*Counsel to Debtors and Debtors-in-Possession*<br><br>**KEN ROSEN ADVISORS PC**<br>Kenneth A. Rosen<br>80 Central Park West<br>New York, New York 10023<br>Telephone: (973) 493-4955<br>Email: ken@kenrosenadvisors.com<br><br>*Co-Counsel to Debtors and*<br>*Debtors-in-Possession* |
| In re:<br><br>CBRM REALTY INC., *et al*.<br><br>Debtors.[1] |

Chapter 11

Case No. 25-15343 (MBK)
(Jointly Administered)
Judge Kaplan

**Hearing Date: Sept. 22, 2025 at 11:00 a.m. ET**
**Response Deadline: Sept. 15, 2025 at 4:00 p.m. ET**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), and RH New

**NOTICE OF OBJECTION TO YOUR CLAIM**

To: Moshe "Mark" Silber ("**Silber**")

On August 14, 2025, the Debtors filed the enclosed *Debtors' Objection to Proofs of Claim Nos. 216, 229, and 230 of Moshe Mark Silber* (the "**Objection**"),[2] which seeks to alter your rights by disallowing in their entirety: (1) Proof of Claim No. 216 because the claim was amended and superseded by a subsequent claim (i.e., Proof of Claim No. 229), which was filed by the same claimant in respect of the same liabilities; (2) Proof of Claim No. 230 because the claim is duplicative of another claim (i.e., Proof of Claim No. 229) filed on account of the same liability; and (3) Proof of Claim No. 229 because the claim did not attach sufficient support to the claim to constitute *prima facie* validity of a claim and the claim seeks amounts for which the Debtors are not liable.

If you disagree with the objections set forth in the Objection, you must file a response to the Objection with the Clerk of the Bankruptcy Court at the address below on or before September 15, 2025 at 4:00 p.m., prevailing Eastern Time.

At the same time, you must also serve a copy of the response upon the Debtors' attorney:

> Andrew Zatz and Samuel P. Hershey
> WHITE & CASE LLP
> 1221 Avenue of the Americas
> New York, New York 10020

If you file a response, you or your attorney must appear at the hearing on the Objection that will be held before the honorable Michael B. Kaplan on September 22, 2025 at 11:00 a.m., prevailing Eastern Time, or such other time that the Court determines, at the United States

---

Orleans Holdings MM LLC (1951). The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

2

Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, Courtroom no. 8.

**IF YOU DO NOT RESPOND TO THE OBJECTION, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: August 14, 2025

Respectfully submitted,

*/s/ Andrew Zatz*
**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: gregory.pesce@whitecase.com

- and -

Andrew Zatz
Samuel P. Hershey (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: azatz@whitecase.com
       sam.hershey@whitecase.com
       barrett.lingle@whitecase.com

*Counsel to Debtors and*
*Debtors-in-Possession*

**KEN ROSEN ADVISORS PC**
Kenneth A. Rosen
80 Central Park West
New York, New York 10023
Telephone: (973) 493-4955
Email: ken@kenrosenadvisors.com

*Co-Counsel to Debtors and Debtors-in-Possession*

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: gregory.pesce@whitecase.com<br><br>-and-<br><br>Andrew Zatz<br>Samuel P. Hershey (admitted *pro hac vice*)<br>Barrett Lingle (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: azatz@whitecase.com<br>sam.hershey@whitecase.com<br>barrett.lingle@whitecase.com<br><br>*Counsel to Debtors and Debtors-in-Possession*<br><br>**KEN ROSEN ADVISORS PC**<br>Kenneth A. Rosen<br>80 Central Park West<br>New York, New York 10023<br>Telephone: (973) 493-4955<br>Email: ken@kenrosenadvisors.com<br><br>*Co-Counsel to Debtors and*<br>*Debtors-in-Possession* |

| | |
|---|---|
| In re:<br><br>CBRM REALTY INC., *et al*.<br><br>                     Debtors.[1] | Chapter 11<br><br>Case No. 25-15343 (MBK)<br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), and RH New Orleans Holdings MM LLC (1951). The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

## DEBTORS' OBJECTION TO
## PROOFS OF CLAIM NOS. 216, 229, AND 230 OF MOSHE MARK SILBER

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") state as follows in support of this objection (the "**Objection**") to Proofs of Claim (as defined herein) nos. 216, 229, and 230 (collectively, the "**Silber Claims**") filed by Moshe Mark Silber ("**Silber**"). In support of the Objection, the Debtors submit the *Declaration of Matthew Dundon, Principal of IslandDundon LLC, in Support of the Debtors' Objection to Proofs of Claim Nos. 216, 229, and 230 of Moshe Mark Silber* (the "**Dundon Declaration**"), filed concurrently herewith.

