| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: gregory.pesce@whitecase.com<br><br>-and-<br><br>Andrew Zatz<br>Samuel P. Hershey (admitted *pro hac vice*)<br>Barrett Lingle (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: azatz@whitecase.com<br>sam.hershey@whitecase.com<br>barrett.lingle@whitecase.com<br><br>*Counsel to Debtors and Debtors-in-Possession*<br><br>**KEN ROSEN ADVISORS PC**<br>Kenneth A. Rosen<br>80 Central Park West<br>New York, New York 10023<br>Telephone: (973) 493-4955<br>Email: ken@kenrosenadvisors.com<br><br>*Co-Counsel to Debtors and*<br>*Debtors-in-Possession* |
| In re:<br><br>CBRM REALTY INC., *et al*.<br><br>                       Debtors.[1] |

Chapter 11

Case No. 25-15343 (MBK)
(Jointly Administered)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), and RH New Orleans Holdings MM LLC (1951). The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

**DECLARATION OF MATTHEW DUNDON, PRINCIPAL OF
ISLANDDUNDON LLC, IN SUPPORT OF DEBTORS' OBJECTION
TO PROOFS OF CLAIM NOS. 216, 229, AND 230 OF MOSHE MARK SILBER**

I, Matthew Dundon, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Principal of Dundon Advisers LLC ("**Dundon**") and its real estate restructuring affiliate IslandDundon LLC ("**IslandDundon**"), the proposed financial advisor for the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**").

2. Based on my work with the Debtors, my review of relevant documents, and my discussions with members of the Debtors' management team and other professionals, including the Debtors' independent fiduciary, I am familiar with the Debtors' day-to-day operations, business affairs, and books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors as of the Petition Date. I submit this declaration (this "**Declaration**") in support of the *Debtors' Objection to Proofs of Claim Nos. 216, 229, and 230 of Moshe Mark Silber* (the "**Objection**").[2] I have reviewed, among other things, Proofs of Claim nos. 216, 229, and 230 (collectively, the "**Silber Claims**") filed by Moshe Mark Silber ("**Silber**").

3. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon: (a) my personal knowledge of the Debtors' books and records, operations, and finances; (b) information learned from my review of relevant documents; (c) information supplied to me by the Debtors' professional advisors; or (d) my opinion based on my experience, knowledge, and information concerning the Debtors' books and records, operations and financial condition.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

2

4.  I am over the age of 18 and authorized to submit this Declaration on behalf of the Debtors. I am not being compensated for this testimony other than through payments received by IslandDundon as a professional engaged by the Debtors; none of those payments are specifically payable on account of this testimony. If called upon to testify, I could and would testify competently to the statements set forth in this Declaration, as the information in this Declaration is complete and accurate to the best of my knowledge.

## I. Background and Qualifications

5.  I have been a principal of Dundon since 2016 and of IslandDundon and its predecessor joint venture vehicles with Island Capital Group LLC ("**Island**") since 2019. Dundon provides financial restructuring and asset management advice and places loans and other non-securities financings on the primary and secondary markets. Island invests in real estate transactions and holds interests in real estate services concerns. I previously worked as a credit hedge fund portfolio manager (2010 to 2016), an institutional brokerage fixed income analyst and head of research (2003 to 2010), and a securities and leveraged finance attorney (1998 to 2003).

6.  I received a Juris Doctor from the University of Chicago Law School and a Bachelor of Arts from the University of California at Berkeley. My testimony and declarations in relation to complex chapter 11 matters are regularly accepted by bankruptcy courts in this and many other districts.

## II. The Silber Claims

7.  In May 2025, the Debtors retained IslandDundon as their financial advisor and investment banker. Among other things, the Debtors have tasked IslandDundon with advising the Debtors in connection with certain claims management and reconciliation matters.

3

8. On July 28, 2025, the General Claims Bar Date, Silber filed Proof of Claim No. 216 (the "**Original Claim**") against Debtor CBRM Realty Inc. purporting to assert an unsecured claim in the amount of $3,989,175.00, including interest or other charges. In the attachment to the Original Claim, Silber asserted that "[t]he basis of this claim is NY state capital gains tax on a sale of a CBRM property called Breezy Points Apartments LLC in Norfolk Virginia." Silber failed to include any further support in Proof of Claim No. 216.