### Relief Requested

1.  By this Objection, the Debtors seek entry of the proposed order (the "**Order**"), in substantially the form attached hereto as **Exhibit A**:

    a.  Disallowing Proof of Claim No. 216 in its entirety because the claim was amended and superseded by a subsequent claim, Proof of Claim No. 229, which was filed by the same claimant in respect of the same liabilities;

    b.  Disallowing Proof of Claim No. 230 in its entirety because the claim is substantively duplicative of another claim, Proof of Claim No. 229, filed on account of the same liability; and

    c.  Disallowing Proof of Claim No. 229 in its entirety because the claim did not attach sufficient support to the claim to constitute *prima facie* validity of a claim and the claim seeks amounts for which the Debtors are not liable.

### Jurisdiction and Venue

2.  The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the Court entering a final order.

3. By filing proofs of claim, Silber has submitted to the equitable jurisdiction of this Court and consented to this Court's adjudication of his claims. *See Langenkamp v. Culp*, 498 U.S. 42, 45 (1990) (per curiam); *In re Tarragon Corp.*, 2009 WL 2244598, at *6 (Bankr. D.N.J. July 27, 2009) ("[T]he filing of a proof of claim brings a creditor within the equitable jurisdiction of the Bankruptcy Court removing the creditor's right to a jury trial.").

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The predicates for the relief requested herein are sections 105(a) and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 3007-1 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**").

## Background

### I. The Chapter 11 Cases

6. On May 19, 2025 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

7. Additional factual information regarding the Debtors' business, their capital structure, and the circumstances leading to these chapter 11 filings is contained in the *Declaration*

3

*of Matthew Dundon, Principal of IslandDundon LLC, in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 44] (the "**First Day Declaration**").

## II.     The Claims Process

8.     On June 27, 2025, the Court entered an order [Docket No. 227] (the "**Bar Date Order**") establishing certain dates and deadlines for filing proofs of claim (a "**Proof of Claim**"). Specifically, the Bar Date Order established, among other things, 5:00 p.m. (prevailing Eastern Time) on July 28, 2025 (the "**General Claims Bar Date**") as the general bar date for all non-governmental creditors to file Proofs of Claim against the Debtors based on prepetition claims against any Debtor. With the assistance of the Debtors' claim and noticing agent, Kurtzman Carson Consultants, LLC dba Verita Global ("**Verita**"), the Debtors served all required bar date notices promptly upon entry of the Bar Date Order.

9.     On June 24, 2025, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs [Docket Nos. 188-197] (the "**Schedules and Statements**") pursuant to section 521 of the Bankruptcy Code.[2] The Schedules and Statements were prepared based on information available to the Debtors as of the Petition Date and are subject to further amendment or supplementation as discovery continues.

10.     As of the date hereof, over 230 Proofs of Claim have been filed against the Debtors. The Debtors, together with their advisors, have commenced the claims reconciliation process, reviewed the Silber Claims, and concluded that the Silber Claims should be disallowed for the reasons set forth in this Objection.

---

[2] The Schedules for CBRM Realty Inc. were amended on July 2, 2025 [Docket No. 252] to reflect updates to Schedules D, E/F, and the Summary of Assets and Liabilities for Non-Individuals. Additional amendments may be made as necessary.

**III.     The Silber Claims**

11. On July 28, 2025, the General Claims Bar Date, Silber filed Proof of Claim No. 216 (the "**Original Claim**") against Debtor CBRM Realty Inc. purporting to assert an unsecured claim in the amount of $3,989,175.00, including interest or other charges. In the attachment to the Original Claim, Silber asserted that "[t]he basis of this claim is NY state capital gains tax on a sale of a CBRM property called Breezy Points Apartments LLC in Norfolk Virginia." Silber failed to include any further support in Proof of Claim No. 216.