9. After the General Claims Bar Date, on August 5, 2025, Silber filed two additional Proofs of Claim—Proof of Claim No. 229 (the "**Insufficient Documentation and No Liability Claim**") and Proof of Claim No. 230 (the "**Duplicative Claim**")—each against Debtor CBRM Realty Inc. purporting to assert the same unsecured claim amount of $3,989,175.00, including interest or other charges.

10. In support of the Insufficient Documentation and No Liability Claim, Silber attached a document dated February 20, 2024, and titled "Response to Taxpayer Inquiry" (the "**Tax Letter Exhibit**"). The Tax Letter Exhibit, addressed to Miriam Mizrachi and Moshe Silber at a residential address in Suffern, New York, identifies the tax type as "income tax" and lists a total balance due of $3,337,867.13, consisting of (a) $2,785.00 for the tax period ended December 31, 2018 and (b) $3,335,081.14 for the tax period ended December 31, 2021.

11. The Duplicative Claim asserts the same alleged liability as the Insufficient Documentation and No Liability Claim and is substantively duplicative. To date, except for the foregoing, Silber has not provided any additional basis or context for the Silber Claims.

12. The Debtors have reviewed the Silber Claims, the Schedules and Statements, and their books and records.

      **a.**      **Original Claim (Proof of Claim No. 216)**

13. Based on a review of the Silber Claims, the Original Claim (i.e., Proof of Claim No. 216) has been amended and superseded by a subsequently filed Proof of Claim (i.e., Proof of Claim No. 229) by the same claimant on account of the same liability. In question 4 on Proof of Claim No. 229, Silber indicated that the claim amends a claim previously filed. Thus, the Insufficient Documentation and No Liability Claim amends and supersedes the Original Claim.

      **b.**      **Duplicative Claim (Proof of Claim No. 230)**

14. Based on a review, the Duplicative Claim is duplicative of the Insufficient Documentation and No Liability Claim filed by the same claimant in respect of the same liabilities. Silber submitted two distinct but substantively duplicative claims (i.e., Proofs of Claim Nos. 229, 230).

      **c.**      **Insufficient Documentation and No Liability Claim (Proof of Claim No. 229)**

15. Based on a review of the Debtors' books and records, the Debtors have identified no records indicating that the Debtors or Silber owe or owed any state capital gains tax in connection with the sale of a property called Breezy Points Apartments LLC, or (in the event Silber owes or owed such tax) that any Debtor is obliged to reimburse Silber for paying it or to pay it on his behalf. Moreover, the Debtors (whose books and records are controlled by the Debtors' asset manager, LAGSP LLC) could not locate any information regarding the potential circumstances surrounding the sale of such property or, for that matter, any organizational charts, records, or other information showing any connection between Breezy Points Apartments LLC and any of the Debtors or their non-Debtor affiliates.

16. Moreover, the Debtors were unable to reconcile the Insufficient Documentation and No Liability Claim with the Debtors' books and records. The Debtors believe that the Insufficient

Documentation and No Liability Claim is not valid because the books and records of the Debtors do not reflect (a) the existence of the asserted claim or of Silber asserting such claim, (b) that any value was provided to the Debtors in connection with the asserted claim, or (c) that the claim is enforceable against any Debtor or its property under any agreement or applicable law.

17. I am aware of an evidentiary basis for, or reasonable suspicion (subject of further investigation) of the existence of, extensive estate claims and causes of action against Silber (who is already serving a 3-year federal prison term for fraud) and his affiliates, including, but not limited to, potential bases to equitably subordinate the Silber Claims or subject them to setoff or recoupment were it otherwise allowed.

**VI.  Conclusion**

18. In conclusion, I believe that the Silber Claims should be disallowed in their entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: August 14, 2025

Respectfully submitted,

*/s/ Matthew J. Dundon*
Matthew J. Dundon
Principal
IslandDundon LLC

*Proposed Financial Advisor and Investment Banker of the Debtors and Debtors-in-Possession*