12. After the General Claims Bar Date, on August 5, 2025, Silber filed two additional Proofs of Claim—Proof of Claim No. 229 (the "**Insufficient Documentation and No Liability Claim**") and Proof of Claim No. 230 (the "**Duplicative Claim**")—each against Debtor CBRM Realty Inc. purporting to assert the same unsecured claim amount of $3,989,175.00, including interest or other charges. The Insufficient Documentation and No Liability Claim (i.e., Proof of Claim No. 229) amends and supersedes the Original Claim (i.e., Proof of Claim No. 216). In support of the Insufficient Documentation and No Liability Claim, Silber attached a document dated February 20, 2024, and titled "Response to Taxpayer Inquiry" (the "**Tax Letter Exhibit**"). The Tax Letter Exhibit, addressed to Miriam Mizrachi and Moshe Silber at a residential address in Suffern, New York, identifies the tax type as "income tax" and lists a total balance due of $3,337,867.13, consisting of (a) $2,785.00 for the tax period ended December 31, 2018 and (b) $3,335,081.14 for the tax period ended December 31, 2021.

13. The Duplicative Claim asserts the same alleged liability as the Insufficient Documentation and No Liability Claim and is substantively duplicative.

14. To date, except for the foregoing, Silber has not provided any additional basis or context for the Silber Claims.

**Objection**

15. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest . . . objects." 11 U.S.C. § 502(a). The burden of proof for claims brought in the bankruptcy court under section 502(a) of the Bankruptcy Code is a shifting burden that rests on different parties at different times. *In re Biolitec, Inc.*, Case No. 13-5864 FSH, 2013 WL 6795400, at *3 (D.N.J. Dec. 16, 2013) (citing *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). First, the claimant must allege facts sufficient to support its claim. *Id.* If the allegations in the filed claim meet this standard, "it is '*prima facie*' valid." *Id.* "In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation." *Id.* A properly filed proof of claim is generally considered "*prima facie* evidence of the validity and the amount of the claim." FED. R. BANKR. P. 3001(f).

16. The burden then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. *Allegheny*, 954 F.2d at 173. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *Id.* at 173–74. If the objector meets this burden, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence, and the burden of persuasion is always on the claimant. *Id.* Section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

17. A claimant's failure to allege facts and to provide sufficient support for a claim deprives the claim of *prima facie* validity in the first place. *See, e.g.*, *In re Jorczak*, 314 B.R. 474,

481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims). Importantly, "claims can be disallowed for failure to support the claim with sufficient evidence, even if this is not a specifically enumerated reason for disallowance under 11 U.S.C. § 502(b)." *In re Mallinckrodt Plc*, Case No. 20-12522-JTD, 2022 WL 3545583, at *4 (D. Del. Aug. 18, 2022); *see also In re O'Brien*, 440 B.R. 654, 667 (Bankr. E.D. Pa. 2010) (finding that lack of *prima facie* evidence pursuant to Bankruptcy Rule 3001(f) and failure of claimant to provide additional evidence warranted disallowance of claim). "The debtor . . . 'has no evidentiary burden to overcome' in objecting to a claim that is not *prima facie* valid." *In re Gilbreath*, 395 B.R. 356, 364 (Bankr. S.D. Tex. 2008) (*citing eCast Settlement Corp. v. Tran (In re Tran)*, 369 B.R. 312, 318 (Bankr. S.D. Tex. 2007)) (holding that debtors' objections alone are sufficient to shift the burden back to claimant when proof of claim had insufficient documentation).

18. Furthermore, section 502(b)(1) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."

19. As set forth in the Dundon Declaration, the Debtors have reviewed their books and records and the Silber Claims, and have determined that the Silber Claims should be disallowed.

    **a.**     **Original Claim (Proof of Claim No. 216)**

20. The Debtors object to the Original Claim (i.e., Proof of Claim No. 216) because as set forth in the Dundon Declaration, the Debtors have determined that such claim has been amended and superseded by a subsequently filed Proof of Claim (i.e., Proof of Claim No. 229) by the same claimant on account of the same liability. Accordingly, the Debtors request that the Court disallow the Original Claim in its entirety.

### b. Duplicative Claim (Proof of Claim No. 230)

21. The Debtors object to the Duplicative Claim because it is duplicative of the Insufficient Documentation and No Liability Claim filed by the same claimant in respect of the same liabilities. Based on the Debtors' review, Silber submitted two distinct but substantively duplicative claims (i.e., Proofs of Claim Nos. 229 and 230). Failure to disallow the Duplicative Claim may result in a double recovery from the Debtors' estates to Silber.

### c. Insufficient Documentation and No Liability Claim (Proof of Claim No. 229)

22. The Debtors object to the Insufficient Documentation and No Liability Claim (Proof of Claim No. 229) because Silber did not attach supporting documentation to the claim that would allow the Debtors to make a reasonable interpretation as to the validity of the claim. As set forth in the Dundon Declaration, the Debtors have identified no records indicating that the Debtors or Silber owe or owed any state capital gains tax in connection with the sale of a property called Breezy Points Apartments LLC, or that in the case that Silber owed or owes any such tax, that the Debtors have any obligation to pay or reimburse such amount. The Debtors (whose books and records are controlled by the Debtors' asset manager, LAGSP LLC) could also not locate any information regarding the potential circumstances surrounding the sale of such property or, for that matter, any organizational charts, records, or other information showing any connection between Breezy Points Apartments LLC and any of the Debtors or their non-Debtor affiliates.

23. Furthermore, as set forth in the Dundon Declaration, the Debtors were unable to reconcile the Insufficient Documentation and No Liability Claim with the Debtors' books and records. The Debtors believe that the Insufficient Documentation and No Liability Claim is not valid because the books and records of the Debtors do not reflect (a) the existence of the asserted claim or of Silber asserting such claim, (b) that any value was provided to the Debtors in

connection with the asserted claim, or (c) that the claim is enforceable against any Debtor or its property under any agreement or applicable law, pursuant to section 502(b)(1) of the Bankruptcy Code. Thus, the Insufficient Documentation and No Liability Claim should be disallowed in its entirety.

24. The Debtors note, and reserve all rights in connection with, their significant claims and causes of action against Silber (who is already serving a 3-year federal prison term for fraud), which such claims and causes of action may, among other things, permit or require setoff or recoupment in relation to and/or equitable subordination of the Silber Claims to the extent they may be allowed.

25. Accordingly, the Debtors seek entry of the Order disallowing the Silber Claims in their entirety.

## Waiver of Memorandum of Law

26. The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and this Objection does not raise any novel issues of law.

## No Prior Request

27. No prior request for the relief sought in this Objection has been made to this or any other court.

## Reservation of Rights

28. The Debtors hereby reserve the right to amend, modify, and/or supplement this Objection, including to object to amended or newly-filed claims. Without limiting the generality of the foregoing, the Debtors specifically reserve the right to file additional papers in support of this Objection or take other appropriate actions, including to (i) respond to any allegation or

9

defense that may be raised in a response filed in accordance with the Objection by or on behalf of Silber or other interested parties; (ii) object further to any disputed claim for which Silber or other interested parties provide (or attempts to provide) additional documentation or substantiation; and (iii) object further to any disputed claim based on additional information that may be discovered upon further review by the Debtors or through discovery pursuant to the applicable provisions of the Bankruptcy Rules.

29. Moreover, nothing contained in this Objection or any order granting the relief requested in this Objection, and no action taken pursuant to the relief requested or granted, is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Objection or any order granting the relief requested by this Objection except as otherwise set forth in the Objection; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

**Notice**

30. The Debtors will provide notice of this Objection to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey; (b) the Kelly Hamilton DIP Lender; (c) the NOLA DIP Lender; (d) Lynd Living; (e) the Ad Hoc Group of Holders of Crown Capital Notes; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the attorneys general in the states where the Debtors conduct their business operations; (i) the U.S. Department of Housing and Urban Development; (j) the U.S. Department of Justice; (k) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (l) Silber. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested in this Objection and such other and further relief as the Court deems appropriate under the circumstances.

Dated: August 14, 2025

Respectfully submitted,

*/s/ Andrew Zatz*
**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: gregory.pesce@whitecase.com

- and -

Andrew Zatz
Samuel P. Hershey (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: azatz@whitecase.com
       sam.hershey@whitecase.com
       barrett.lingle@whitecase.com

*Counsel to Debtors and*
*Debtors-in-Possession*

**KEN ROSEN ADVISORS PC**
Kenneth A. Rosen
80 Central Park West
New York, New York 10023
Telephone: (973) 493-4955
Email: ken@kenrosenadvisors.com

*Co-Counsel to Debtors and*
*Debtors-in-Possession*