| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY Caption in Compliance with D.N.J. LBR 9004-1** | |
| In re: | Chapter 11 |
| CBRM REALTY INC., *et al.* | Case No. 25-15343 (MBK) (Jointly Administered) |
| Debtors.[1] | |

**Order Filed on September 5, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

# ORDER (I) CONDITIONALLY
## APPROVING THE ADEQUACY OF THE
## INFORMATION CONTAINED IN THE DISCLOSURE
## STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION
## AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION
## OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND
## NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN
## DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered 2 through 19, is **ORDERED**.

**DATED: September 5, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases, along with the last four c[...]
number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071),
Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH
Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), RH New Orleans
Holdings MM LLC (1951), and Laguna Reserve Apts Investor LLC (N/A).  The location of the Debtors' service
address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the
Americas, New York, New York 10020.

(Page 2)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

Upon the motion (the "**Motion**"),[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**") (i) approving: (a) on a conditional basis, the adequacy of the *Disclosure Statement for the Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of Its Debtor Affiliates* [Docket No. 503], attached hereto as __Exhibit 1__ (as the same may be amended, modified, or supplemented from time to time consistent with applicable law, the "**Disclosure Statement**"); (b) the Solicitation and Voting Procedures; (c) the Ballots; (d) the Solicitation Package; (e) the Notice of Non-Voting Status and Opt-In Form; (f) the Combined Hearing Notice; (g) the Publication Notice; (h) the Cover Letter; (i) the Plan Supplement Notice; (j) the Rejection Notice; (k) any other notices in connection therewith; and (l) certain dates with respect thereto, including, but not limited to, the Voting Record Date, the Solicitation Mailing Deadline, the Combined Hearing Notice Deadline, the Publication Deadline, the Plan Supplement Filing Deadline, the Combined Objection Deadline, the Voting and Opt-In Deadline, the deadline to file the Voting Report, the Confirmation Brief Deadline, and the Combined Hearing Date; and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*,

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page 3)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      All objections that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, are hereby DENIED and OVERRULED on the merits with prejudice.

## I.      Conditional Approval of the Disclosure Statement

3.      The Disclosure Statement is approved on a conditional basis as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed judgment as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.  This approval is without prejudice to the right of any party in interest to argue

(Page 4)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

at the Combined Hearing that the Disclosure Statement does not contain adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code, and this Order shall be without preclusive effect as to any determination by the Court at the Combined Hearing solely regarding the adequacy of the information contained in the Disclosure Statement within the meaning of section 1125(a)(1) of the Bankruptcy Code.

4.      For the avoidance of doubt, notwithstanding anything to the contrary herein, the burden shall remain on the Debtors to demonstrate at the Combined Hearing that the Disclosure Statement contains adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code.

5.      The notice of the Hearing filed by the Debtors and served upon parties in interest in these chapter 11 cases constitutes adequate and sufficient notice of the hearing to consider the conditional approval of the Disclosure Statement (and exhibits thereto, including the Plan) and the deadline for filing objections to the conditional approval of the Disclosure Statement and responses thereto is hereby approved.

6.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims or Interests, and other parties in interest, with sufficient notice of, and the identities of the entities subject to, the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rules 2002(c)(3) and 3016(b)–(c).

(Page 5)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

**II.      Approval of the Procedures, Materials, and Timeline for Soliciting Votes on and Confirming the Plan**

**A.      Approval of the Solicitation and Voting Procedures**

7.      The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 2,** which are hereby approved in their entirety.  The Solicitation and Voting Procedures comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

8.      The Debtors are further authorized to solicit votes on or before the Solicitation Mailing Deadline from creditors known to the Debtors as of the Voting Record Date.  With respect to any creditor who holds a claim against the Laguna Debtor that is subject to the Laguna Claims Bar Date and who files a Proof of Claim after the Voting Record Date, but on or before the Laguna Claims Bar Date, the Voting Record Date for such creditors shall be the date that such Proof of Claim is filed (any such date a "**Supplemental Voting Record Date**").  The Debtors are authorized to provide any creditor that files a Proof of Claim by a Supplemental Voting Record Date with a Solicitation Package and/or a Notice of Non-Voting Status and Opt-In Form, as applicable, as soon as reasonably practical thereafter and such creditor shall be entitled to vote to accept or reject the Plan (if such claimant is entitled to vote pursuant to the Plan and the Solicitation and Voting Procedures); *provided that*, if the Debtors and the Claims Agent previously provided such creditor with a Ballot on account of a scheduled claim or previous Proof of Claim filed in advance of any

(Page 6)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

such Supplemental Voting Record Date, the Debtors and the Claims Agent shall update the creditor's voting amount, but shall not be obligated to send a new Ballot.

**B.     Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement**

9.     The following dates are hereby established (subject to modification as necessary by the Debtors) with respect to the solicitation of votes to accept the Plan, voting on the Plan, and confirming the Plan:

| Event | Date | Description |
|---|---|---|
| Hearing on Conditional Approval of the Disclosure Statement | September 4, 2025 at 11:30 a.m. (prevailing Eastern Time) | The date of the hearing at which the Court will consider conditional approval of the adequacy of the Disclosure Statement. |
| Voting Record Date | September 4, 2025 | The date to determine which Holders of Claims are entitled to vote to accept or reject the Plan (the "**Voting Record Date**"). |
| Combined Hearing Notice Deadline | One (1) business day following entry of the Order (or as soon as reasonably practicable thereafter) | The date by which the Debtors will distribute or cause to be distributed, the Combined Hearing Notice to the Holders of Claims or Interests (such date, the "**Combined Hearing Notice Deadline**"). |
| Solicitation Mailing Deadline | Five (5) business days following entry of the Order (or as soon as reasonably practicable thereafter) | The deadline by which the Debtors must distribute, or cause to be distributed, the Solicitation Package, including the Ballot, to Holders of Claims entitled to vote to accept or reject the Plan (the "**Solicitation Mailing Deadline**"). |
| Publication Deadline | Seven (7) business days following entry of the Order (or as soon as reasonably practicable thereafter) | The date by which the Debtors will publish the Combined Hearing Notice in a format modified for publication (such notice, the "**Publication Notice**," and such date, the "**Publication Deadline**"). |

(Page 7)

| | | |
|---|---|---|
| Debtors: | CBRM REALTY INC. *et al.* | |
| Case No. | 25-15343 (MBK) | |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF | |

| Event | Date | Description |
|---|---|---|
| Deadline to File 3018(a) Motions | September 26, 2025 | The deadline for filing and serving motions pursuant to Bankruptcy Rule 3018(a) requesting temporary allowance of a movant's Claim for purposes of voting. |
| Plan Supplement Filing Deadline | September 30, 2025 | The date by which the Debtors shall file the Plan Supplement (the "**Plan Supplement Filing Deadline**"). |
| Voting and Opt-In Deadline | October 10, 2025 at 4:00 p.m. (prevailing Eastern Time) | The deadline by which all Ballot and Opt-In Forms must be properly executed, completed, and submitted so that they are actually received by Verita Global (the "**Claims Agent**," and such deadline, the "**Voting and Opt-In Deadline**"). |
| Combined Objection Deadline | October 10, 2025 at 4:00 p.m. (prevailing Eastern Time) | The deadline by which objections to confirmation of the Plan and final approval of the Disclosure Statement must be filed with the Court (the "**Combined Objection Deadline**"). |
| Deadline to File Voting Report | October 17, 2025 | The date by which the report tabulating the voting results with respect to the Plan (the "**Voting Report**") shall be filed with the Court. |
| Confirmation Brief Deadline | October 17, 2025 | The deadline by which the Debtors shall file their brief in support of confirmation of the Plan. |
| Combined Hearing Date | October 22, 2025 at 11:30 a.m. (prevailing Eastern Time) | The date of the hearing at which the Court will consider confirmation of the Plan and final approval of the Disclosure Statement (the "**Combined Hearing Date**"). |

10.     The Voting and Opt-In Deadline provides sufficient time for Holders of Claims entitled to vote on the Plan to make an informed judgment as to whether to vote to accept or reject the Plan.  The Debtors may adjourn the Combined Hearing and any related dates and deadlines from time to time, without notice to the parties in interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Court.

(Page 8)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

**C.     Approval of the Form and Distribution of the Solicitation Package to Parties Entitled to Vote on the Plan.**

11.     The Debtors shall cause the Solicitation Package to be distributed to Holders of Claims entitled to vote on the Plan as of the Voting Record Date on or before the Solicitation Mailing Deadline or as soon as reasonably practicable following the Supplemental Voting Record Date; *provided* that the Debtors shall distribute the Combined Hearing Notice on or prior to the Combined Hearing Notice Deadline.  Such service satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The Solicitation Package shall include the following documents, the form of each of which is hereby approved:

a.     a copy of the Solicitation and Voting Procedures, substantially in the form attached hereto as **Exhibit 2**;

b.     the form of Ballot, substantially in the form attached hereto as **Exhibit 3A, 3B, 3C, 3D, and 3E**, together with detailed voting instructions and instructions on how to submit the Ballot;

c.     the Cover Letter, substantially in the form attached hereto as **Exhibit 5**;

d.     the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 6**;

e.     the Disclosure Statement (and exhibits thereto, including the Plan);

f.     this Order (without exhibits); and

g.     any additional documents that the Court has ordered to be made available to Holders of Claims or Interests in the Voting Classes.

(Page 9)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

12.     The Solicitation Package provides the Holders of Claims entitled to vote on the Plan with adequate information to make an informed judgment as to whether to vote to accept or reject the Plan in accordance with the Bankruptcy Code, Bankruptcy Rules 2002(b) and 3017(d), and the Local Rules.

13.     The Debtors are authorized to cause electronic copies of the Solicitation Package to be distributed through the Claims Agent via email (using the email address maintained by the Debtors as of the Voting Record Date) to Holders of Claims in the Voting Classes.  To the extent (i) (a) an email address is not on file for any such Holders of Claims or (b) distribution of the Solicitation Package via email as set forth in the previous sentence is returned as undeliverable; and (ii) the Debtors are in possession of a physical mailing address for such Holders, the Claims Agent shall serve the Solicitation Package on such Holders in electronic format (*i.e.*, USB flash drive format) (except for the Solicitation and Voting Procedures and Ballots, which shall be provided in paper format) via first-class mail; *provided, however*, that any party that receives a Solicitation Package via email or for which service in electronic format (*i.e.*, USB flash drive format) imposes a hardship may receive a Solicitation Package in paper format by contacting the Claims Agent and requesting paper copies of the corresponding materials previously received via email or electronic format (*i.e.,* USB flash drive format).

14.     The Debtors and the Claims Agent are authorized to rely on the address information (including email addresses for voting and non-voting parties alike) maintained by the Debtors and

(Page 10)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

provided to the Claims Agent. Any obligation for the Debtors or the Claims Agent to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) is hereby waived. Furthermore, notwithstanding anything herein to the contrary, neither the Debtors nor the Claims Agent shall be required to distribute a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of the Motion or other mailed notice in these cases was returned as undeliverable unless the Claims Agent is provided with accurate mailing addresses for such persons or entities on or prior to the Voting Record Date or the Supplemental Voting Record Date, as applicable. In no event shall any Holder of a Claim be entitled to submit a Ballot after the Voting and Opt-In Deadline without the Debtors' express written consent or by a separate order of the Court after notice and a hearing.

15.     The form of letter (the "**Cover Letter**"), substantially in the form attached hereto as **Exhibit 5**, describing the contents of the Solicitation Package and recommending that Holders of Claims in each of the Voting Classes vote in favor of the Plan, is approved.

16.     The Ballots, substantially in the form attached hereto as **Exhibit 3A, 3B, 3C, 3D, and 3E** are hereby approved and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

17.     The Debtors are authorized to cause copies of the Notice of Non-Voting Status and Opt-In Form to be delivered via email and/or first-class mail, as applicable, through the Claims

(Page 11)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

Agent to Holders of Claims or Interests in the Non-Voting Classes and Holders of Disputed Claims.

18.    On or before the Solicitation Mailing Deadline, the Debtors (through the Claims Agent) shall provide the Solicitation Package (other than Ballots and the Cover Letter) via email to the U.S. Trustee and all parties on the Master Service List as of the Voting Record Date.

19.    The Claims Agent is authorized to assist the Debtors in all of the actions set forth herein, as applicable, including: (i) distributing copies of the Solicitation Package (including the Combined Hearing Notice) and Notice of Non-Voting Status and Opt-In Form; (ii) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims; (iii) receiving, tabulating, and reporting on the Opt-In Forms received by Holders of Claims or Interests; (iv) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the conditionally-approved Disclosure Statement, the Plan, the Ballots, the Solicitation Package, the Notice of Non-Voting Status and Opt-In Form, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan, opting to grant the Releases provided by the Releasing Parties, and for objecting to confirmation of the Plan; (v) soliciting votes on the Plan; and (vi) if necessary, contacting parties in interest regarding the Plan and/or the Disclosure Statement.

20.    The Claims Agent is authorized to accept Ballots and Opt-In Forms via electronic online transmission through an online balloting portal on the Debtors' case website (the "**E-Ballot**

(Page 12)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

**Portal**") as set forth in the Solicitation and Voting Procedures. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot or Opt-In Form submitted in this manner and the creditor's electronic signature shall be deemed to be immediately legally valid and effective. The Ballots and Opt-In Forms submitted online via the E-Ballot Portal shall be deemed to contain an original signature. E-Ballot is the sole manner in which Ballots shall be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission shall not be counted.

21.     All votes to accept or reject the Plan must be cast using the appropriate Ballot. All Ballots must be properly executed, completed, and delivered according to their applicable voting instructions via: (i) first-class mail; (ii) overnight delivery; (iii) personal delivery; or (iv) the E-Ballot Portal. For the avoidance of any doubt, Ballots submitted to the Claims Agent by any means other than as expressly provided in this Order or in the Solicitation and Voting Procedures shall not be valid and shall not count as a vote to accept or reject the Plan. The Debtors are authorized to extend the Voting and Opt-In Deadline in their discretion without further order of the Court.

**D.     Approval of the Form of Notice to Non-Voting Classes and Holders of Disputed Claims and Opt-In Form.**

22.     Except to the extent the Debtors determine otherwise, the Debtors are not required to provide the Solicitation Package to Holders of Claims or Interests in Non-Voting Classes or Holders of Disputed Claims, as such Holders are not entitled to vote on the Plan. Instead, on or

(Page 13)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

before the Solicitation Mailing Deadline or as soon as reasonably practicable following the Supplemental Voting Record Date, as applicable, the Claims Agent shall distribute the Notice of Non-Voting Status (via email or via first-class mail, as applicable) in lieu of the Solicitation Package, the form of each of which, including the mechanisms for opting to grant the releases contained in <u>Article VIII</u> of the Plan, to Classes 1, 2, 8, 9, 10, 11, and 12 who are not entitled to vote on the Plan or Holders of Disputed Claims; *provided* that the Debtors shall also distribute the Combined Hearing Notice on or before the Combined Hearing Notice Deadline to Holders of Claims or Interests in Non-Voting Classes or Holders of Disputed Claims.

23.     Service of the Notice of Non-Voting Status and Opt-In Form and Combined Hearing Notice via email (using the email address maintained by the Debtors as of the Voting Record Date or the Supplemental Voting Record Date, as applicable) or via first-class mail in paper or electronic format (*i.e.*, USB flash drive format), as applicable, is reasonably calculated to provide notice to Holders of Claims or Interests that are not entitled to vote to accept or reject the Plan of the hearing and constitutes adequate and sufficient notice of the hearing to consider confirmation of the Plan and final approval of the Disclosure Statement.

24.     The Debtors are not required to distribute the Solicitation Package, other solicitation materials, or a Notice of Non-Voting Status and Opt-In Form to: (i) Holders of Claims that (a) have already been paid in full during the chapter 11 cases or that are otherwise paid in full in the ordinary course of business pursuant to an order previously entered by this Court or (b) are

(Page 14)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

scheduled to be paid in the ordinary course prior to the Voting and Opt-In Deadline; or (ii) any party to whom the notice of the Motion was sent but was subsequently returned as undeliverable without a physical forwarding address by the Voting Record Date.

25.     The Notice of Non-Voting Status and Opt-In Form shall include, among other things: (i) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits attached thereto), this Order, and all other materials in the Solicitation Package (excluding Ballots) from the Claims Agent and/or the Court's website via PACER; (ii) notice to recipients of their status as Holders or potential Holders of Claims or Interests in Non-Voting Classes or Holders of Disputed Claims; (iii) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in Article VIII of the Plan; (iv) the Opt-In Form by which Holders may elect to opt to grant the releases set forth in Article VIII of the Plan; (v) notice of the Combined Objection Deadline; and (vi) notice of the Combined Hearing Date and information related thereto.  The Notice of Non-Voting Status and Opt-In Form are hereby approved and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

(Page 15)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

### E. Approval of the Combined Hearing Notice

26. The Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 6**, which shall be filed by the Debtors and served upon parties in interest in these chapter 11 cases and published in a format modified for publication one time on or before the Publication Deadline (or as soon as reasonably practicable thereafter) in *The New Orleans Advocate*, constitutes adequate and sufficient notice of the hearing to consider approval of the Plan and final approval of the Disclosure Statement, the manner in which a copy of the Plan and Disclosure Statement can be obtained, and the time fixed for filing objections to confirmation of the Plan and final approval of the Disclosure Statement, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

### F. Approval of the Plan Supplement Notice

27. The Debtors are authorized to send notice of the filing of the Plan Supplement, substantially in the form attached hereto as **Exhibit 7**, to parties in interest on or before the Plan Supplement Filing Deadline. Notwithstanding the foregoing, the Debtors may amend the documents contained in, and exhibits to, the Plan Supplement through the Effective Date in accordance with the Plan.

(Page 16)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

### G.    Approval of the Rejection Notice

28.    Service of the Rejection Notice, as provided in this Order, shall constitute adequate notice of the rejection of Executory Contracts and Unexpired Leases under the Plan. The Rejection Notice, substantially in the form attached to this Order as **Exhibit 8**, is hereby approved and complies with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Debtors are authorized to serve the Rejection Notice on counterparties to Executory Contracts and Unexpired Leases being rejected under the Plan.

### H.    Non-Substantive Modifications

29.    The Debtors are authorized to make non-substantive and immaterial changes to the Plan, Disclosure Statement, Solicitation and Voting Procedures, Ballots, Solicitation Package, Notice of Non-Voting Status, Opt-In Form, Combined Hearing Notice, Publication Notice, Cover Letter, Plan Supplement Notice, Rejection Notice, and any other notice attached hereto and any related documents without further order of the Court, including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials (including any appendices thereto) in the Solicitation Package before distribution. Subject to the foregoing, the Debtors are authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with this Order and the Solicitation and Voting Procedures without further order of the Court.

(Page 17)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

**III.     Approval of the Procedures for Filing Objections to the Final Approval of the Adequacy of the Information Contained in the Disclosure Statement and Confirmation of the Plan**

30.     Objections to confirmation of the Plan and final approval of the Disclosure Statement will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order.  Specifically, all objections to the confirmation of the Plan or requests for modifications to the Plan, if any, must: (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Rules, and any orders of this Court; (iii) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (iv) be filed with the Court (contemporaneously with a proof of service) and served upon each of the notice parties identified in the Combined Hearing Notice in accordance with the terms of this Order on or before the Combined Objection Deadline.

**IV.     Miscellaneous**

31.     The Debtors' rights to modify the Plan in accordance with <u>Article X</u> thereof, including the right to add a non-Debtor entity that becomes a debtor and debtor in possession under chapter 11 of the Bankruptcy Code to, or remove a Debtor from, the Plan at any time before the Combined Hearing Date, are reserved without further order of the Court.

(Page 18)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

32.     Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

33.     Nothing in this Order constitutes a finding of fact or conclusion of law regarding whether the Debtors' proposed opt-in procedures establish consensual releases, and the rights of all parties in interest to object to confirmation on any grounds are fully reserved.

34.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

35.     Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

36.     Any relief granted to the Debtors pursuant to this Order shall mean the Debtors, acting at the direction of the Independent Fiduciary.

37.     Notice of the Motion as provided therein shall be deemed good and sufficient notice thereof in satisfaction of the Bankruptcy Rules and the Local Rules.

38.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

39.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page 19)

| | |
|---|---|
| Debtors: | CBRM REALTY INC. *et al.* |
| Case No. | 25-15343 (MBK) |
| Caption of Order: | ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FOR THE NOLA DEBTORS, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF |

40.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

### **Disclosure Statement**

Filed at [Docket No. 503]

**<u>Exhibit 2</u>**

**Solicitation and Voting Procedures**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email:  gregory.pesce@whitecase.com

-and-

Andrew Zatz
Samuel P. Hershey (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email:  azatz@whitecase.com
          sam.hershey@whitecase.com
          barrett.lingle@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*

**KEN ROSEN ADVISORS PC**
Kenneth A. Rosen
80 Central Park West
New York, New York 10023
Telephone: (973) 493-4955
Email: ken@kenrosenadvisors.com

*Co-Counsel to Debtors and Debtors-in-Possession*

In re:

CBRM REALTY INC., *et al*.,

                              Debtors.[1]

Chapter 11

Case No. 25-15343 (MBK)
(Jointly Administered)

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), RH New Orleans Holdings MM LLC (1951), and Laguna Reserve Apts Investor LLC (N/A).  The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

## SOLICITATION AND VOTING PROCEDURES

**PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (i) authorizing Crown Capital Holdings LLC, RH New Orleans Holdings LLC, RH New Orleans Holdings MM LLC, Laguna Reserve Apts Investor LLC, RH Chenault Creek LLC, RH Copper Creek LLC, RH Lakewind East LLC, and RH Windrun LLC (collectively, the "Debtors") to solicit acceptances of the *Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 501] (as modified, amended, or supplemented from time to time, the "Plan");[2] (ii) conditionally approving the *Disclosure Statement for the Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 503] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (iii) approving the solicitation materials and documents to be included in the solicitation package (the "Solicitation Package"); (iv) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan; (v) establishing certain deadlines to opt to grant the releases set forth in the Plan; and (vi) establishing deadlines for filing objections to the Plan.

### A.     The Voting Record Date.

The Court has established **September 4, 2025** as the record date for purposes of determining which Holders of Claims in Class 3 CIF Mortgage Loan Claims, Class 4 NOLA Go-Forward Trade Claims, Class 5 Other NOLA Unsecured Claims, Class 6 Crown Capital Unsecured Claims, and Class 7 RH New Orleans Unsecured Claims (each a "Voting Class," and collectively, the "Voting Classes") are entitled to vote on the Plan (the "Voting Record Date").

Only with respect to Debtor Laguna Reserve Apts Investor LLC (the "Laguna Debtor"), to accommodate the bar date for this Debtor which the Debtors have set as 5:00 p.m. prevailing Eastern Time on the date that is twenty-one (21) days from the date the Debtors file schedules of assets and liabilities for the Laguna Debtor (the "Laguna Claims Bar Date"), the Voting Record Date applicable to any creditor who holds a Claim against the Laguna Debtor and who files a Proof of Claim after the Voting Record Date (*i.e.,* **September 4, 2025**), but on or before the Laguna Claims Bar Date, shall be the date that such Proof of Claim is filed (any such date a "Supplemental Voting Record Date"). A creditor of the Laguna Debtor that files a Proof of Claim by a Supplemental Voting Record Date shall receive a Solicitation Package and/or a Notice of Non-Voting Status and Opt-In Form, as applicable, as soon as reasonably practical thereafter and shall be entitled to vote to accept or reject the Plan (if such claimant is entitled to vote pursuant to the Plan and the Solicitation and Voting Procedures). If, however, the Claims Agent previously provided such creditor with a Ballot on account of a scheduled Claim or previous Proof of Claim filed in advance of any such Supplemental Voting Record Date, the Claims Agent shall update the creditors' voting amount internally to comport with the amount reflected in Proof of Claim, except as otherwise provided herein, but shall not be obligated to send a new Ballot.

### B.     The Voting and Opt-In Deadline.

The Court has approved **October 10, 2025 at 4:00 p.m. (prevailing Eastern Time)** as the deadline for Holders of Claims in the Voting Classes to vote to accept or reject the Plan and the deadline by which the Opt-In Form must be properly executed, completed, and submitted (the "Voting and Opt-In Deadline"). The Debtors may extend the Voting and Opt-In Deadline without further order of the Court by filing a notice on the Court's docket. To be counted as votes to accept or reject the Plan, all ballots (the "Ballots")

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

must be executed, completed, and delivered pursuant to the instructions set forth on the applicable Ballot, and all Opt-In Forms must be properly executed, completed, and delivered so that they are **actually received** by Kurtzman Carson Consultants, LLC (d/b/a Verita Global) (the "Claims Agent") no later than the Voting and Opt-In Deadline.  Holders of Claims in the Voting Classes should submit their Ballots in accordance with the instructions provided on the applicable Ballot.

      **C.**      **Form, Content, and Manner of Notices.**

      1.      <u>The Solicitation Package</u>.

The following materials shall constitute the solicitation package (the "Solicitation Package"):

      a.      a copy of these Solicitation and Voting Procedures;

      b.      the applicable forms of Ballots, together with detailed voting instructions and instructions on how to submit the Ballots;

      c.      the Cover Letter, which describes the contents of the Solicitation Package and recommends that Holders of Claims in the Voting Classes vote to accept the Plan;

      d.      the Disclosure Statement (and exhibits thereto, including the Plan);

      e.      the Disclosure Statement Order (without exhibits, except for the Solicitation and Voting Procedures);

      f.      the Combined Hearing Notice; and

      g.      any additional documents that the Court has ordered to be made available to Holders of Claims in the Voting Classes.

      2.      <u>Distribution of the Solicitation Package.</u>

Within five (5) Business Days following entry of the Disclosure Statement Order or as soon as reasonably practicable following the Supplemental Voting Record Date (such date, as applicable, the "Solicitation Mailing Deadline"), the Claims Agent shall serve, or cause to be served, via email copies of the Solicitation Package to Holders of Claims entitled to vote on the Plan and other parties in interest.  To the extent (i) (a) an email address is not on file for any such Holders of Claims or (b) distribution of the Solicitation Package via email as set forth in the previous sentence is returned as undeliverable; and (ii) the Debtors are in possession of a physical mailing address for such Holders, the Claims Agent shall serve the Solicitation Package on such Holders in electronic format (*i.e.*, USB flash drive format) (except for the Solicitation and Voting Procedures and Ballots, which shall be provided in paper format) via first-class mail.  **Any party that receives a Solicitation Package via email or for which USB flash drive imposes a hardship, as applicable, may request a Solicitation Package in paper format from the Claims Agent by submitting an inquiry to https://www.veritaglobal.net/cbrm/inquiry (with "CBRM" in the subject line).  In addition, these Solicitation and Voting Procedures, the Disclosure Statement, the Plan, the Disclosure Statement Order, and all pleadings filed with the Court are available on the Debtors' case website at https://www.veritaglobal.net/cbrm.**

The Claims Agent shall serve, or cause to be served, via email, electronic versions of the Solicitation Package (excluding Ballots and the Cover Letter) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Solicitation Mailing Deadline.

The Claims Agent will not distribute the Solicitation Package to:  (i) Holders of Claims that (a) have

already been paid in full during the Chapter 11 Cases or that are otherwise paid in full in the ordinary course of business pursuant to an order previously entered by the Court or (b) are scheduled to be paid in the ordinary course prior to the Voting and Opt-In Deadline; or (ii) any party to whom the notice of the Disclosure Statement was sent but was subsequently returned as undeliverable without a forward address on or prior to the Voting Record Date or Supplemental Voting Record Date, as applicable.

      3.    <u>Resolution of Disputed Claims for Voting Purposes; Resolution Event.</u>

The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim for any other purpose, including distributions under the Plan. Any amounts pre-populated on a Ballot by the Debtors through the Claims Agent are not binding for purposes of allowance and distribution. In resolving disputed Claims for voting purposes, the following principles shall apply:

a.    Absent a further order of the Court, the Holder of a Claim in a Voting Class that is the subject of a pending objection on a "reduce and allow" basis shall be entitled to vote such Claim in the reduced amount contained in such objection;

b.    If a Claim in a Voting Class is subject to an objection, other than a "reduce and allow" objection, that is filed with the Court on or prior to September 23, 2025: (i) the Debtors shall cause the applicable Holder to be served with the Notice of Non-Voting Status and Opt-In Form (which Notice shall be served with such objection); and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein;

c.    If a Claim in a Voting Class is subject to an objection, other than a "reduce and allow" objection, that is filed with the Court on or after September 23, 2025, the applicable Claim shall be deemed temporarily allowed in its original amount for voting purposes only, without further action by the Holder of such Claim and without further order of the Court, unless the Court orders otherwise;

d.    A "<u>Resolution Event</u>" means the occurrence of one or more of the following events no later than two (2) Business Days prior to the Voting and Opt-In Deadline:

    i.    an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code;

    ii.    an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

    iii.    a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim, which allowance may be for voting purposes only, in an agreed-upon amount and such agreement (or notice of such agreement) is conveyed by the Debtors to the Claims Agent by electronic mail or otherwise; or

    iv.    the pending objection is voluntarily withdrawn by the objecting party;

e.    No later than one (1) Business Day following the occurrence of a Resolution Event, the Debtors shall cause the Claims Agent to distribute to the relevant Holder via hand delivery, first-class mail, or email, a Solicitation Package to the relevant Holder; and

<div align="center">4</div>

f.      Claims that have been paid, scheduled to be paid in the ordinary course prior to the Voting and Opt-In Deadline, or otherwise satisfied prior to the Voting and Opt-In Deadline, shall not be provided with a ballot and shall not be allowed to vote.

4.    Notice of Non-Voting Status and Opt-In Form for Unimpaired Classes, Deemed Rejecting Classes, and Distribution of Opt-In Forms.

The following Holders of Claims or Interests will receive (i) the Notice of Non-Voting Status and Opt-In Form, which will instruct such Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots), as well as how they may opt to grant the releases in the Plan; and (ii) the Opt-In Form by which such Holders of Claims or Interests may opt to grant the releases and, if applicable, make certain elections:

a.      certain Holders of Claims or Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code; and

b.      certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code.

5.    Deadline for Filing Proofs of Claim Arising from the Rejection of Executory Contracts or Unexpired Leases Under the Plan.

The Plan provides that each Executory Contract and Unexpired Lease (including all Executory Contracts and Unexpired Leases identified on the Rejected Executory Contract and Unexpired Lease List) will be deemed rejected, in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than those that previously were assumed or rejected by the Debtors or those that are subject to a pending motion to assume or assign such Executory Contract or Unexpired Lease. Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of such rejections. **Any Claims arising from the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan not filed within such time shall be disallowed, forever barred, estopped, and enjoined from assertion, and shall not be enforceable against, as applicable, the Debtors, the Estates, or property thereof, without the need for any objection by the Debtors or further notice to, or action, order, or approval of the Bankruptcy Court or any other Entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged.**

For the avoidance of doubt, a Holder will only be entitled to receive the Solicitation Package on account of a Claim arising from the rejection of an Executory Contract or Unexpired Lease if the Claim is filed by the Voting Record Date or the Supplemental Voting Record Date, as applicable.

**D.    Voting and Tabulation Procedures.**

1.    Holders of Filed and Scheduled Claims Entitled to Vote.

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with respect to such Claims.

a.      Unless otherwise provided, Holders of Claims who, on or before the Voting Record Date or the Supplemental Voting Record Date, as applicable, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Court under applicable law on or before the Voting Record Date or the Supplemental Voting Record Date, as applicable) that: (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting

5

Record Date or the Supplemental Voting Record Date, as applicable; and (ii) is not the subject of a pending objection filed with the Court on or before September 23, 2025, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court;

b.      Holders of Claims that are listed in the Debtors' Schedules of Assets and Liabilities (the "**Schedules**"); *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amounts set forth in <u>Section D.2</u> of the Solicitation and Voting Procedures;

c.      Holders whose Claims arise: (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court; (ii) from an order entered by the Court; or (iii) from a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed or the Claim was scheduled as contingent, unliquidated, or disputed;

d.      Holders of any Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e.      with respect to any Entity described in subparagraphs (a) through (d) above, who, on or before the Voting Record Date or the Supplemental Voting Record Date, as applicable, has transferred such Entity's Claim to another Entity, the assignee of such Claim; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date or the Supplemental Voting Record Date, as applicable.

2.      <u>Establishing Claim Amounts for Voting Purposes</u>.

The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtors through the Claims Agent, as applicable, are not binding for purposes of allowance and distribution.

a.      In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

i.      the Claim amount (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, (ii) set forth in an order of the Court, (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court, or (iv) set forth in e-mailed instructions from the Debtors' counsel to the Claims Agent with the applicable voter copied;

ii.     the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under these Solicitation and Voting Procedures;

iii.    the Claim amount contained in a Proof of Claim that is not subject to an objection and that has been timely filed by the applicable bar date (or deemed timely filed by the Court under applicable law), except for any

6

amounts asserted on account of any interest accrued after the Petition Date; *provided* that any Ballot cast by a holder of a Claim who timely files a Proof of Claim in respect of (i) a contingent Claim or a Claim in a wholly-unliquidated or undetermined or unknown amount (as indicated on the face of the Claim or based on a reasonable review by the Debtors and/or the Claims Agent) that is not the subject of an objection will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) a partially liquidated and partially unliquidated Claim will be Allowed for voting purposes only in the liquidated amount; *provided, further*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a)(i) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

iv. the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely filed Proof of Claim); *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; *provided, further*, that if the applicable Claims Bar Date has not expired prior to the Voting Record Date or the Supplemental Voting Record Date, as applicable, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall vote at $1.00;

b. Proofs of Claim filed for $0.00 or Claims scheduled for $0.00 are not eligible to vote;

c. notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

d. to the extent a Holder of a Claim files a Proof of Claim prior to the Voting Record Date or Supplemental Voting Record Date, as applicable, and during the solicitation period that amends or supersedes a Claim for which a Solicitation Package was previously distributed to the same Holder, the Debtors are not obligated to cause the Claims Agent to distribute an additional Solicitation Package to such Holder;

e. if a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date or the Supplemental Voting Record Date, as applicable, the later-filed amending Claim shall be entitled to vote in a manner consistent with these Solicitation and Voting Procedures, and the earlier-filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date or the Supplemental Voting Record Date, as applicable, shall not be considered for purposes of these Solicitation and Voting Procedures; and

7

      f.      in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

3.      <u>Voting and Ballot Tabulation Procedures.</u>

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as (i) such waiver is noted in the Voting Report, and (ii) such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

      a.      except as otherwise provided in these Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted and actually received by the Claims Agent on or prior to the Voting and Opt-In Deadline (as the same may be extended by the Debtors), the Debtors, in their sole discretion, shall be entitled to reject such Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

      b.      the Claims Agent will date-stamp all Ballots when received;

      c.      the Claims Agent shall retain copies of Ballots and all solicitation-related correspondence for two (2) years following the closing of the Chapter 11 Cases, whereupon the Claims Agent is authorized to destroy and/or otherwise dispose of: (i) all copies of Ballots; (ii) printed solicitation materials, including unused copies of the Solicitation Package; and (iii) all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such two (2) year period;

      d.      the Debtors will file the Voting Report by no later than three (3) calendar days prior to the Combined Hearing;

      e.      the Voting Report shall, among other things, delineate every Ballot that was excluded from the voting results (each, an "<u>Irregular Ballot</u>"), including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, or damaged, and the Voting Report shall indicate the Debtors' decision regarding such Irregular Ballots;

      f.      the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report or a supplemental voting report, as applicable;

      g.      neither the Debtors nor any other Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for notification or failure to provide such notification;

      h.      unless waived or as ordered by the Court, any defects or irregularities in connection with submissions of Ballots must be cured prior to the Voting and Opt-In Deadline or such Ballots will not be counted; *provided* that a valid opt-in election on an otherwise defective or Irregular Ballot submitted prior to the Voting and Opt-In Deadline shall be honored as a valid opt-in election;

i.      the method of delivery of Ballots to be sent to the Claims Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Claims Agent actually receives the executed Ballot;

j.      an executed Ballot is required to be submitted by the Entity or its authorized representative submitting such Ballot;

k.      delivery of a Ballot to the Claims Agent by email, facsimile, or any electronic means, other than expressly provided in the applicable Ballot or these Solicitation and Voting Procedures, will not be valid;

l.      no Ballot should be sent to the Debtors, the Debtors' agents (other than the Claims Agent) or the Debtors' financial or legal advisors, and, if so sent, such Ballot will not be counted unless the same is otherwise validly submitted by other means;

m.      if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting and Opt-In Deadline, the last dated, properly submitted, valid Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

n.      Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes; accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted, and to the extent there are multiple Claims within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of tabulating votes;

o.      Holders of Claims against multiple Debtors must vote such Claims either to accept or reject the Plan at each such Debtor and may not vote any such Claim to accept at one Debtor and reject at another Debtor; accordingly, a Ballot that rejects the Plan for a Claim at one Debtor and accepts the Plan for a Claim held by the same Holder at another Debtor will not be counted;

p.      a person signing a Ballot in their capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing, and if required or requested by the Claims Agent, the Debtors, or the Court, must submit proper evidence of such fiduciary or representative capacity to the requesting party to so act on behalf of such Holder;

q.      in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted or rejected;

r.      subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

9

s.     if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only and not for purposes of allowance or distribution;

t.     if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

u.     the following Ballots shall not be counted in determining the acceptance or rejection of the Plan:

    i.     any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim;

    ii.     any Ballot cast by any Entity that does not hold a Claim in a Voting Class;

    iii.     any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, a Ballot submitted via the Claims Agent's online balloting portal shall be deemed to contain an original signature);

    iv.     any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan;

    v.     any Ballot transmitted by any other means not specifically approved pursuant to the Disclosure Statement Order or contemplated by these Solicitation and Voting Procedures or by separate order of the Court;

    vi.     any Ballot sent to any of the Debtors, the Debtors' agents or representatives, or the Debtors' advisors (other than the Claims Agent) unless such Ballot is otherwise submitted by proper means; and

    vii.     any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

v.     after the Voting and Opt-In Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors or further order of the Court;

w.     the Debtors are authorized to enter into stipulations with the Holder of any Claim, an email agreement between such Holder or its representatives and Debtors' counsel being sufficient, agreeing to the amount of a Claim for voting purposes;

x.     where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other solicitation and voting procedures set forth herein) and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan;

y.     in the event that (i) a Ballot, (ii) a group of Ballots within a Voting Class received from a single creditor, or (iii) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted; and

z.      for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however*, that if separate affiliated entities, including any funds or accounts that are advised or managed by the same entity or by affiliated entities, hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Holders held one Claim in such Class, and the votes of each affiliated entity or managed fund or account will be counted separately for numerosity purposes as votes to accept or reject the Plan.

**E.**      **Amendments to the Plan and Solicitation and Voting Procedures.**

The Debtors reserve the right to make non-substantive or immaterial changes to the Plan, Disclosure Statement, Solicitation and Voting Procedures, Ballots, Solicitation Package, Notice of Non-Voting Status, Opt-In Form, Combined Hearing Notice, Publication Notice, Cover Letter, Plan Supplement Notice, Rejection Notice, and any other notice attached hereto and any related documents without further order of the Court, including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials (including any appendices thereto) in the Solicitation Package before distribution.

**<u>Exhibit 3A</u>**

**Form of Ballot for Class 3 CIF Mortgage Loan Claims**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

| | |
|---|---|
| In re:<br><br>CBRM REALTY INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-15343 (MBK)<br>(Jointly Administered) |

### BALLOT FOR VOTING ON THE MODIFIED JOINT CHAPTER 11 PLAN OF CROWN CAPITAL HOLDINGS LLC AND CERTAIN OF ITS DEBTOR AFFILIATES

#### Class 3 – CIF Mortgage Loan Claims

BEFORE COMPLETING THIS BALLOT, PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT (THIS "BALLOT") RELATING TO THE MODIFIED JOINT CHAPTER 11 PLAN OF CROWN CAPITAL HOLDINGS LLC AND CERTAIN OF ITS DEBTOR AFFILIATES [DOCKET NO. 501] (AS MODIFIED, AMENDED, OR SUPPLEMENTED FROM TIME TO TIME, THE "PLAN"),[2] A COPY OF WHICH IS INCLUDED WITH THIS BALLOT. THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN AND MAKE THE ELECTION TO OPT TO GRANT THE THIRD-PARTY RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN.

THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY KURTZMAN CARSON CONSULTANTS, LLC (D/B/A VERITA GLOBAL) (THE "CLAIMS AGENT") PRIOR TO **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 10, 2025** (THE "VOTING AND OPT-IN DEADLINE").

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE SOLICITATION AND VOTING PROCEDURES, PLEASE CONTACT THE CLAIMS AGENT BY SUBMITTING AN INQUIRY TO HTTPS://WWW.VERITAGLOBAL.NET/CBRM/INQUIRY (WITH "CBRM" IN THE SUBJECT LINE).

IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

THE RELEASES BY THE RELEASING PARTIES, IF APPROVED BY THE COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST NON-DEBTOR THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES. THE RELEASES BY THE RELEASING PARTIES, IF APPROVED BY THE COURT, WILL BIND AFFECTED HOLDERS OF CLAIMS OR INTERESTS IN THE MANNER DESCRIBED IN **ITEM 3** OF THIS BALLOT. BY VOTING TO ACCEPT THE PLAN OR OPTING TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, THE RELEASES WILL BE BINDING ON YOU.

Crown Capital Holdings LLC and certain of its affiliated debtors and debtors in possession (collectively, the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), RH New Orleans Holdings MM LLC (1951), and Laguna Reserve Apts Investor LLC (N/A). The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

"<u>Debtors</u>") are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), to accept or reject the Plan, attached as <u>Exhibit A</u> to the *Disclosure Statement for the Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 503] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>"), from Holders of Claims in Class 3, 4, 5, 6, and 7 (each a "<u>Voting Class,</u>" and collectively, the "<u>Voting Classes</u>").

You are receiving this Ballot because the Debtors' books and records indicate you are the Holder of a Class 3 CIF Mortgage Loan Claim as of **September 4, 2025** (the "<u>Voting Record Date</u>") or filed a Proof of Claim reflecting a Class 3 CIF Mortgage Loan Claim on or before the date that is twenty-one (21) days from the date the Debtors file schedules of assets and liabilities for the Laguna Debtor (the "<u>Supplemental Voting Record Date</u>"). Accordingly, you have the right to execute this Ballot and to vote to accept or reject the Plan on account of such Claims, and to opt to grant the Releases contained in Article VIII.D of the Plan. **For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan**.

**Please review the detailed instructions regarding how to complete and submit this Ballot attached hereto as <u>Annex A</u> (the "<u>Ballot Instructions</u>")**. Once completed and returned in accordance with the attached Ballot Instructions, your vote on the Plan will be counted as set forth herein. A Voting Class shall be deemed to have accepted the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims that submit votes in such Voting Class vote to accept the Plan. The Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the Plan is confirmed by the Court, the Plan will be binding on all Holders of Claims or Interests, among others, regardless of whether such Holders voted to or were presumed to accept, voted to or were deemed to reject, or abstained from voting on the Plan. Subject to the terms and conditions of the Plan, you will receive the treatment identified in **<u>Item 1</u>** of this Ballot.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, opting to grant the Releases set forth in Article VIII.D of the Plan, and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Claims Agent **immediately** by submitting an inquiry to https://www.veritaglobal.net/cbrm/inquiry (with "CBRM" in the subject line).

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the solicitation package (the "<u>Solicitation Package</u>") you are receiving with this Ballot. If you received the Solicitation Package via email or if service in electronic format (*i.e.*, USB flash drive format) imposes a hardship, you may receive a Solicitation Package in paper format by contacting the Claims Agent and requesting paper copies to the corresponding materials previously received via email or electronic format (*i.e.*, USB flash drive format).

*You should review the Disclosure Statement, Plan, and voting instructions contained herein before you vote to accept or reject the Plan and decide whether to opt to grant the Releases set forth in Article VIII.D of the Plan. You may wish to seek legal advice concerning the Restructuring Transactions contemplated under the Plan.*

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan and to make certain elections contained herein. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims Agent **actually receives** it on or before the Voting and Opt-In Deadline.

<div align="center">

**THE VOTING AND OPT-IN DEADLINE IS
4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 10, 2025.**

</div>

**VOTING — COMPLETE THIS SECTION**

<u>**Item 1**</u>. **Recovery**.

Pursuant to <u>Article III</u> of the Plan, each Holder of an Allowed Class 3 Claim shall receive, in full and final satisfaction of such CIF Mortgage Loan Claim, the recovery as set forth in <u>Article III.B</u> of the Plan:

> Each Holder of an Allowed CIF Mortgage Loan Claim shall receive (i) Sale Proceeds that are proceeds of the sale of the Lakewind Property to the extent set forth in and subject to the waterfall provisions of the NOLA DIP Order; or (ii) to the extent the Allowed CIF Mortgage Loan Claim is not satisfied by the applicable Sale Proceeds in full as set forth in clause (i), its Pro Rata share of the Debtors' Cash on hand (if any) and the Cash proceeds (if any) of any other property available for distribution to Holders of Allowed Other NOLA Unsecured Claims that is not otherwise distributed or transferred under this Plan or the CBRM Plan.

**For additional discussion of your treatment and rights for your Class 3 Claim under the Plan, please read the Disclosure Statement and the Plan.**

<u>**Item 2.**</u>  **Amount of Claim and Vote on Plan.**

The undersigned hereby certifies that, as of the Voting Record Date or Supplemental Voting Record Date, as applicable, the undersigned was the Holder of a Claim in the Voting Class as set forth below.  You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote counted.

Please note that you are voting all of your Claims in Class 3 either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.

**For the avoidance of doubt, the amount of your Class 3 Claim for purposes of voting is listed immediately below.**

<u>**Any admission of Claims for purposes of voting on the Plan is not an admission of liability on the part of the Debtors or any other party for payment purposes**</u>.

The Holder of the Claim in the Voting Class set forth below votes to (*please check <u>one and only **one** box</u>*):

| Voting Class | Description | Amount | Vote to Accept the Plan | Vote to Reject the Plan |
|---|---|---|---|---|
| Class 3 | CIF Mortgage Loan Claims | $_____ | ☐ | ☐ |

<u>**Item 3**</u>.  **Release Information.**

**ARTICLE VIII.D OF THE PLAN CONTAINS RELEASES GRANTED BY THE RELEASING PARTIES IN FAVOR OF THE RELEASED PARTIES (THE "<u>THIRD-PARTY RELEASE</u>").**

**IF YOU VOTED TO ACCEPT THE PLAN IN <u>ITEM 2</u> OF THIS BALLOT, YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND YOU WILL BE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTING TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION RELEASED THEREUNDER AGAINST THE DEBTORS AND OTHER RELEASED PARTIES. AFTER REVIEWING THE THIRD-PARTY RELEASE SET FORTH BELOW, YOU MAY MOVE TO <u>ITEM 4</u> OF THIS BALLOT.**

**TO THE EXTENT THAT YOU <u>DID NOT</u> VOTE TO ACCEPT THE PLAN IN <u>ITEM 2</u> OF THIS BALLOT, BY CHECKING THE BOX BELOW, YOU ARE OPTING TO GRANT THE THIRD-PARTY RELEASE. BY GRANTING THE THIRD-PARTY RELEASE YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND YOU WILL BE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTING TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION RELEASED THEREUNDER AGAINST THE DEBTORS AND OTHER RELEASED PARTIES. IF YOU DID NOT VOTE TO ACCEPT THE PLAN <u>AND</u> YOU DO NOT WISH TO GRANT THIS THIRD-PARTY RELEASE, DO NOT CHECK THE BOX BELOW.**

**YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED REGARDLESS OF WHETHER YOU OPT TO GRANT THE THIRD-PARTY RELEASE.**

**CHECK THIS BOX IF YOU OPT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN. IF YOU CHOOSE TO GRANT THE THIRD-PARTY RELEASE BY CHECKING THIS BOX, YOU WILL BE A RELEASING PARTY UNDER THE PLAN.**

---

☐ **OPT-IN ELECTION: The undersigned elects to grant the Third-Party Release contained in Article VIII.D of the Plan.**

---

<u>**Article VIII.D of the Plan provides for the following Third-Party Release:**</u>

**As of the Effective Date, except as otherwise provided in the Plan, the Releasing Parties are deemed to have released the Debtors, their Estates, and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any direct Claims held by any of the Releasing Parties against the Debtors, their Estates, and/or the Released Parties or derivative Claims asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that each Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors or their Affiliates, the Debtors' restructuring, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Restructuring Documents, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence relating to the Debtors taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, (1) the releases set forth above do not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and (2) except as to any member of the Ad Hoc Group of Holders of Crown Capital Notes who opted to grant the releases contained in Article VIII.D of the Plan, the Ad Hoc Group of Holders of Crown Capital Notes and each of its members (whether or not any such member affirmatively voted to accept the Plan) shall not release nor be deemed to release any claim or cause of action that any such holders may hold against the Asset Manager or the Property Manager and such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.**

<u>**Article VIII.E of the Plan provides for the following exculpation (the "Exculpation"):**</u>

**Except as otherwise specifically provided in the Plan, each Debtor and each Exculpated Party is hereby released and exculpated from any Claim, obligation, Cause of Action, or liability for any Exculpated Claim, except for gross negligence or willful misconduct, but in all respects each Debtor and each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to the Plan.  The Debtors, their Estates, the Independent Fiduciary, and the Debtors' professionals including White & Case LLP, IslandDundon LLC, Ken Rosen Advisors PC, and Kurtzman Carson Consultants, LLC dba Verita Global have, and upon completion of the Plan shall be deemed to have, participated in good faith**

and in compliance with the applicable laws with regard to the solicitation of the Plan and distributions pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

**Article VIII.F of the Plan provides for the following injunction (the "Injunction"):**

**Pursuant to section 362(c)(1) of the Bankruptcy Code, the automatic stay of an act against property of the Debtors' estates will continue until such property is no longer property of the Debtors' estates, and pursuant to section 362(c)(2) of the Bankruptcy Code, the stay of any other act described in section 362(a) of the Bankruptcy Code continues until the earlier of the closure or dismissal of these Chapter 11 Cases. In addition, as of the Effective Date and subject to the occurrence of the Effective Date, except as otherwise specifically provided in this Plan or the Confirmation Order, all Persons and Entities who have held, hold, or may hold Claims or Interests that are fully satisfied pursuant to the Plan or any Claim or Interest that is subject to the releases and exculpations set forth in the Plan shall be precluded and permanently enjoined on and after the Effective Date from enforcing, pursuing, or seeking any setoff or relief with respect to such Claims or Interests, except for the receipt of the payments or Distributions that are contemplated by the Plan.**

**For the avoidance of doubt, the foregoing relief may include (but is not limited to): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claim or Interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estates of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests.**

**For the avoidance of doubt, this Article VIII.F shall not constitute a discharge under section 1141(d) of the Bankruptcy Code.**

Definitions related to the Third-Party Release, Exculpation, and Injunction:

Under the Plan, "*Released Party*" means each of the following in its capacity as such: (a) the Independent Fiduciary; (b) the NOLA Purchaser; (c) the Asset Manager; (d) the Property Manager; (e) the NOLA DIP Lenders; (f) the Ad Hoc Group of Holders of Crown Capital Notes and each of its members; (g) with respect to each of the foregoing entities in clauses (b) through (f), such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; and (h) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent. For the avoidance of any doubt, no Person or Entity identified on the Schedule of Excluded Parties shall constitute a Released Party for purposes of the Plan.

Under the Plan, "*Releasing Parties*" means each of the following in its capacity as such: (a) the Independent Fiduciary; (b) the NOLA Purchaser; (c) the Asset Manager; (d) the Property Manager; (e) the NOLA DIP Lenders; (f) the Ad Hoc Group of Holders of Crown Capital Notes and each of its members; (g) each Holder of a Claim that affirmatively votes to accept the Plan; (h) each Holder of a Claim in Class 3, Class 4, Class 5, Class 6, and Class 7 who abstains or does not affirmatively vote to accept the Plan but checks the box on such Holder's Ballot indicating that such Holder opts to grant the releases contained in Article VIII of the Plan; (i) each Holder of a Claim in Class 1, Class 2, Class 8, Class 9, Class 10, Class 11, and Class 12 who checks the box on such Holder's Opt-In Form indicating that such Holder opts to grant the releases contained in Article VIII of the Plan; (j) with respect to each of the foregoing entities in clauses (b) through (f), such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants,

representatives, and other professionals; and (k) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent.

Under the Plan, "*Exculpated Party*" means, each of, and in each case, in its capacity as such: (a) each Debtor solely in its capacity as a debtor and debtor in possession following the Petition Date and excluding such Debtor for the period prior to the Petition Date, (b) the Independent Fiduciary, (c) the Asset Manager, (d) the Property Manager, and (e) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent. For the avoidance of any doubt, no Person or Entity identified on the Schedule of Excluded Parties shall constitute an Exculpated Party for purposes of the Plan.

Under the Plan, "*Exculpated Claim*" means any Claim related to any act or omission arising as of or following the Petition Date through the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the Plan, the NOLA Sale Transaction, or Restructuring Transactions, the formulation, preparation, dissemination, negotiation of any document in connection with the Plan, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the pursuit of Consummation, the Restructuring Transactions, the administration and implementation of the Plan, or the distribution of property pursuant to the Plan.

**Item 4. Certification, Ballot Completion, and Delivery Instructions.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)      as of the Voting Record Date or Supplemental Voting Record Date, as applicable, either: (i) the undersigned is the Holder of the Claim in the Voting Class as set forth in **Item 2**; or (ii) the undersigned is an authorized signatory for an Entity that is the Holder of the Claims in the Voting Class as set forth in **Item 2**;

(b)      the undersigned (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)      if the undersigned (or in the case of an authorized signatory, the Holder) votes to accept the Plan, it will be deemed to have consented to the Third-Party Release;

(d)      the undersigned (or in the case of an authorized signatory, the Holder) has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(e)      the undersigned (or in the case of an authorized signatory, the Holder) has cast the same vote with respect to all Claims in the Voting Class identified in **Item 2**;

(f)      the undersigned (or in the case of an authorized signatory, the Holder), understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in **Item 2**, only the last properly completed Ballot voting the Claim and received by the Claims Agent before the Voting and Opt-In Deadline shall be deemed to reflect the voter's intent and will supersede and revoke any prior Ballots received by the Claims Agent;

(g)      the undersigned (or in the case of an authorized signatory, the Holder) understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned (or in the case of an authorized signatory, the Holder) hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned (or in the case of an authorized signatory, the Holder) and shall not be affected by, and shall survive, the death or incapacity of the undersigned (or in the case of an authorized signatory, the Holder); and

(h)      no other Ballots with respect to the Claims in the Voting Class identified in **Item 2** have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots

voting those Claims are hereby revoked.

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

| BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION |
| --- |

Name of Holder:     _____

Signature:     _____

Signatory Name (if other than the Holder):     _____

Title:     _____

Address:     _____

E-mail Address:     _____

Date Completed:     _____

**PLEASE SUBMIT A BALLOT BY *ONE* OF THE FOLLOWING METHODS**
**SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AGENT BY THE VOTING AND OPT-IN**
**DEADLINE, WHICH IS <u>4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 10, 2025</u>.**

**To submit a paper Ballot, you may submit your Ballot (with an original signature):**
**by First-Class Mail, Overnight Courier, or Hand Delivery:**

CBRM Realty Inc., et al. Ballot Processing
c/o Kurtzman Carson Consultants, LLC (d/b/a Verita Global)
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**To submit your Ballot via electronic, online submission:**

To submit your Ballot via the Claims Agent's online portal, visit <u>https://www.veritaglobal.net/cbrm</u>, click on the
"Submit Electronic Ballot (E-Ballot)" section of the website (the "<u>E-Ballot Portal</u>"), and follow the instructions to
submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized**
**electronic Ballot:**

**Unique E-Ballot ID#: _____**

**PIN: _____**

The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.
<u>Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted</u>.

**Holders who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS**
**OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AGENT AT (866) 523-2941**
**(TOLL-FREE FROM USA/CANADA) OR (781) 575-2044 (INTERNATIONAL) OR EMAIL**
**<u>cbrminfo@veritaglobal.com</u> AND REFERENCE "CBRM" IN THE SUBJECT LINE.**

<u>**ANNEX A**</u>

**INSTRUCTIONS FOR COMPLETING**
**THIS BALLOT (THESE "BALLOT INSTRUCTIONS")**

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan accompanying this Ballot. Capitalized terms used in the Ballot or in these Ballot Instructions but not otherwise defined therein or herein shall have the meanings set ascribed to them in the Plan, a copy of which also accompanies the Ballot.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**

2.      The Plan can be confirmed by the Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of Impaired creditors that vote on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.      This Ballot contains voting and election options with respect to the Plan.

4.      To ensure your vote is counted, this Ballot must be properly completed, executed, and delivered to the Claims Agent via (i) first-class mail, overnight courier, or hand delivery, at CBRM Realty Inc., et al. Ballot Processing, c/o Kurtzman Carson Consultants, LLC (d/b/a Verita Global), 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (ii) via the Claims Agent's E-Ballot Portal at https://www.veritaglobal.net/cbrm, so that the Ballot is actually received by the Claims Agent on or before the Voting and Opt-In Deadline, which is 4:00 p.m. (prevailing Eastern Time) on October 10, 2025.

5.      The Claims Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted to the Claims Agent by any means other than expressly provided for in the Solicitation and Voting Procedures, a copy of which also accompanies this Ballot, ***shall not be valid and will not be counted***.

6.      If you (i) received the Solicitation Package via email or if service in electronic format (*i.e.*, USB flash drive format) imposes a hardship, and (ii) desire paper copies of the materials contained in the Solicitation Package, you may obtain them by contacting the Claims Agent at the address, telephone number, or email address set forth above.

7.      Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

8.      To vote and make certain elections contained herein, you <u>**MUST**</u> deliver your completed Ballot so that it is **<u>ACTUALLY RECEIVED</u>** by the Claims Agent on or before the Voting and Opt-In Deadline by one of the methods described above.  The Voting and Opt-In Deadline is **<u>October 10, 2025 at 4:00 p.m. (prevailing Eastern Time)</u>**.

9.      Any Ballot received by the Claims Agent after the Voting and Opt-In Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  Except as provided in the Solicitation and Voting Procedures, no Ballot may be withdrawn or modified after the Voting and Opt-In Deadline without the Debtors' prior written consent.

10.     Delivery of a Ballot reflecting your vote to the Claims Agent will be deemed to have occurred only when the Claims Agent actually receives the Ballot (for the avoidance of doubt, a Ballot submitted via the E-Ballot Portal shall be deemed to contain a signature).  In all cases, you should allow sufficient time to assure timely submission.

11.     If you submit multiple Ballots to the Claims Agent, *only the last properly submitted Ballot* timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

12.     You must vote your entire Claim in each Voting Class either to accept or reject the Plan and may not split your vote.  Furthermore, if a Holder has multiple Claims within a Voting Class, the Debtors may direct the Claims Agent to aggregate the Claims of any particular Holder within that Class for the purpose of counting votes.

13.     This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or an assertion or admission of a Claim or an Interest in the Debtors' Chapter 11 Cases.

14.     You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated into the Disclosure Statement, and the Plan.

15.     <u>SIGN AND DATE</u> your Ballot.[1]  In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot.  Any unsigned Ballot will not be valid; however, for the avoidance of doubt, the scanned signature or e-signature included on an E-Ballot will be deemed immediately legally valid and effective.

16.     If you have claims in other Voting Classes, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot. Accordingly, you must *complete and return each Ballot you receive*.

**<u>IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CONTACT THE CLAIMS AGENT BY SUBMITTING AN INQUIRY TO HTTPS://WWW.VERITAGLOBAL.NET/CBRM/INQUIRY (WITH "CBRM" IN THE SUBJECT LINE).</u>**

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>**

---

**THE VOTING AND OPT-IN DEADLINE IS
OCTOBER 10, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS AGENT MUST ACTUALLY RECEIVE THE
BALLOT ON OR BEFORE THE VOTING AND OPT-IN DEADLINE.**

---

[1]   If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

**<u>Exhibit 3B</u>**

**Form of Ballot for Class 4 NOLA Go-Forward Trade Claims**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

| | |
|---|---|
| In re:<br><br>CBRM REALTY INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-15343 (MBK)<br>(Jointly Administered) |

**BALLOT FOR VOTING ON THE MODIFIED JOINT CHAPTER 11 PLAN OF
CROWN CAPITAL HOLDINGS LLC AND CERTAIN OF ITS DEBTOR AFFILIATES**

**Class 4 – NOLA Go-Forward Trade Claims**

BEFORE COMPLETING THIS BALLOT, PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT (THIS "<u>BALLOT</u>") RELATING TO THE MODIFIED JOINT CHAPTER 11 PLAN OF CROWN CAPITAL HOLDINGS LLC AND CERTAIN OF ITS DEBTOR AFFILIATES [DOCKET NO. 501] (AS MODIFIED, AMENDED, OR SUPPLEMENTED FROM TIME TO TIME, THE "<u>PLAN</u>"),[2] A COPY OF WHICH IS INCLUDED WITH THIS BALLOT. THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN AND MAKE THE ELECTION TO OPT TO GRANT THE THIRD-PARTY RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN.

THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY KURTZMAN CARSON CONSULTANTS, LLC (D/B/A VERITA GLOBAL) (THE "<u>CLAIMS AGENT</u>") PRIOR TO **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 10, 2025** (THE "<u>VOTING AND OPT-IN DEADLINE</u>").

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE SOLICITATION AND VOTING PROCEDURES, PLEASE CONTACT THE CLAIMS AGENT BY SUBMITTING AN INQUIRY TO HTTPS://WWW.VERITAGLOBAL.NET/CBRM/INQUIRY (WITH "CBRM" IN THE SUBJECT LINE).

IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

THE RELEASES BY THE RELEASING PARTIES, IF APPROVED BY THE COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST NON-DEBTOR THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES. THE RELEASES BY THE RELEASING PARTIES, IF APPROVED BY THE COURT, WILL BIND AFFECTED HOLDERS OF CLAIMS OR INTERESTS IN THE MANNER DESCRIBED IN **ITEM 3** OF THIS BALLOT. BY VOTING TO ACCEPT THE PLAN OR OPTING TO GRANT THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN, THE RELEASES WILL BE BINDING ON YOU.

Crown Capital Holdings LLC and certain of its affiliated debtors and debtors in possession (collectively, the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), RH New Orleans Holdings MM LLC (1951), and Laguna Reserve Apts Investor LLC (N/A). The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

"<u>Debtors</u>") are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), to accept or reject the Plan, attached as *Exhibit A* to the *Disclosure Statement for the Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 503] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>"), from Holders of Claims in Class 3, 4, 5, 6, and 7 (each a "<u>Voting Class</u>," and collectively, the "<u>Voting Classes</u>")

You are receiving this Ballot because the Debtors' books and records indicate you are the Holder of a Class 4 NOLA Go-Forward Trade Claim as of **<u>September 4, 2025</u>** (the "<u>Voting Record Date</u>"). Accordingly, you have the right to execute this Ballot and to vote to accept or reject the Plan on account of such Claims, and to opt to grant the Releases contained in Article VIII.D of the Plan. **For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan**.

**Please review the detailed instructions regarding how to complete and submit this Ballot attached hereto as <u>Annex A</u> (the "<u>Ballot Instructions</u>")**. Once completed and returned in accordance with the attached Ballot Instructions, your vote on the Plan will be counted as set forth herein. A Voting Class shall be deemed to have accepted the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims that submit votes in such Voting Class vote to accept the Plan. The Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the Plan is confirmed by the Court, the Plan will be binding on all Holders of Claims or Interests, among others, regardless of whether such Holders voted to or were presumed to accept, voted to or were deemed to reject, or abstained from voting on the Plan. Subject to the terms and conditions of the Plan, you will receive the treatment identified in **<u>Item 1</u>** of this Ballot.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, opting to grant the Releases set forth in Article VIII.D of the Plan, and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Claims Agent **<u>immediately</u>** by submitting an inquiry to https://www.veritaglobal.net/cbrm/inquiry (with "CBRM" in the subject line).

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the solicitation package (the "<u>Solicitation Package</u>") you are receiving with this Ballot. If you received the Solicitation Package via email or if service in electronic format (*i.e.*, USB flash drive format) imposes a hardship, you may receive a Solicitation Package in paper format by contacting the Claims Agent and requesting paper copies to the corresponding materials previously received via email or electronic format (*i.e.*, USB flash drive format).

*You should review the Disclosure Statement, Plan, and voting instructions contained herein before you vote to accept or reject the Plan and decide whether to opt to grant the Releases set forth in Article VIII.D of the Plan. You may wish to seek legal advice concerning the Restructuring Transactions contemplated under the Plan.*

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan and to make certain elections contained herein. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims Agent **<u>actually receives</u>** it on or before the Voting and Opt-In Deadline.

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO EACH DEBTOR AGAINST WHICH YOU HAVE A CLASS 4 CLAIM.**

**THE VOTING AND OPT-IN DEADLINE IS
4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 10, 2025.**
**VOTING — COMPLETE THIS SECTION**

**<u>Item 1</u>. Recovery**.

Pursuant to <u>Article III</u> of the Plan, each Holder of an Allowed Class 4 Claim shall receive, in full and final satisfaction of such NOLA Go-Forward Trade Claim, the recovery as set forth in <u>Article III.B</u> of the Plan:

---

Each Holder of an Allowed NOLA Go-Forward Trade Claim shall receive a treatment determined by the NOLA Purchaser in accordance with the terms of the NOLA Purchase Agreement.

---

**For additional discussion of your treatment and rights for your Class 4 Claim under the Plan, please read the Disclosure Statement and the Plan.**

**Item 2.**  Amount of Claim and Vote on Plan.

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Claim in the Voting Class as set forth below.  You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote counted.

Please note that you are voting all of your Claims in Class 4 either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.

**For the avoidance of doubt, the amount of your Class 4 Claim for purposes of voting is listed immediately below.**

**Any admission of Claims for purposes of voting on the Plan is not an admission of liability on the part of the Debtors or any other party for payment purposes.**

The Holder of the Claim in the Voting Class set forth below votes to (*please check one and only **one** box*):

| Voting Class | Description | Amount | Vote to Accept the Plan | Vote to Reject the Plan |
|---|---|---|---|---|
| Class 4 | NOLA Go-Forward Trade Claim | $_____ | ☐ | ☐ |

**Item 3.**  Release Information.

**ARTICLE VIII.D OF THE PLAN CONTAINS RELEASES GRANTED BY THE RELEASING PARTIES IN FAVOR OF THE RELEASED PARTIES (THE "THIRD-PARTY RELEASE").**

**IF YOU VOTED TO ACCEPT THE PLAN IN ITEM 2 OF THIS BALLOT, YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND YOU WILL BE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTING TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION RELEASED THEREUNDER AGAINST THE DEBTORS AND OTHER RELEASED PARTIES. AFTER REVIEWING THE THIRD-PARTY RELEASE SET FORTH BELOW, YOU MAY MOVE TO ITEM 4 OF THIS BALLOT.**

**TO THE EXTENT THAT YOU DID NOT VOTE TO ACCEPT THE PLAN IN ITEM 2 OF THIS BALLOT, BY CHECKING THE BOX BELOW, YOU ARE OPTING TO GRANT THE THIRD-PARTY RELEASE. BY GRANTING THE THIRD-PARTY RELEASE YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND YOU WILL BE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTING TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION RELEASED THEREUNDER AGAINST THE DEBTORS AND OTHER RELEASED PARTIES. IF YOU DID NOT VOTE TO ACCEPT THE PLAN AND YOU DO NOT WISH TO GRANT THIS THIRD-PARTY RELEASE, DO NOT CHECK THE BOX BELOW.**

**YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED REGARDLESS OF WHETHER YOU OPT TO GRANT THE THIRD-PARTY RELEASE.**

**CHECK THIS BOX IF YOU OPT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN. IF YOU CHOOSE TO GRANT THE THIRD-PARTY RELEASE BY CHECKING**

**THIS BOX, YOU WILL BE A RELEASING PARTY UNDER THE PLAN.**

> ☐ **OPT-IN ELECTION: The undersigned elects to grant the Third-Party Release contained in Article VIII.D of the Plan.**

<u>**Article VIII.D of the Plan provides for the following Third-Party Release:**</u>

**As of the Effective Date, except as otherwise provided in the Plan, the Releasing Parties are deemed to have released the Debtors, their Estates, and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any direct Claims held by any of the Releasing Parties against the Debtors, their Estates, and/or the Released Parties or derivative Claims asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that each Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors or their Affiliates, the Debtors' restructuring, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Restructuring Documents, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence relating to the Debtors taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, (1) the releases set forth above do not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and (2) except as to any member of the Ad Hoc Group of Holders of Crown Capital Notes who opted to grant the releases contained in Article VIII.D of the Plan, the Ad Hoc Group of Holders of Crown Capital Notes and each of its members (whether or not any such member affirmatively voted to accept the Plan) shall not release nor be deemed to release any claim or cause of action that any such holders may hold against the Asset Manager or the Property Manager and such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.**

<u>**Article VIII.E of the Plan provides for the following exculpation (the "Exculpation"):**</u>

**Except as otherwise specifically provided in the Plan, each Debtor and each Exculpated Party is hereby released and exculpated from any Claim, obligation, Cause of Action, or liability for any Exculpated Claim, except for gross negligence or willful misconduct, but in all respects each Debtor and each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to the Plan. The Debtors, their Estates, the Independent Fiduciary, and the Debtors' professionals including White & Case LLP, IslandDundon LLC, Ken Rosen Advisors PC, and Kurtzman Carson Consultants, LLC dba Verita Global have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of the Plan and distributions pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

<u>**Article VIII.F of the Plan provides for the following injunction (the "Injunction"):**</u>

**Pursuant to section 362(c)(1) of the Bankruptcy Code, the automatic stay of an act against property of the Debtors' estates will continue until such property is no longer property of the Debtors' estates, and pursuant to section 362(c)(2) of the Bankruptcy Code, the stay of any other act described in section 362(a) of the Bankruptcy Code continues until the earlier of the closure or dismissal of these Chapter 11 Cases. In addition, as of the Effective Date and subject to the occurrence of the Effective Date, except as otherwise specifically provided in this Plan or the Confirmation Order, all Persons and Entities who have held, hold, or may hold Claims or Interests that are fully satisfied pursuant to the Plan or any Claim or Interest that is subject to the**

**releases and exculpations set forth in the Plan shall be precluded and permanently enjoined on and after the Effective Date from enforcing, pursuing, or seeking any setoff or relief with respect to such Claims or Interests, except for the receipt of the payments or Distributions that are contemplated by the Plan.**

**For the avoidance of doubt, the foregoing relief may include (but is not limited to): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claim or Interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estates of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests.**

**For the avoidance of doubt, this Article VIII.F shall not constitute a discharge under section 1141(d) of the Bankruptcy Code.**

Definitions related to the Third-Party Release, Exculpation, and Injunction:

Under the Plan, "*Released Party*" means each of the following in its capacity as such: (a) the Independent Fiduciary; (b) the NOLA Purchaser; (c) the Asset Manager; (d) the Property Manager; (e) the NOLA DIP Lenders; (f) the Ad Hoc Group of Holders of Crown Capital Notes and each of its members; (g) with respect to each of the foregoing entities in clauses (b) through (f), such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; and (h) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent. For the avoidance of any doubt, no Person or Entity identified on the Schedule of Excluded Parties shall constitute a Released Party for purposes of the Plan.

Under the Plan, "*Releasing Parties*" means each of the following in its capacity as such: (a) the Independent Fiduciary; (b) the NOLA Purchaser; (c) the Asset Manager; (d) the Property Manager; (e) the NOLA DIP Lenders; (f) the Ad Hoc Group of Holders of Crown Capital Notes and each of its members; (g) each Holder of a Claim that affirmatively votes to accept the Plan; (h) each Holder of a Claim in Class 3, Class 4, Class 5, Class 6, and Class 7 who abstains or does not affirmatively vote to accept the Plan but checks the box on such Holder's Ballot indicating that such Holder opts to grant the releases contained in Article VIII of the Plan; (i) each Holder of a Claim in Class 1, Class 2, Class 8, Class 9, Class 10, Class 11, and Class 12 who checks the box on such Holder's Opt-In Form indicating that such Holder opts to grant the releases contained in Article VIII of the Plan; (j) with respect to each of the foregoing entities in clauses (b) through (f), such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; and (k) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent.

Under the Plan, "*Exculpated Party*" means, each of, and in each case, in its capacity as such, (a) each Debtor solely in its capacity as a debtor and debtor in possession following the Petition Date and excluding such Debtor for the period prior to the Petition Date, (b) the Independent Fiduciary, (c) the Asset Manager, (d) the Property Manager, and (e) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent. For the avoidance of any doubt, no Person or Entity identified on the Schedule of Excluded Parties shall constitute an Exculpated Party for purposes of the Plan.

Under the Plan, "*Exculpated Claim*" means any Claim related to any act or omission arising as of or following the Petition Date through the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the

Plan, the NOLA Sale Transaction, or Restructuring Transactions, the formulation, preparation, dissemination, negotiation of any document in connection with the Plan, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the pursuit of Consummation, the Restructuring Transactions, the administration and implementation of the Plan, or the distribution of property pursuant to the Plan.

**Item 4.  Certification, Ballot Completion, and Delivery Instructions.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)     as of the Voting Record Date, either: (i) the undersigned is the Holder of the Claim in the Voting Class as set forth in **Item 2**; or (ii) the undersigned is an authorized signatory for an Entity that is the Holder of the Claims in the Voting Class as set forth in **Item 2**;

(b)     the undersigned (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     if the undersigned (or in the case of an authorized signatory, the Holder) votes to accept the Plan, it will be deemed to have consented to the Third-Party Release;

(d)     the undersigned (or in the case of an authorized signatory, the Holder) has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(e)     the undersigned (or in the case of an authorized signatory, the Holder) has cast the same vote with respect to all Claims in the Voting Class identified in **Item 2**;

(f)     the undersigned (or in the case of an authorized signatory, the Holder), understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in **Item 2**, only the last properly completed Ballot voting the Claim and received by the Claims Agent before the Voting and Opt-In Deadline shall be deemed to reflect the voter's intent and will supersede and revoke any prior Ballots received by the Claims Agent;

(g)     the undersigned (or in the case of an authorized signatory, the Holder) understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned (or in the case of an authorized signatory, the Holder) hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned (or in the case of an authorized signatory, the Holder) and shall not be affected by, and shall survive, the death or incapacity of the undersigned (or in the case of an authorized signatory, the Holder); and

(h)     no other Ballots with respect to the Claims in the Voting Class identified in **Item 2** have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots voting those Claims are hereby revoked.

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

| BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION |
| --- |

Name of Holder:  _____

Signature:  _____

Signatory Name (if other than
the Holder):  _____

Title: _____

Address: _____

E-mail Address: _____

Date Completed: _____

**PLEASE SUBMIT A BALLOT BY *ONE* OF THE FOLLOWING METHODS
SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AGENT BY THE VOTING AND OPT-IN
DEADLINE, WHICH IS <u>4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 10, 2025</u>.**

**To submit a paper Ballot, you may submit your Ballot (with an original signature):
by First-Class Mail, Overnight Courier, or Hand Delivery:**

CBRM Realty Inc., et al. Ballot Processing
c/o Kurtzman Carson Consultants, LLC (d/b/a Verita Global)
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**To submit your Ballot via electronic, online submission:**

To submit your Ballot via the Claims Agent's online portal, visit <u>https://www.veritaglobal.net/cbrm</u>, click on the "Submit Electronic Ballot (E-Ballot)" section of the website (the "<u>E-Ballot Portal</u>"), and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#: _____**

**PIN: _____**

The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. <u>Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted</u>.

**Holders who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AGENT AT (866) 523-2941 (TOLL-FREE FROM USA/CANADA) OR (781) 575-2044 (INTERNATIONAL) OR EMAIL <u>cbrminfo@veritaglobal.com</u> AND REFERENCE "CBRM" IN THE SUBJECT LINE.**

<u>ANNEX A</u>

**<u>INSTRUCTIONS FOR COMPLETING</u>**
**<u>THIS BALLOT (THESE "BALLOT INSTRUCTIONS")</u>**

17.     The Debtors are soliciting the votes of Holders of Claims with respect to the Plan accompanying this Ballot. Capitalized terms used in the Ballot or in these Ballot Instructions but not otherwise defined therein or herein shall have the meanings set ascribed to them in the Plan, a copy of which also accompanies the Ballot.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**

18.     The Plan can be confirmed by the Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of Impaired creditors that vote on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

19.     This Ballot contains voting and election options with respect to the Plan.

20.     To ensure your vote is counted, this Ballot must be properly completed, executed, and delivered to the Claims Agent via (i) first-class mail, overnight courier, or hand delivery, at CBRM Realty Inc., et al. Ballot Processing, c/o Kurtzman Carson Consultants, LLC (d/b/a Verita Global), 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (ii) via the Claims Agent's E-Ballot Portal at https://www.veritaglobal.net/cbrm, so that the Ballot is actually received by the Claims Agent on or before the Voting and Opt-In Deadline, which is 4:00 p.m. (prevailing Eastern Time) on October 10, 2025.

21.     The Claims Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted to the Claims Agent by any means other than expressly provided for in the Solicitation and Voting Procedures, a copy of which also accompanies this Ballot, *shall not be valid and will not be counted*.

22.     If you (i) received the Solicitation Package via email or if service in electronic format (*i.e.*, USB flash drive format) imposes a hardship, and (ii) desire paper copies of the materials contained in the Solicitation Package, you may obtain them by contacting the Claims Agent at the address, telephone number, or email address set forth above.

23.     Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

24.     To vote and make certain elections contained herein, you <u>MUST</u> deliver your completed Ballot so that it is **<u>ACTUALLY RECEIVED</u>** by the Claims Agent on or before the Voting and Opt-In Deadline by one of the methods described above.  The Voting and Opt-In Deadline is **<u>October 10, 2025 at 4:00 p.m. (prevailing Eastern Time)</u>**.

25.     Any Ballot received by the Claims Agent after the Voting and Opt-In Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  Except as provided in the Solicitation and Voting Procedures, no Ballot may be withdrawn or modified after the Voting and Opt-In Deadline without the Debtors' prior written consent.

26.     Delivery of a Ballot reflecting your vote to the Claims Agent will be deemed to have occurred only when the Claims Agent actually receives the Ballot (for the avoidance of doubt, a Ballot submitted via the E-Ballot Portal shall be deemed to contain a signature).  In all cases, you should allow sufficient time to assure timely submission.

27.    If you submit multiple Ballots to the Claims Agent, *only the last properly submitted Ballot* timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

28.    You must vote your entire Claim in each Voting Class either to accept or reject the Plan and may not split your vote. Furthermore, if a Holder has multiple Claims within a Voting Class, the Debtors may direct the Claims Agent to aggregate the Claims of any particular Holder within that Class for the purpose of counting votes.

29.    This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or an assertion or admission of a Claim or an Interest in the Debtors' Chapter 11 Cases.

30.    You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated into the Disclosure Statement, and the Plan.

31.    <u>SIGN AND DATE</u> your Ballot.[1]  In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot. Any unsigned Ballot will not be valid; however, for the avoidance of doubt, the scanned signature or e-signature included on an E-Ballot will be deemed immediately legally valid and effective.

32.    If you have claims in other Voting Classes, you may receive more than one Ballot coded for each such account for which your Claims are held. Each Ballot votes only your Claims indicated on that Ballot. Accordingly, you must *complete and return each Ballot you receive*.

**<u>IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CONTACT THE CLAIMS AGENT BY SUBMITTING AN INQUIRY TO HTTPS://WWW.VERITAGLOBAL.NET/CBRM/INQUIRY (WITH "CBRM" IN THE SUBJECT LINE).</u>**

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>**

---

**THE VOTING AND OPT-IN DEADLINE IS
OCTOBER 10, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS AGENT MUST ACTUALLY RECEIVE THE
BALLOT ON OR BEFORE THE VOTING AND OPT-IN DEADLINE.**

---

[1]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

**Exhibit 3C**

**Form of Ballot for Class 5 Other NOLA Unsecured Claims**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

In re:

CBRM REALTY INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 25-15343 (MBK)
(Jointly Administered)

**BALLOT FOR VOTING ON THE MODIFIED JOINT CHAPTER 11 PLAN OF
CROWN CAPITAL HOLDINGS LLC AND CERTAIN OF ITS DEBTOR AFFILIATES**

**Class 5 – Other NOLA Unsecured Claims**

BEFORE COMPLETING THIS BALLOT, PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT (THIS "BALLOT") RELATING TO THE MODIFIED JOINT CHAPTER 11 PLAN OF CROWN CAPITAL HOLDINGS LLC AND CERTAIN OF ITS DEBTOR AFFILIATES [DOCKET NO. 501] (AS MODIFIED, AMENDED, OR SUPPLEMENTED FROM TIME TO TIME, THE "PLAN"),[2] A COPY OF WHICH IS INCLUDED WITH THIS BALLOT.  THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN AND MAKE THE ELECTION TO OPT TO GRANT THE THIRD-PARTY RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN.

THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY KURTZMAN CARSON CONSULTANTS, LLC (D/B/A VERITA GLOBAL) (THE "CLAIMS AGENT") PRIOR TO **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 10, 2025** (THE "VOTING AND OPT-IN DEADLINE").

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE SOLICITATION AND VOTING PROCEDURES, PLEASE CONTACT THE CLAIMS AGENT BY SUBMITTING AN INQUIRY TO HTTPS://WWW.VERITAGLOBAL.NET/CBRM/INQUIRY (WITH "CBRM" IN THE SUBJECT LINE).

IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

THE RELEASES BY THE RELEASING PARTIES, IF APPROVED BY THE COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST NON-DEBTOR THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE RELEASES BY THE RELEASING PARTIES, IF APPROVED BY THE COURT, WILL BIND AFFECTED HOLDERS OF CLAIMS OR INTERESTS IN THE MANNER DESCRIBED IN **ITEM 3** OF THIS BALLOT.  BY VOTING TO ACCEPT THE PLAN OR OPTING TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, THE RELEASES WILL BE BINDING ON YOU.

Crown Capital Holdings LLC and certain of its affiliated debtors and debtors in possession (collectively, the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), RH New Orleans Holdings MM LLC (1951), and Laguna Reserve Apts Investor LLC (N/A).  The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

[2]     Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

"<u>Debtors</u>") are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), to accept or reject the Plan, attached as **Exhibit A** to the *Disclosure Statement for the Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 503] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>"), from Holders of Claims in Class 3, 4, 5, 6, and 7 (each a "<u>Voting Class,</u>" and collectively, the "<u>Voting Classes</u>").

You are receiving this Ballot because the Debtors' books and records indicate you are the Holder of a Class 5 Other NOLA Unsecured Claim as of **<u>September 4, 2025</u>** (the "<u>Voting Record Date</u>") or filed a Proof of Claim reflecting a Class 5 Other NOLA Unsecured Claim on or before the date that is twenty-one (21) days from the date the Debtors file schedules of assets and liabilities for the Laguna Debtor (the "<u>Supplemental Voting Record Date</u>"). Accordingly, you have the right to execute this Ballot and to vote to accept or reject the Plan on account of such Claims, and to opt to grant the Releases contained in Article VIII.D of the Plan.  **For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan**.

**Please review the detailed instructions regarding how to complete and submit this Ballot attached hereto as <u>Annex A</u> (the "<u>Ballot Instructions</u>")**.  Once completed and returned in accordance with the attached Ballot Instructions, your vote on the Plan will be counted as set forth herein.  A Voting Class shall be deemed to have accepted the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims that submit votes in such Voting Class vote to accept the Plan.  The Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code.  If the Plan is confirmed by the Court, the Plan will be binding on all Holders of Claims or Interests, among others, regardless of whether such Holders voted to or were presumed to accept, voted to or were deemed to reject, or abstained from voting on the Plan.  Subject to the terms and conditions of the Plan, you will receive the treatment identified in **<u>Item 1</u>** of this Ballot.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, opting to grant the Releases set forth in Article VIII.D of the Plan, and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Claims Agent **<u>immediately</u>** by submitting an inquiry to https://www.veritaglobal.net/cbrm/inquiry (with "CBRM" in the subject line).

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the solicitation package (the "<u>Solicitation Package</u>") you are receiving with this Ballot.  If you received the Solicitation Package via email or if service in electronic format (*i.e.*, USB flash drive format) imposes a hardship, you may receive a Solicitation Package in paper format by contacting the Claims Agent and requesting paper copies to the corresponding materials previously received via email or electronic format (*i.e.*, USB flash drive format).

*You should review the Disclosure Statement, Plan, and voting instructions contained herein before you vote to accept or reject the Plan and decide whether to opt to grant the Releases set forth in Article VIII.D of the Plan.  You may wish to seek legal advice concerning the Restructuring Transactions contemplated under the Plan.*

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan and to make certain elections contained herein.  To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims Agent **<u>actually receives</u>** it on or before the Voting and Opt-In Deadline.

<div align="center">

**THE VOTING AND OPT-IN DEADLINE IS
4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 10, 2025.**

</div>

**VOTING — COMPLETE THIS SECTION**

**<u>Item 1</u>.  Recovery**.

Pursuant to <u>Article III</u> of the Plan, each Holder of an Allowed Class 5 Claim shall receive, in full and final satisfaction of such Other NOLA Unsecured Claim, the recovery as set forth in <u>Article III.B</u> of the Plan:

> Each Holder of an Allowed Other NOLA Unsecured Claim shall receive a Pro Rata share of the Debtors' Cash on hand (if any) and the Cash proceeds (if any) of any other property available for distribution that is not otherwise distributed or transferred under this Plan or the CBRM Plan.

**For additional discussion of your treatment and rights for your Class 5 Claim under the Plan, please read the Disclosure Statement and the Plan.**

<u>**Item 2.**</u>  **Amount of Claim and Vote on Plan.**

The undersigned hereby certifies that, as of the Voting Record Date or the Supplemental Voting Record Date, as applicable, the undersigned was the Holder of a Claim in the Voting Class as set forth below.  You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote counted.

Please note that you are voting all of your Claims in Class 5 either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.

**For the avoidance of doubt, the amount of your Class 5 Claim for purposes of voting is listed immediately below.**

<u>**Any admission of Claims for purposes of voting on the Plan is not an admission of liability on the part of the Debtors or any other party for payment purposes**</u>.

The Holder of the Claim in the Voting Class set forth below votes to (*please check <u>one and only **one** box</u>*):

| Voting Class | Description | Amount | Vote to Accept the Plan | Vote to Reject the Plan |
|---|---|---|---|---|
| Class 5 | Other NOLA Unsecured Claim | $_____ | ☐ | ☐ |

<u>**Item 3.**</u>  **Release Information.**

**ARTICLE VIII.D OF THE PLAN CONTAINS RELEASES GRANTED BY THE RELEASING PARTIES IN FAVOR OF THE RELEASED PARTIES (THE "<u>THIRD-PARTY RELEASE</u>").**

**IF YOU VOTED TO ACCEPT THE PLAN IN <u>ITEM 2</u> OF THIS BALLOT, YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND YOU WILL BE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTING TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION RELEASED THEREUNDER AGAINST THE DEBTORS AND OTHER RELEASED PARTIES. AFTER REVIEWING THE THIRD-PARTY RELEASE SET FORTH BELOW, YOU MAY MOVE TO <u>ITEM 4</u> OF THIS BALLOT.**

**TO THE EXTENT THAT YOU <u>DID NOT</u> VOTE TO ACCEPT THE PLAN IN <u>ITEM 2</u> OF THIS BALLOT, BY CHECKING THE BOX BELOW, YOU ARE OPTING TO GRANT THE THIRD-PARTY RELEASE. BY GRANTING THE THIRD-PARTY RELEASE YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND YOU WILL BE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTING TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION RELEASED THEREUNDER AGAINST THE DEBTORS AND OTHER RELEASED PARTIES. IF YOU DID NOT VOTE TO ACCEPT THE PLAN <u>AND</u> YOU DO NOT WISH TO GRANT THIS THIRD-PARTY RELEASE, DO NOT CHECK THE BOX BELOW.**

**YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED REGARDLESS OF WHETHER YOU OPT TO GRANT THE THIRD-PARTY RELEASE.**

**CHECK THIS BOX IF YOU OPT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE**

3

**VIII.D OF THE PLAN. IF YOU CHOOSE TO GRANT THE THIRD-PARTY RELEASE BY CHECKING THIS BOX, YOU WILL BE A RELEASING PARTY UNDER THE PLAN.**

☐ **OPT-IN ELECTION: The undersigned elects to grant the Third-Party Release contained in Article VIII.D of the Plan.**

<u>**Article VIII.D of the Plan provides for the following Third-Party Release:**</u>

**As of the Effective Date, except as otherwise provided in the Plan, the Releasing Parties are deemed to have released the Debtors, their Estates, and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any direct Claims held by any of the Releasing Parties against the Debtors, their Estates, and/or the Released Parties or derivative Claims asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that each Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors or their Affiliates, the Debtors' restructuring, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Restructuring Documents, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence relating to the Debtors taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, (1) the releases set forth above do not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and (2) except as to any member of the Ad Hoc Group of Holders of Crown Capital Notes who opted to grant the releases contained in Article VIII.D of the Plan, the Ad Hoc Group of Holders of Crown Capital Notes and each of its members (whether or not any such member affirmatively voted to accept the Plan) shall not release nor be deemed to release any claim or cause of action that any such holders may hold against the Asset Manager or the Property Manager and such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.**

<u>**Article VIII.E of the Plan provides for the following exculpation (the "Exculpation"):**</u>

**Except as otherwise specifically provided in the Plan, each Debtor and each Exculpated Party is hereby released and exculpated from any Claim, obligation, Cause of Action, or liability for any Exculpated Claim, except for gross negligence or willful misconduct, but in all respects each Debtor and each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to the Plan.  The Debtors, their Estates, the Independent Fiduciary, and the Debtors' professionals including White & Case LLP, IslandDundon LLC, Ken Rosen Advisors PC, and Kurtzman Carson Consultants, LLC dba Verita Global have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of the Plan and distributions pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

<u>**Article VIII.F of the Plan provides for the following injunction (the "Injunction"):**</u>

**Pursuant to section 362(c)(1) of the Bankruptcy Code, the automatic stay of an act against property of the Debtors' estates will continue until such property is no longer property of the Debtors' estates, and pursuant to section 362(c)(2) of the Bankruptcy Code, the stay of any other act described in section 362(a) of the Bankruptcy Code continues until the earlier of the closure or dismissal of these Chapter 11 Cases.  In addition, as of the Effective Date and subject to the occurrence of the Effective Date, except as otherwise specifically provided in this Plan or the Confirmation Order, all Persons and Entities who have held, hold, or may hold**

4

**Claims or Interests that are fully satisfied pursuant to the Plan or any Claim or Interest that is subject to the releases and exculpations set forth in the Plan shall be precluded and permanently enjoined on and after the Effective Date from enforcing, pursuing, or seeking any setoff or relief with respect to such Claims or Interests, except for the receipt of the payments or Distributions that are contemplated by the Plan.**

**For the avoidance of doubt, the foregoing relief may include (but is not limited to): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claim or Interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estates of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests.**

**For the avoidance of doubt, this Article VIII.F shall not constitute a discharge under section 1141(d) of the Bankruptcy Code.**

Definitions related to the Third-Party Release, Exculpation, and Injunction:

Under the Plan, "*Released Party*" means each of the following in its capacity as such: (a) the Independent Fiduciary; (b) the NOLA Purchaser; (c) the Asset Manager; (d) the Property Manager; (e) the NOLA DIP Lenders; (f) the Ad Hoc Group of Holders of Crown Capital Notes and each of its members; (g) with respect to each of the foregoing entities in clauses (b) through (f), such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; and (h) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent.  For the avoidance of any doubt, no Person or Entity identified on the Schedule of Excluded Parties shall constitute a Released Party for purposes of the Plan.

Under the Plan, "*Releasing Parties*" means each of the following in its capacity as such:  (a) the Independent Fiduciary; (b) the NOLA Purchaser; (c) the Asset Manager; (d) the Property Manager; (e) the NOLA DIP Lenders; (f) the Ad Hoc Group of Holders of Crown Capital Notes and each of its members; (g) each Holder of a Claim that affirmatively votes to accept the Plan; (h) each Holder of a Claim in Class 3, Class 4, Class 5, Class 6, and Class 7 who abstains or does not affirmatively vote to accept the Plan but checks the box on such Holder's Ballot indicating that such Holder opts to grant the releases contained in Article VIII of the Plan; (i) each Holder of a Claim in Class 1, Class 2, Class 8, Class 9, Class 10, Class 11, and Class 12 who checks the box on such Holder's Opt-In Form indicating that such Holder opts to grant the releases contained in Article VIII of the Plan; (j) with respect to each of the foregoing entities in clauses (b) through (f), such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; and (k) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent.

Under the Plan, "*Exculpated Party*" means, each of, and in each case, in its capacity as such, (a) each Debtor solely in its capacity as a debtor and debtor in possession following the Petition Date and excluding such Debtor for the period prior to the Petition Date, (b) the Independent Fiduciary, (c) the Asset Manager, (d) the Property Manager, and (e) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent.  For the avoidance of any doubt, no Person or Entity identified on the Schedule of Excluded Parties shall constitute an Exculpated Party for purposes of the Plan.

Under the Plan, "*Exculpated Claim*" means any Claim related to any act or omission arising as of or following the

Petition Date through the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the Plan, the NOLA Sale Transaction, or Restructuring Transactions, the formulation, preparation, dissemination, negotiation of any document in connection with the Plan, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the pursuit of Consummation, the Restructuring Transactions, the administration and implementation of the Plan, or the distribution of property pursuant to the Plan.

**Item 4.  Certification, Ballot Completion, and Delivery Instructions.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)     as of the Voting Record Date or the Supplemental Voting Record Date, as applicable, either: (i) the undersigned is the Holder of the Claim in the Voting Class as set forth in **Item 2**; or (ii) the undersigned is an authorized signatory for an Entity that is the Holder of the Claims in the Voting Class as set forth in **Item 2**;

(b)     the undersigned (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     if the undersigned (or in the case of an authorized signatory, the Holder) votes to accept the Plan, it will be deemed to have consented to the Third-Party Release;

(d)     the undersigned (or in the case of an authorized signatory, the Holder) has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(e)     the undersigned (or in the case of an authorized signatory, the Holder) has cast the same vote with respect to all Claims in the Voting Class identified in **Item 2**;

(f)     the undersigned (or in the case of an authorized signatory, the Holder), understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in **Item 2**, only the last properly completed Ballot voting the Claim and received by the Claims Agent before the Voting and Opt-In Deadline shall be deemed to reflect the voter's intent and will supersede and revoke any prior Ballots received by the Claims Agent;

(g)     the undersigned (or in the case of an authorized signatory, the Holder) understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned (or in the case of an authorized signatory, the Holder) hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned (or in the case of an authorized signatory, the Holder) and shall not be affected by, and shall survive, the death or incapacity of the undersigned (or in the case of an authorized signatory, the Holder); and

(h)     no other Ballots with respect to the Claims in the Voting Class identified in **Item 2** have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots voting those Claims are hereby revoked.

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

| BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION |
| --- |

Name of Holder:     _____

Signature:     _____

Signatory Name (if other than
the Holder): _____

Title: _____

Address: _____

E-mail Address: _____

Date Completed: _____

**PLEASE SUBMIT A BALLOT BY *ONE* OF THE FOLLOWING METHODS
SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AGENT BY THE VOTING AND OPT-IN
DEADLINE, WHICH IS <u>4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 10, 2025</u>.**

**To submit a paper Ballot, you may submit your Ballot (with an original signature):
by First-Class Mail, Overnight Courier, or Hand Delivery:**

CBRM Realty Inc., et al. Ballot Processing
c/o Kurtzman Carson Consultants, LLC (d/b/a Verita Global)
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**To submit your Ballot via electronic, online submission:**

To submit your Ballot via the Claims Agent's online portal, visit <u>https://www.veritaglobal.net/cbrm</u>, click on the
"Submit Electronic Ballot (E-Ballot)" section of the website (the "<u>E-Ballot Portal</u>"), and follow the instructions to
submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized
electronic Ballot:**

**Unique E-Ballot ID#: _____**

**PIN: _____**

The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.
<u>Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted</u>.

**Holders who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS
OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AGENT AT (866) 523-2941
(TOLL-FREE FROM USA/CANADA) OR (781) 575-2044 (INTERNATIONAL) OR EMAIL
<u>cbrminfo@veritaglobal.com</u> AND REFERENCE "CBRM" IN THE SUBJECT LINE.**

<u>ANNEX A</u>

**INSTRUCTIONS FOR COMPLETING**
**THIS BALLOT (THESE "BALLOT INSTRUCTIONS")**

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan accompanying this Ballot. Capitalized terms used in the Ballot or in these Ballot Instructions but not otherwise defined therein or herein shall have the meanings set ascribed to them in the Plan, a copy of which also accompanies the Ballot.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**

2.      The Plan can be confirmed by the Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of Impaired creditors that vote on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.      This Ballot contains voting and election options with respect to the Plan.

4.      To ensure your vote is counted, this Ballot must be properly completed, executed, and delivered to the Claims Agent via (i) first-class mail, overnight courier, or hand delivery, at CBRM Realty Inc., et al. Ballot Processing, c/o Kurtzman Carson Consultants, LLC (d/b/a Verita Global), 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (ii) via the Claims Agent's E-Ballot Portal at https://www.veritaglobal.net/cbrm, so that the Ballot is actually received by the Claims Agent on or before the Voting and Opt-In Deadline, which is 4:00 p.m. (prevailing Eastern Time) on October 10, 2025.

5.      The Claims Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted to the Claims Agent by any means other than expressly provided for in the Solicitation and Voting Procedures, a copy of which also accompanies this Ballot, ***shall not be valid and will not be counted***.

6.      If you (i) received the Solicitation Package via email or if service in electronic format (*i.e.*, USB flash drive format) imposes a hardship, and (ii) desire paper copies of the materials contained in the Solicitation Package, you may obtain them by contacting the Claims Agent at the address, telephone number, or email address set forth above.

7.      Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

8.      To vote and make certain elections contained herein, you <u>MUST</u> deliver your completed Ballot so that it is **<u>ACTUALLY RECEIVED</u>** by the Claims Agent on or before the Voting and Opt-In Deadline by one of the methods described above. The Voting and Opt-In Deadline is **<u>October 10, 2025 at 4:00 p.m. (prevailing Eastern Time)</u>**.

9.      Any Ballot received by the Claims Agent after the Voting and Opt-In Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. Except as provided in the Solicitation and Voting Procedures, no Ballot may be withdrawn or modified after the Voting and Opt-In Deadline without the Debtors' prior written consent.

10.     Delivery of a Ballot reflecting your vote to the Claims Agent will be deemed to have occurred only when the Claims Agent actually receives the Ballot (for the avoidance of doubt, a Ballot submitted via the E-Ballot Portal shall be deemed to contain a signature). In all cases, you should allow sufficient time to assure timely submission.

11.     If you submit multiple Ballots to the Claims Agent, *only the last properly submitted Ballot* timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

12.     You must vote your entire Claim in each Voting Class either to accept or reject the Plan and may not split your vote.  Furthermore, if a Holder has multiple Claims within a Voting Class, the Debtors may direct the Claims Agent to aggregate the Claims of any particular Holder within that Class for the purpose of counting votes.

13.     This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or an assertion or admission of a Claim or an Interest in the Debtors' Chapter 11 Cases.

14.     You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated into the Disclosure Statement, and the Plan.

15.     <u>SIGN AND DATE</u> your Ballot.[1]  In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot.  Any unsigned Ballot will not be valid; however, for the avoidance of doubt, the scanned signature or e-signature included on an E-Ballot will be deemed immediately legally valid and effective.

16.     If you have claims in other Voting Classes, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, you must *complete and return each Ballot you receive*.

**<u>IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CONTACT THE CLAIMS AGENT BY SUBMITTING AN INQUIRY TO HTTPS://WWW.VERITAGLOBAL.NET/CBRM/INQUIRY (WITH "CBRM" IN THE SUBJECT LINE).</u>**

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>**

---

**THE VOTING AND OPT-IN DEADLINE IS
OCTOBER 10, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS AGENT MUST ACTUALLY RECEIVE THE
BALLOT ON OR BEFORE THE VOTING AND OPT-IN DEADLINE.**

---

[1] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

**<u>Exhibit 3D</u>**

**Form of Ballot for Class 6 Crown Capital Unsecured Claims**

<table>
<tr><td>
UNITED STATES BANKRUPTCY COURT<br>
DISTRICT OF NEW JERSEY<br>
**Caption in Compliance with D.N.J. LBR 9004-1**
</td><td></td></tr>
<tr><td>
In re:<br><br>
CBRM REALTY INC., *et al.*,<br><br>
Debtors.[1]
</td><td>
Chapter 11<br><br>
Case No. 25-15343 (MBK)<br>
(Jointly Administered)
</td></tr>
</table>

**BALLOT FOR VOTING ON THE MODIFIED JOINT CHAPTER 11 PLAN OF
CROWN CAPITAL HOLDINGS LLC AND CERTAIN OF ITS DEBTOR AFFILIATES**

**Class 6 – Crown Capital Unsecured Claims**

BEFORE COMPLETING THIS BALLOT, PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT (THIS "<u>BALLOT</u>") RELATING TO THE MODIFIED JOINT CHAPTER 11 PLAN OF CROWN CAPITAL HOLDINGS LLC AND CERTAIN OF ITS DEBTOR AFFILIATES [DOCKET NO. 501] (AS MODIFIED, AMENDED, OR SUPPLEMENTED FROM TIME TO TIME, THE "<u>PLAN</u>"),[2] A COPY OF WHICH IS INCLUDED WITH THIS BALLOT. THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN AND MAKE THE ELECTION TO OPT TO GRANT THE THIRD-PARTY RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN.

THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY KURTZMAN CARSON CONSULTANTS, LLC (D/B/A VERITA GLOBAL) (THE "<u>CLAIMS AGENT</u>") PRIOR TO **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 10, 2025** (THE "<u>VOTING AND OPT-IN DEADLINE</u>").

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE SOLICITATION AND VOTING PROCEDURES, PLEASE CONTACT THE CLAIMS AGENT BY SUBMITTING AN INQUIRY TO HTTPS://WWW.VERITAGLOBAL.NET/CBRM/INQUIRY (WITH "CBRM" IN THE SUBJECT LINE).

IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

THE RELEASES BY THE RELEASING PARTIES, IF APPROVED BY THE COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST NON-DEBTOR THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES. THE RELEASES BY THE RELEASING PARTIES, IF APPROVED BY THE COURT, WILL BIND AFFECTED HOLDERS OF CLAIMS OR INTERESTS IN THE MANNER DESCRIBED IN **ITEM 3** OF THIS BALLOT. BY VOTING TO ACCEPT THE PLAN OR OPTING TO GRANT THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN, THE RELEASES WILL BE BINDING ON YOU.

Crown Capital Holdings LLC and certain of its affiliated debtors and debtors in possession (collectively, the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), RH New Orleans Holdings MM LLC (1951), and Laguna Reserve Apts Investor LLC (N/A). The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

"<u>Debtors</u>") are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), to accept or reject the Plan, attached as <u>Exhibit A</u> to the *Disclosure Statement for the Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 503] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>"), from Holders of Claims in Class 3, 4, 5, 6, and 7 (each a "<u>Voting Class</u>," and collectively, the "<u>Voting Classes</u>").

You are receiving this Ballot because the Debtors' books and records indicate you are the Holder of a Class 6 Crown Capital Unsecured Claim as of **<u>September 4, 2025</u>** (the "<u>Voting Record Date</u>"). Accordingly, you have the right to execute this Ballot and to vote to accept or reject the Plan on account of such Claims, and to opt to grant the Releases contained in Article VIII.D of the Plan. **For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan**.

**Please review the detailed instructions regarding how to complete and submit this Ballot attached hereto as <u>Annex A</u> (the "<u>Ballot Instructions</u>")**. Once completed and returned in accordance with the attached Ballot Instructions, your vote on the Plan will be counted as set forth herein. A Voting Class shall be deemed to have accepted the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims that submit votes in such Voting Class vote to accept the Plan. The Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the Plan is confirmed by the Court, the Plan will be binding on all Holders of Claims or Interests, among others, regardless of whether such Holders voted to or were presumed to accept, voted to or were deemed to reject, or abstained from voting on the Plan. Subject to the terms and conditions of the Plan, you will receive the treatment identified in **<u>Item 1</u>** of this Ballot.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, opting to grant the Releases set forth in Article VIII.D of the Plan, and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Claims Agent **<u>immediately</u>** by submitting an inquiry to https://www.veritaglobal.net/cbrm/inquiry (with "CBRM" in the subject line).

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the solicitation package (the "<u>Solicitation Package</u>") you are receiving with this Ballot. If you received the Solicitation Package via email or if service in electronic format (*i.e.*, USB flash drive format) imposes a hardship, you may receive a Solicitation Package in paper format by contacting the Claims Agent and requesting paper copies to the corresponding materials previously received via email or electronic format (*i.e.*, USB flash drive format).

*You should review the Disclosure Statement, Plan, and voting instructions contained herein before you vote to accept or reject the Plan and decide whether to opt to grant the Releases set forth in Article VIII.D of the Plan. You may wish to seek legal advice concerning the Restructuring Transactions contemplated under the Plan.*

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan and to make certain elections contained herein. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims Agent **<u>actually receives</u>** it on or before the Voting and Opt-In Deadline.

**THE VOTING AND OPT-IN DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 10, 2025.**

**VOTING — COMPLETE THIS SECTION**

**<u>Item 1</u>. Recovery**.

Pursuant to <u>Article III</u> of the Plan, each Holder of an Allowed Class 6 Claim shall receive, in full and final satisfaction of such Crown Capital Unsecured Claim, the recovery as set forth in <u>Article III.B</u> of the Plan:

| |
|---|
| Each Holder of an Allowed Crown Capital Unsecured Claim shall receive its Pro Rata share of the Distributable Value of the Creditor Recovery Trust (as such terms are defined in, and subject to the terms of, the CBRM Plan). |

**For additional discussion of your treatment and rights for your Class 6 Claim under the Plan, please read the Disclosure Statement and the Plan.**

<u>Item 2.</u>  Amount of Claim and Vote on Plan.

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Claim in the Voting Class as set forth below.  You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote counted.

Please note that you are voting all of your Claims in Class 6 either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.

**For the avoidance of doubt, the amount of your Class 6 Claim for purposes of voting is listed immediately below.**

<u>**Any admission of Claims for purposes of voting on the Plan is not an admission of liability on the part of the Debtors or any other party for payment purposes**</u>.

The Holder of the Claim in the Voting Class set forth below votes to (*please check <u>one and only **one** box</u>*):

| Voting Class | Description | Amount | Vote to Accept the Plan | Vote to Reject the Plan |
|---|---|---|---|---|
| Class 6 | Crown Capital Unsecured Claims | $_____ | ☐ | ☐ |

<u>Item 3.</u>  Release Information.

**ARTICLE VIII.D OF THE PLAN CONTAINS RELEASES GRANTED BY THE RELEASING PARTIES IN FAVOR OF THE RELEASED PARTIES (THE "<u>THIRD-PARTY RELEASE</u>").**

**IF YOU VOTED TO ACCEPT THE PLAN IN <u>ITEM 2</u> OF THIS BALLOT, YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND YOU WILL BE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTING TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION RELEASED THEREUNDER AGAINST THE DEBTORS AND OTHER RELEASED PARTIES. AFTER REVIEWING THE THIRD-PARTY RELEASE SET FORTH BELOW, YOU MAY MOVE TO <u>ITEM 4</u> OF THIS BALLOT.**

**TO THE EXTENT THAT YOU <u>DID NOT</u> VOTE TO ACCEPT THE PLAN IN <u>ITEM 2</u> OF THIS BALLOT, BY CHECKING THE BOX BELOW, YOU ARE OPTING TO GRANT THE THIRD-PARTY RELEASE. BY GRANTING THE THIRD-PARTY RELEASE YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND YOU WILL BE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTING TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION RELEASED THEREUNDER AGAINST THE DEBTORS AND OTHER RELEASED PARTIES. IF YOU DID NOT VOTE TO ACCEPT THE PLAN <u>AND</u> YOU DO NOT WISH TO GRANT THIS THIRD-PARTY RELEASE, DO NOT CHECK THE BOX BELOW.**

**YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED REGARDLESS OF WHETHER YOU OPT TO GRANT THE THIRD-PARTY RELEASE.**

**CHECK THIS BOX IF YOU OPT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN. IF YOU CHOOSE TO GRANT THE THIRD-PARTY RELEASE BY CHECKING**

**THIS BOX, YOU WILL BE A RELEASING PARTY UNDER THE PLAN.**

☐ **OPT-IN ELECTION: The undersigned elects to grant the Third-Party Release contained in Article VIII.D of the Plan.**

<u>**Article VIII.D of the Plan provides for the following Third-Party Release:**</u>

**As of the Effective Date, except as otherwise provided in the Plan, the Releasing Parties are deemed to have released the Debtors, their Estates, and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any direct Claims held by any of the Releasing Parties against the Debtors, their Estates, and/or the Released Parties or derivative Claims asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that each Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors or their Affiliates, the Debtors' restructuring, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Restructuring Documents, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence relating to the Debtors taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, (1) the releases set forth above do not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and (2) except as to any member of the Ad Hoc Group of Holders of Crown Capital Notes who opted to grant the releases contained in Article VIII.D of the Plan, the Ad Hoc Group of Holders of Crown Capital Notes and each of its members (whether or not any such member affirmatively voted to accept the Plan) shall not release nor be deemed to release any claim or cause of action that any such holders may hold against the Asset Manager or the Property Manager and such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.**

<u>**Article VIII.E of the Plan provides for the following exculpation (the "Exculpation"):**</u>

**Except as otherwise specifically provided in the Plan, each Debtor and each Exculpated Party is hereby released and exculpated from any Claim, obligation, Cause of Action, or liability for any Exculpated Claim, except for gross negligence or willful misconduct, but in all respects each Debtor and each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to the Plan.  The Debtors, their Estates, the Independent Fiduciary, and the Debtors' professionals including White & Case LLP, IslandDundon LLC, Ken Rosen Advisors PC, and Kurtzman Carson Consultants, LLC dba Verita Global have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of the Plan and distributions pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

<u>**Article VIII.F of the Plan provides for the following injunction (the "Injunction"):**</u>

**Pursuant to section 362(c)(1) of the Bankruptcy Code, the automatic stay of an act against property of the Debtors' estates will continue until such property is no longer property of the Debtors' estates, and pursuant to section 362(c)(2) of the Bankruptcy Code, the stay of any other act described in section 362(a) of the Bankruptcy Code continues until the earlier of the closure or dismissal of these Chapter 11 Cases.  In addition, as of the Effective Date and subject to the occurrence of the Effective Date, except as otherwise specifically provided in this Plan or the Confirmation Order, all Persons and Entities who have held, hold, or may hold Claims or Interests that are fully satisfied pursuant to the Plan or any Claim or Interest that is subject to the**

**releases and exculpations set forth in the Plan shall be precluded and permanently enjoined on and after the Effective Date from enforcing, pursuing, or seeking any setoff or relief with respect to such Claims or Interests, except for the receipt of the payments or Distributions that are contemplated by the Plan.**

**For the avoidance of doubt, the foregoing relief may include (but is not limited to): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claim or Interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estates of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests.**

**For the avoidance of doubt, this Article VIII.F shall not constitute a discharge under section 1141(d) of the Bankruptcy Code.**

Definitions related to the Third-Party Release, Exculpation, and Injunction:

Under the Plan, "*Released Party*" means each of the following in its capacity as such: (a) the Independent Fiduciary; (b) the NOLA Purchaser; (c) the Asset Manager; (d) the Property Manager; (e) the NOLA DIP Lenders; (f) the Ad Hoc Group of Holders of Crown Capital Notes and each of its members; (g) with respect to each of the foregoing entities in clauses (b) through (f), such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; and (h) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent. For the avoidance of any doubt, no Person or Entity identified on the Schedule of Excluded Parties shall constitute a Released Party for purposes of the Plan.

Under the Plan, "*Releasing Parties*" means each of the following in its capacity as such: (a) the Independent Fiduciary; (b) the NOLA Purchaser; (c) the Asset Manager; (d) the Property Manager; (e) the NOLA DIP Lenders; (f) the Ad Hoc Group of Holders of Crown Capital Notes and each of its members; (g) each Holder of a Claim that affirmatively votes to accept the Plan; (h) each Holder of a Claim in Class 3, Class 4, Class 5, Class 6, and Class 7 who abstains or does not affirmatively vote to accept the Plan but checks the box on such Holder's Ballot indicating that such Holder opts to grant the releases contained in Article VIII of the Plan; (i) each Holder of a Claim in Class 1, Class 2, Class 8, Class 9, Class 10, Class 11, and Class 12 who checks the box on such Holder's Opt-In Form indicating that such Holder opts to grant the releases contained in Article VIII of the Plan; (j) with respect to each of the foregoing entities in clauses (b) through (f), such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; and (k) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent.

Under the Plan, "*Exculpated Party*" means, each of, and in each case, in its capacity as such, (a) each Debtor solely in its capacity as a debtor and debtor in possession following the Petition Date and excluding such Debtor for the period prior to the Petition Date, (b) the Independent Fiduciary, (c) the Asset Manager, (d) the Property Manager, and (e) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent. For the avoidance of any doubt, no Person or Entity identified on the Schedule of Excluded Parties shall constitute an Exculpated Party for purposes of the Plan.

Under the Plan, "*Exculpated Claim*" means any Claim related to any act or omission arising as of or following the Petition Date through the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the

Plan, the NOLA Sale Transaction, or Restructuring Transactions, the formulation, preparation, dissemination, negotiation of any document in connection with the Plan, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the pursuit of Consummation, the Restructuring Transactions, the administration and implementation of the Plan, or the distribution of property pursuant to the Plan.

**Item 4.  Contributed Claims**

If the Plan is confirmed, all Claims or Causes of Action, including Avoidance Actions, held by the Debtors or their Estates as of the Effective Date and the proceeds thereof, other than any Claims or Causes of Action against the Released Parties that are released under Article VIII of the Plan (collectively, the "NOLA Debtor Contributed Creditor Recovery Trust Causes of Action") will be transferred to the Creditor Recovery Trust.

In addition to these NOLA Debtor Contributed Creditor Recovery Trust Causes of Action, certain creditors may have direct Causes of Action against certain third parties associated with the Debtors, their predecessors, or respective Affiliates that are not released under the Plan. However, it may be difficult and expensive for individual creditors to sue third parties for losses. Accordingly, creditors can elect to contribute direct Causes of Action to the Creditor Recovery Trust. By opting to contribute Causes of Action to the Creditor Recovery Trust, you are giving the Creditor Recovery Trust the right to pursue those direct Causes of Action on your behalf together with other creditors.  As a result, the Creditor Recovery Trust will be able to use trust resources to sue on account of those direct Causes of Action, and all recoveries will inure to the benefit of all Holders that agreed to contribute their Claims. In other words, if the Creditor Recovery Trust prevails on any Claims that you contribute, those recoveries will be distributed among all creditors that elected to contribute their Contributed Claims and will not be distributed solely to you. For the avoidance of doubt, the decision to "opt in" to contribute Claims is entirely voluntary, and the failure to "opt in" does not prejudice any electing creditors' rights.

By electing such option, you agree that, subject to the occurrence of the Effective Date, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Claims to the Creditor Recovery Trust, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Creditor Recovery Trust to memorialize and effectuate such contribution.

<div style="border:1px solid black; padding:8px; text-align:center">

☐ **CONTRIBUTED CLAIM ELECTION: By checking this box, you elect to contribute your Contributed Claims to the Creditor Recovery Trust**

</div>

Definitions related to the Contributed Claims

Under the Plan, "*Contributed Claim*" means any direct Cause of Action that any Contributing Claimant has against any Person (other than a Debtor) that had a direct relationship with the Debtors, their predecessors, or respective Affiliates and that harmed such Contributing Claimant in the claimant's capacity as a creditor of the Debtors, including (a) any Cause of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (b) any Cause of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided, however*, that Contributed Claims do not include (i) any derivative claims of the Debtors, (ii) any direct claims against the Released Parties, (iii) any claims that cannot be assigned under applicable law, (iv) any claim of a Holder of a Crown Capital Unsecured Claim against Piper Sandler & Co. or any of its Affiliates or representatives, and (v) any claim or cause of action against the Asset Manager or the Property Manager and such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

Under the Plan, "*Contributing Claimant*" means any Holder of a Claim or Interest that elects through its Ballot to contribute their Contributed Claims to the Creditor Recovery Trust in order for the Creditor Recovery Trustee to

prosecute such Contributed Claims for their benefit.

**Item 5.  Certification, Ballot Completion, and Delivery Instructions.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)     as of the Voting Record Date, either: (i) the undersigned is the Holder of the Claim in the Voting Class as set forth in **Item 2**; or (ii) the undersigned is an authorized signatory for an Entity that is the Holder of the Claims in the Voting Class as set forth in **Item 2**;

(b)     the undersigned (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     if the undersigned (or in the case of an authorized signatory, the Holder) votes to accept the Plan, it will be deemed to have consented to the Third-Party Release;

(d)     the undersigned (or in the case of an authorized signatory, the Holder) has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(e)     the undersigned (or in the case of an authorized signatory, the Holder) has cast the same vote with respect to all Claims in the Voting Class identified in **Item 2**;

(f)     the undersigned (or in the case of an authorized signatory, the Holder), understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in **Item 2**, only the last properly completed Ballot voting the Claim and received by the Claims Agent before the Voting and Opt-In Deadline shall be deemed to reflect the voter's intent and will supersede and revoke any prior Ballots received by the Claims Agent;

(g)     the undersigned (or in the case of an authorized signatory, the Holder) understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned (or in the case of an authorized signatory, the Holder) hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned (or in the case of an authorized signatory, the Holder) and shall not be affected by, and shall survive, the death or incapacity of the undersigned (or in the case of an authorized signatory, the Holder); and

(h)     no other Ballots with respect to the Claims in the Voting Class identified in **Item 2** have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots voting those Claims are hereby revoked.

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

| BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION |
| --- |

Name of Holder:  _____

Signature:  _____

Signatory Name (if other than the Holder):  _____

Title:  _____

Address: _____

E-mail Address: _____

Date Completed: _____

**PLEASE SUBMIT A BALLOT BY *ONE* OF THE FOLLOWING METHODS
SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AGENT BY THE VOTING AND OPT-IN
DEADLINE, WHICH IS <u>4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 10, 2025</u>.**

**To submit a paper Ballot, you may submit your Ballot (with an original signature):
by First-Class Mail, Overnight Courier, or Hand Delivery:**

CBRM Realty Inc., et al. Ballot Processing
c/o Kurtzman Carson Consultants, LLC (d/b/a Verita Global)
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**To submit your Ballot via electronic, online submission:**

To submit your Ballot via the Claims Agent's online portal, visit <u>https://www.veritaglobal.net/cbrm</u>, click on the "Submit Electronic Ballot (E-Ballot)" section of the website (the "<u>E-Ballot Portal</u>"), and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#: _____**

**PIN: _____**

The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. <u>Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted</u>.

**Holders who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AGENT AT (866) 523-2941 (TOLL-FREE FROM USA/CANADA) OR (781) 575-2044 (INTERNATIONAL) OR EMAIL <u>cbrminfo@veritaglobal.com</u> AND REFERENCE "CBRM" IN THE SUBJECT LINE.**

<u>**ANNEX A**</u>

**INSTRUCTIONS FOR COMPLETING
THIS BALLOT (THESE "BALLOT INSTRUCTIONS")**

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan accompanying this Ballot. Capitalized terms used in the Ballot or in these Ballot Instructions but not otherwise defined therein or herein shall have the meanings set ascribed to them in the Plan, a copy of which also accompanies the Ballot.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**

2.      The Plan can be confirmed by the Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of Impaired creditors that vote on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.      This Ballot contains voting and election options with respect to the Plan.

4.      To ensure your vote is counted, this Ballot must be properly completed, executed, and delivered to the Claims Agent via (i) first-class mail, overnight courier, or hand delivery, at CBRM Realty Inc., et al. Ballot Processing, c/o Kurtzman Carson Consultants, LLC (d/b/a Verita Global), 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (ii) via the Claims Agent's E-Ballot Portal at <u>https://www.veritaglobal.net/cbrm</u>, so that the Ballot is actually received by the Claims Agent on or before the Voting and Opt-In Deadline, which is 4:00 p.m. (prevailing Eastern Time) on October 10, 2025.

5.      The Claims Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted to the Claims Agent by any means other than expressly provided for in the Solicitation and Voting Procedures, a copy of which also accompanies this Ballot, ***shall not be valid and will not be counted***.

6.      If you (i) received the Solicitation Package via email or if service in electronic format (*i.e.*, USB flash drive format) imposes a hardship, and (ii) desire paper copies of the materials contained in the Solicitation Package, you may obtain them by contacting the Claims Agent at the address, telephone number, or email address set forth above.

7.      Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

8.      To vote and make certain elections contained herein, you <u>**MUST**</u> deliver your completed Ballot so that it is <u>**ACTUALLY RECEIVED**</u> by the Claims Agent on or before the Voting and Opt-In Deadline by one of the methods described above.  The Voting and Opt-In Deadline is <u>**October 10, 2025 at 4:00 p.m. (prevailing Eastern Time)**</u>.

9.      Any Ballot received by the Claims Agent after the Voting and Opt-In Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  Except as provided in the Solicitation and Voting Procedures, no Ballot may be withdrawn or modified after the Voting and Opt-In Deadline without the Debtors' prior written consent.

10.     Delivery of a Ballot reflecting your vote to the Claims Agent will be deemed to have occurred only when the Claims Agent actually receives the Ballot (for the avoidance of doubt, a Ballot submitted via the E-Ballot Portal shall be deemed to contain a signature).  In all cases, you should allow sufficient time to assure timely submission.

11.     If you submit multiple Ballots to the Claims Agent, *only the last properly submitted Ballot* timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

12.     You must vote your entire Claim in each Voting Class either to accept or reject the Plan and may not split your vote.  Furthermore, if a Holder has multiple Claims within a Voting Class, the Debtors may direct the Claims Agent to aggregate the Claims of any particular Holder within that Class for the purpose of counting votes.

13.     This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or an assertion or admission of a Claim or an Interest in the Debtors' Chapter 11 Cases.

14.     You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated into the Disclosure Statement, and the Plan.

15.     <u>SIGN AND DATE</u> your Ballot.[1]  In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot.  Any unsigned Ballot will not be valid; however, for the avoidance of doubt, the scanned signature or e-signature included on an E-Ballot will be deemed immediately legally valid and effective.

16.     If you have claims in other Voting Classes, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, you must *complete and return each Ballot you receive*.

**<u>IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CONTACT THE CLAIMS AGENT BY SUBMITTING AN INQUIRY TO HTTPS://WWW.VERITAGLOBAL.NET/CBRM/INQUIRY (WITH "CBRM" IN THE SUBJECT LINE).</u>**

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>**

---

**THE VOTING AND OPT-IN DEADLINE IS**
**OCTOBER 10, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS AGENT MUST ACTUALLY RECEIVE THE**
**BALLOT ON OR BEFORE THE VOTING AND OPT-IN DEADLINE.**

---

[1]     If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

## Exhibit 3E

**Form of Ballot for Class 7 RH New Orleans Unsecured Claims**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

| | |
|---|---|
| In re:<br><br>CBRM REALTY INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-15343 (MBK)<br>(Jointly Administered) |

**BALLOT FOR VOTING ON THE MODIFIED JOINT CHAPTER 11 PLAN OF
CROWN CAPITAL HOLDINGS LLC AND CERTAIN OF ITS DEBTOR AFFILIATES**

**Class 7 – RH New Orleans Unsecured Claims**

BEFORE COMPLETING THIS BALLOT, PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT (THIS "BALLOT") RELATING TO THE MODIFIED JOINT CHAPTER 11 PLAN OF CROWN CAPITAL HOLDINGS LLC AND CERTAIN OF ITS DEBTOR AFFILIATES [DOCKET NO. 501] (AS MODIFIED, AMENDED, OR SUPPLEMENTED FROM TIME TO TIME, THE "PLAN"),[2] A COPY OF WHICH IS INCLUDED WITH THIS BALLOT.  THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN AND MAKE THE ELECTION TO OPT TO GRANT THE THIRD-PARTY RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN.

THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY KURTZMAN CARSON CONSULTANTS, LLC (D/B/A VERITA GLOBAL) (THE "CLAIMS AGENT") PRIOR TO **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 10, 2025** (THE "VOTING AND OPT-IN DEADLINE").

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE SOLICITATION AND VOTING PROCEDURES, PLEASE CONTACT THE CLAIMS AGENT BY SUBMITTING AN INQUIRY TO HTTPS://WWW.VERITAGLOBAL.NET/CBRM/INQUIRY (WITH "CBRM" IN THE SUBJECT LINE).

IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

THE RELEASES BY THE RELEASING PARTIES, IF APPROVED BY THE COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST NON-DEBTOR THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE RELEASES BY THE RELEASING PARTIES, IF APPROVED BY THE COURT, WILL BIND AFFECTED HOLDERS OF CLAIMS OR INTERESTS IN THE MANNER DESCRIBED IN **ITEM 3** OF THIS BALLOT.  BY VOTING TO ACCEPT THE PLAN OR OPTING TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, THE RELEASES WILL BE BINDING ON YOU.

Crown Capital Holdings LLC and certain of its affiliated debtors and debtors in possession (collectively, the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), RH New Orleans Holdings MM LLC (1951), and Laguna Reserve Apts Investor LLC (N/A).  The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

"Debtors") are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), to accept or reject the Plan, attached as Exhibit A to the *Disclosure Statement for the Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 503] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"), from Holders of Claims in Class 3, 4, 5, 6, and 7 (each a "Voting Class," and collectively, the "Voting Classes").

You are receiving this Ballot because the Debtors' books and records indicate you are the Holder of a Class 7 RH New Orleans Unsecured Claim as of **September 4, 2025** (the "Voting Record Date"). Accordingly, you have the right to execute this Ballot and to vote to accept or reject the Plan on account of such Claims, and to opt to grant the Releases contained in Article VIII.D of the Plan. **For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan**.

**Please review the detailed instructions regarding how to complete and submit this Ballot attached hereto as Annex A (the "Ballot Instructions")**. Once completed and returned in accordance with the attached Ballot Instructions, your vote on the Plan will be counted as set forth herein. A Voting Class shall be deemed to have accepted the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims that submit votes in such Voting Class vote to accept the Plan. The Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the Plan is confirmed by the Court, the Plan will be binding on all Holders of Claims or Interests, among others, regardless of whether such Holders voted to or were presumed to accept, voted to or were deemed to reject, or abstained from voting on the Plan. Subject to the terms and conditions of the Plan, you will receive the treatment identified in **Item 1** of this Ballot.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, opting to grant the Releases set forth in Article VIII.D of the Plan, and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Claims Agent **immediately** by submitting an inquiry to https://www.veritaglobal.net/cbrm/inquiry (with "CBRM" in the subject line).

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot. If you received the Solicitation Package via email or if service in electronic format (*i.e.*, USB flash drive format) imposes a hardship, you may receive a Solicitation Package in paper format by contacting the Claims Agent and requesting paper copies to the corresponding materials previously received via email or electronic format (*i.e.*, USB flash drive format).

*You should review the Disclosure Statement, Plan, and voting instructions contained herein before you vote to accept or reject the Plan and decide whether to opt to grant the Releases set forth in Article VIII.D of the Plan. You may wish to seek legal advice concerning the Restructuring Transactions contemplated under the Plan.*

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan and to make certain elections contained herein. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims Agent **actually receives** it on or before the Voting and Opt-In Deadline.

<div align="center">

**THE VOTING AND OPT-IN DEADLINE IS
4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 10, 2025.**

</div>

**VOTING — COMPLETE THIS SECTION**

**Item 1. Recovery**.

Pursuant to Article III of the Plan, each Holder of an Allowed Class 7 Claim shall receive, in full and final satisfaction of such RH New Orleans Unsecured Claim, the recovery as set forth in Article III.B of the Plan:

> Each Holder of an Allowed RH New Orleans Unsecured Claim shall receive its Pro Rata share of the Distributable Value of the Creditor Recovery Trust (as such terms are defined in, and subject to the terms of, the CBRM Plan) provided to such Holder on account of its Allowed CBRM Unsecured Claim.

<div align="center">2</div>

**For additional discussion of your treatment and rights for your Class 7 Claim under the Plan, please read the Disclosure Statement and the Plan.**

<u>**Item 2.**</u>  **Amount of Claim and Vote on Plan.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Claim in the Voting Class as set forth below.  You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote counted.

Please note that you are voting all of your Claims in Class 7 either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.

**For the avoidance of doubt, the amount of your Class 7 Claim for purposes of voting is listed immediately below.**

<u>**Any admission of Claims for purposes of voting on the Plan is not an admission of liability on the part of the Debtors or any other party for payment purposes**</u>.

The Holder of the Claim in the Voting Class set forth below votes to (*please check <u>one and only **one** box</u>*):

| Voting Class | Description | Amount | Vote to Accept the Plan | Vote to Reject the Plan |
|---|---|---|---|---|
| Class 7 | RH New Orleans Unsecured Claims | $_____ | ☐ | ☐ |

<u>**Item 3.**</u>  **Release Information.**

**ARTICLE VIII.D OF THE PLAN CONTAINS RELEASES GRANTED BY THE RELEASING PARTIES IN FAVOR OF THE RELEASED PARTIES (THE "<u>THIRD-PARTY RELEASE</u>").**

**IF YOU VOTED TO ACCEPT THE PLAN IN <u>ITEM 2</u> OF THIS BALLOT, YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND YOU WILL BE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTING TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION RELEASED THEREUNDER AGAINST THE DEBTORS AND OTHER RELEASED PARTIES. AFTER REVIEWING THE THIRD-PARTY RELEASE SET FORTH BELOW, YOU MAY MOVE TO <u>ITEM 4</u> OF THIS BALLOT.**

**TO THE EXTENT THAT YOU <u>DID NOT</u> VOTE TO ACCEPT THE PLAN IN <u>ITEM 2</u> OF THIS BALLOT, BY CHECKING THE BOX BELOW, YOU ARE OPTING TO GRANT THE THIRD-PARTY RELEASE. BY GRANTING THE THIRD-PARTY RELEASE YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND YOU WILL BE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTING TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION RELEASED THEREUNDER AGAINST THE DEBTORS AND OTHER RELEASED PARTIES. IF YOU DID NOT VOTE TO ACCEPT THE PLAN <u>AND</u> YOU DO NOT WISH TO GRANT THIS THIRD-PARTY RELEASE, DO NOT CHECK THE BOX BELOW.**

**YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED REGARDLESS OF WHETHER YOU OPT TO GRANT THE THIRD-PARTY RELEASE.**

**CHECK THIS BOX IF YOU OPT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN. IF YOU CHOOSE TO GRANT THE THIRD-PARTY RELEASE BY CHECKING**

**THIS BOX, YOU WILL BE A RELEASING PARTY UNDER THE PLAN.**

☐ **OPT-IN ELECTION: The undersigned elects to grant the Third-Party Release contained in Article VIII.D of the Plan.**

<u>Article VIII.D of the Plan provides for the following Third-Party Release:</u>

As of the Effective Date, except as otherwise provided in the Plan, the Releasing Parties are deemed to have released the Debtors, their Estates, and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any direct Claims held by any of the Releasing Parties against the Debtors, their Estates, and/or the Released Parties or derivative Claims asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that each Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors or their Affiliates, the Debtors' restructuring, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Restructuring Documents, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence relating to the Debtors taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, (1) the releases set forth above do not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and (2) except as to any member of the Ad Hoc Group of Holders of Crown Capital Notes who opted to grant the releases contained in Article VIII.D of the Plan, the Ad Hoc Group of Holders of Crown Capital Notes and each of its members (whether or not any such member affirmatively voted to accept the Plan) shall not release nor be deemed to release any claim or cause of action that any such holders may hold against the Asset Manager or the Property Manager and such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

<u>Article VIII.E of the Plan provides for the following exculpation (the "Exculpation"):</u>

Except as otherwise specifically provided in the Plan, each Debtor and each Exculpated Party is hereby released and exculpated from any Claim, obligation, Cause of Action, or liability for any Exculpated Claim, except for gross negligence or willful misconduct, but in all respects each Debtor and each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to the Plan.  The Debtors, their Estates, the Independent Fiduciary, and the Debtors' professionals including White & Case LLP, IslandDundon LLC, Ken Rosen Advisors PC, and Kurtzman Carson Consultants, LLC dba Verita Global have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of the Plan and distributions pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

<u>Article VIII.F of the Plan provides for the following injunction (the "Injunction"):</u>

Pursuant to section 362(c)(1) of the Bankruptcy Code, the automatic stay of an act against property of the Debtors' estates will continue until such property is no longer property of the Debtors' estates, and pursuant to section 362(c)(2) of the Bankruptcy Code, the stay of any other act described in section 362(a) of the Bankruptcy Code continues until the earlier of the closure or dismissal of these Chapter 11 Cases.  In addition, as of the Effective Date and subject to the occurrence of the Effective Date, except as otherwise specifically provided in this Plan or the Confirmation Order, all Persons and Entities who have held, hold, or may hold Claims or Interests that are fully satisfied pursuant to the Plan or any Claim or Interest that is subject to the

**releases and exculpations set forth in the Plan shall be precluded and permanently enjoined on and after the Effective Date from enforcing, pursuing, or seeking any setoff or relief with respect to such Claims or Interests, except for the receipt of the payments or Distributions that are contemplated by the Plan.**

**For the avoidance of doubt, the foregoing relief may include (but is not limited to): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claim or Interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estates of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests.**

**For the avoidance of doubt, this Article VIII.F shall not constitute a discharge under section 1141(d) of the Bankruptcy Code.**

Definitions related to the Third-Party Release, Exculpation, and Injunction:

Under the Plan, "*Released Party*" means each of the following in its capacity as such: (a) the Independent Fiduciary; (b) the NOLA Purchaser; (c) the Asset Manager; (d) the Property Manager; (e) the NOLA DIP Lenders; (f) the Ad Hoc Group of Holders of Crown Capital Notes and each of its members; (g) with respect to each of the foregoing entities in clauses (b) through (f), such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; and (h) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent. For the avoidance of any doubt, no Person or Entity identified on the Schedule of Excluded Parties shall constitute a Released Party for purposes of the Plan.

Under the Plan, "*Releasing Parties*" means each of the following in its capacity as such: (a) the Independent Fiduciary; (b) the NOLA Purchaser; (c) the Asset Manager; (d) the Property Manager; (e) the NOLA DIP Lenders; (f) the Ad Hoc Group of Holders of Crown Capital Notes and each of its members; (g) each Holder of a Claim that affirmatively votes to accept the Plan; (h) each Holder of a Claim in Class 3, Class 4, Class 5, Class 6, and Class 7 who abstains or does not affirmatively vote to accept the Plan but checks the box on such Holder's Ballot indicating that such Holder opts to grant the releases contained in Article VIII of the Plan; (i) each Holder of a Claim in Class 1, Class 2, Class 8, Class 9, Class 10, Class 11, and Class 12 who checks the box on such Holder's Opt-In Form indicating that such Holder opts to grant the releases contained in Article VIII of the Plan; (j) with respect to each of the foregoing entities in clauses (b) through (f), such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; and (k) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent.

Under the Plan, "*Exculpated Party*" means, each of, and in each case, in its capacity as such, (a) each Debtor solely in its capacity as a debtor and debtor in possession following the Petition Date and excluding such Debtor for the period prior to the Petition Date, (b) the Independent Fiduciary, (c) the Asset Manager, (d) the Property Manager, and (e) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent. For the avoidance of any doubt, no Person or Entity identified on the Schedule of Excluded Parties shall constitute an Exculpated Party for purposes of the Plan.

Under the Plan, "*Exculpated Claim*" means any Claim related to any act or omission arising as of or following the Petition Date through the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the

Plan, the NOLA Sale Transaction, or Restructuring Transactions, the formulation, preparation, dissemination, negotiation of any document in connection with the Plan, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the pursuit of Consummation, the Restructuring Transactions, the administration and implementation of the Plan, or the distribution of property pursuant to the Plan.

**Item 4. Contributed Claims**

If the Plan is confirmed, all Claims or Causes of Action, including Avoidance Actions, held by the Debtors or their Estates as of the Effective Date and the proceeds thereof, other than any Claims or Causes of Action against the Released Parties that are released under Article VIII of the Plan (collectively, the "NOLA Debtor Contributed Creditor Recovery Trust Causes of Action") will be transferred to the Creditor Recovery Trust.

In addition to these NOLA Debtor Contributed Creditor Recovery Trust Causes of Action, certain creditors may have direct Causes of Action against certain third parties associated with the Debtors, their predecessors, or respective Affiliates that are not released under the Plan. However, it may be difficult and expensive for individual creditors to sue third parties for losses. Accordingly, creditors can elect to contribute direct Causes of Action to the Creditor Recovery Trust. By opting to contribute Causes of Action to the Creditor Recovery Trust, you are giving the Creditor Recovery Trust the right to pursue those direct Causes of Action on your behalf together with other creditors. As a result, the Creditor Recovery Trust will be able to use trust resources to sue on account of those direct Causes of Action, and all recoveries will inure to the benefit of all Holders that agreed to contribute their Claims. In other words, if the Creditor Recovery Trust prevails on any Claims that you contribute, those recoveries will be distributed among all creditors that elected to contribute their Contributed Claims and will not be distributed solely to you. For the avoidance of doubt, the decision to "opt in" to contribute Claims is entirely voluntary, and the failure to "opt in" does not prejudice any electing creditors' rights.

By electing such option, you agree that, subject to the occurrence of the Effective Date, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Claims to the Creditor Recovery Trust, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Creditor Recovery Trust to memorialize and effectuate such contribution.

---

☐ **CONTRIBUTED CLAIM ELECTION: By checking this box, you elect to contribute your Contributed Claims to the Creditor Recovery Trust**

---

Definitions related to the Contributed Claims

Under the Plan, "*Contributed Claim*" means any direct Cause of Action that any Contributing Claimant has against any Person (other than a Debtor) that had a direct relationship with the Debtors, their predecessors, or respective Affiliates and that harmed such Contributing Claimant in the claimant's capacity as a creditor of the Debtors, including (a) any Cause of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (b) any Cause of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation, of any of the Debtors' conduct prior to the Petition Date; *provided, however*, that Contributed Claims do not include (i) any derivative claims of the Debtors, (ii) any direct claims against the Released Parties, (iii) any claims that cannot be assigned under applicable law, (iv) any claim of a Holder of a Crown Capital Unsecured Claim against Piper Sandler & Co. or any of its Affiliates or representatives, and (v) any claim or cause of action against the Asset Manager or the Property Manager and such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

Under the Plan, "*Contributing Claimant*" means any Holder of a Claim or Interest that elects through its Ballot to contribute their Contributed Claims to the Creditor Recovery Trust in order for the Creditor Recovery Trustee to

prosecute such Contributed Claims for their benefit.

**Item 5.  Certification, Ballot Completion, and Delivery Instructions.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

<div style="margin-left:2em">

(a)     as of the Voting Record Date, either: (i) the undersigned is the Holder of the Claim in the Voting Class as set forth in **Item 2**; or (ii) the undersigned is an authorized signatory for an Entity that is the Holder of the Claims in the Voting Class as set forth in **Item 2**;

(b)     the undersigned (or in the case of an authorized signatory, the Holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     if the undersigned (or in the case of an authorized signatory, the Holder) votes to accept the Plan, it will be deemed to have consented to the Third-Party Release;

(d)     the undersigned (or in the case of an authorized signatory, the Holder) has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(e)     the undersigned (or in the case of an authorized signatory, the Holder) has cast the same vote with respect to all Claims in the Voting Class identified in **Item 2**;

(f)     the undersigned (or in the case of an authorized signatory, the Holder), understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in **Item 2**, only the last properly completed Ballot voting the Claim and received by the Claims Agent before the Voting and Opt-In Deadline shall be deemed to reflect the voter's intent and will supersede and revoke any prior Ballots received by the Claims Agent;

(g)     the undersigned (or in the case of an authorized signatory, the Holder) understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned (or in the case of an authorized signatory, the Holder) hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned (or in the case of an authorized signatory, the Holder) and shall not be affected by, and shall survive, the death or incapacity of the undersigned (or in the case of an authorized signatory, the Holder); and

(h)     no other Ballots with respect to the Claims in the Voting Class identified in **Item 2** have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots voting those Claims are hereby revoked.

</div>

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

---

<div style="text-align:center">BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION</div>

---

Name of Holder:                    _____

Signature:                         _____

Signatory Name (if other than
the Holder):                       _____

Title:                             _____

Address: _____

E-mail Address: _____

Date Completed: _____

**PLEASE SUBMIT A BALLOT BY *ONE* OF THE FOLLOWING METHODS
SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AGENT BY THE VOTING AND OPT-IN
DEADLINE, WHICH IS <u>4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 10, 2025</u>.**

**To submit a paper Ballot, you may submit your Ballot (with an original signature):
by First-Class Mail, Overnight Courier, or Hand Delivery:**

CBRM Realty Inc., et al. Ballot Processing
c/o Kurtzman Carson Consultants, LLC (d/b/a Verita Global)
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**To submit your Ballot via electronic, online submission:**

To submit your Ballot via the Claims Agent's online portal, visit <u>https://www.veritaglobal.net/cbrm</u>, click on the "Submit Electronic Ballot (E-Ballot)" section of the website (the "<u>E-Ballot Portal</u>"), and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#: _____**

**PIN: _____**

The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. <u>Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted</u>.

**Holders who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AGENT AT (866) 523-2941 (TOLL-FREE FROM USA/CANADA) OR (781) 575-2044 (INTERNATIONAL) OR EMAIL <u>cbrminfo@veritaglobal.com</u> AND REFERENCE "CBRM" IN THE SUBJECT LINE.**

<u>**ANNEX A**</u>

**INSTRUCTIONS FOR COMPLETING**
**THIS BALLOT (THESE "BALLOT INSTRUCTIONS")**

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan accompanying this Ballot. Capitalized terms used in the Ballot or in these Ballot Instructions but not otherwise defined therein or herein shall have the meanings set ascribed to them in the Plan, a copy of which also accompanies the Ballot.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**

2.      The Plan can be confirmed by the Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of Impaired creditors that vote on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.      This Ballot contains voting and election options with respect to the Plan.

4.      To ensure your vote is counted, this Ballot must be properly completed, executed, and delivered to the Claims Agent via (i) first-class mail, overnight courier, or hand delivery, at CBRM Realty Inc., et al. Ballot Processing, c/o Kurtzman Carson Consultants, LLC (d/b/a Verita Global), 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (ii) via the Claims Agent's E-Ballot Portal at https://www.veritaglobal.net/cbrm, so that the Ballot is actually received by the Claims Agent on or before the Voting and Opt-In Deadline, which is 4:00 p.m. (prevailing Eastern Time) on October 10, 2025.

5.      The Claims Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted to the Claims Agent by any means other than expressly provided for in the Solicitation and Voting Procedures, a copy of which also accompanies this Ballot, ***shall not be valid and will not be counted***.

6.      If you (i) received the Solicitation Package via email or if service in electronic format (*i.e.*, USB flash drive format) imposes a hardship, and (ii) desire paper copies of the materials contained in the Solicitation Package, you may obtain them by contacting the Claims Agent at the address, telephone number, or email address set forth above.

7.      Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

8.      To vote and make certain elections contained herein, you <u>MUST</u> deliver your completed Ballot so that it is **<u>ACTUALLY RECEIVED</u>** by the Claims Agent on or before the Voting and Opt-In Deadline by one of the methods described above.  The Voting and Opt-In Deadline is **<u>October 10, 2025 at 4:00 p.m. (prevailing Eastern Time)</u>**.

9.      Any Ballot received by the Claims Agent after the Voting and Opt-In Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  Except as provided in the Solicitation and Voting Procedures, no Ballot may be withdrawn or modified after the Voting and Opt-In Deadline without the Debtors' prior written consent.

10.     Delivery of a Ballot reflecting your vote to the Claims Agent will be deemed to have occurred only when the Claims Agent actually receives the Ballot (for the avoidance of doubt, a Ballot submitted via the E-Ballot Portal shall be deemed to contain a signature).  In all cases, you should allow sufficient time to assure timely submission.

11.    If you submit multiple Ballots to the Claims Agent, *only the last properly submitted Ballot* timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

12.    You must vote your entire Claim in each Voting Class either to accept or reject the Plan and may not split your vote.  Furthermore, if a Holder has multiple Claims within a Voting Class, the Debtors may direct the Claims Agent to aggregate the Claims of any particular Holder within that Class for the purpose of counting votes.

13.    This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or an assertion or admission of a Claim or an Interest in the Debtors' Chapter 11 Cases.

14.    You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated into the Disclosure Statement, and the Plan.

15.    <u>SIGN AND DATE</u> your Ballot.[1]  In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot.  Any unsigned Ballot will not be valid; however, for the avoidance of doubt, the scanned signature or e-signature included on an E-Ballot will be deemed immediately legally valid and effective.

16.    If you have claims in other Voting Classes, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot. Accordingly, you must *complete and return each Ballot you receive*.

**<u>IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CONTACT THE CLAIMS AGENT BY SUBMITTING AN INQUIRY TO HTTPS://WWW.VERITAGLOBAL.NET/CBRM/INQUIRY (WITH "CBRM" IN THE SUBJECT LINE).</u>**

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>**

---

**THE VOTING AND OPT-IN DEADLINE IS
OCTOBER 10, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS AGENT MUST ACTUALLY RECEIVE THE
BALLOT ON OR BEFORE THE VOTING AND OPT-IN DEADLINE.**

---

[1]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

## <u>Exhibit 4</u>

**Notice of Non-Voting Status and Opt-In Form**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: gregory.pesce@whitecase.com

-and-

Andrew Zatz
Samuel P. Hershey (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: azatz@whitecase.com
      sam.hershey@whitecase.com
      barrett.lingle@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*

**KEN ROSEN ADVISORS PC**
Kenneth A. Rosen
80 Central Park West
New York, New York 10023
Telephone: (973) 493-4955
Email: ken@kenrosenadvisors.com

*Co-Counsel to Debtors and Debtors-in-Possession*

| | |
|---|---|
| In re:<br><br>CBRM REALTY INC., *et al*.,<br><br>               Debtors.[1] | Chapter 11<br><br>Case No. 25-15343 (MBK)<br>(Jointly Administered) |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), RH New Orleans Holdings MM LLC (1951), and Laguna Reserve Apts Investor LLC (N/A).  The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

**NOTICE OF NON-VOTING STATUS AND OPT-IN FORM
TO HOLDERS OR POTENTIAL HOLDERS OF (I) UNIMPAIRED CLAIMS
CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN, (II) IMPAIRED
CLAIMS OR INTERESTSDEEMED TO REJECT THE PLAN, AND (III) DISPUTED CLAIMS**

**PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (i) authorizing Crown Capital Holdings LLC and certain of its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances of the *Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 501] (as modified, amended, or supplemented from time to time, the "Plan");[2] (ii) conditionally approving the *Disclosure Statement for the Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 503] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (iii) approving the solicitation materials and documents to be included in the solicitation package (the "Solicitation Package"); (iv) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan; (v) establishing certain deadlines to opt to grant the releases set forth in the Plan; and (vi) establishing deadlines for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice as a Holder or potential Holder of a Claim against or Interest in the Debtors such that, due to the nature and treatment of such Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, (i) Holders of Claims conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code, (ii) Holders of Claims or Interests deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code, and (iii) Holders of Claims subject to a pending objection by the Debtors, are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider final approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing") will commence on **October 22, 2025, at 11:30 a.m. (prevailing Eastern Time)**, or such other time that the Court determines, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to confirmation of the Plan and final approval of the Disclosure Statement is **October 10, 2025, at 4:00 p.m. (prevailing Eastern Time)** (the "Combined Objection Deadline"). Any objection to the relief sought at the Combined Hearing ***must***: (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Rules, and orders of the Court; (iii) state with particularity the basis of the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (iv) be filed with the Court (contemporaneously with a proof of service) and served in accordance with the terms of the Disclosure Statement Order upon the following parties so as to be **actually received on or before the Combined Objection Deadline**: (a) counsel to the Debtors, (i) White & Case LLP, 111 South Wacker Drive, Chicago, Illinois 60606 (Attn: Gregory F. Pesce (gregory.pesce@whitecase.com)) and (ii) White & Case LLP, 1221 Avenue of the Americas, New York,  New York 10020 (Attn: Samuel Hershey (sam.hershey@whitecase.com) and Barrett Lingle (barrett.lingle@whitecase.com)), (b) counsel to the NOLA DIP Lender (Attn: Brett Goodman (brett.goodman@afslaw.com) and Scott Lepene (scott.lepene@afslaw.com)), (c) counsel to the Ad Hoc Group of Holders of Crown Capital Notes (Attn: James Millar (james.millar@faegredrinker.com) and Michael Pompeo (michael.pompeo@faegredrinker.com)), and (d) the U.S. Trustee, One Newark Center, Suite 2100, Newark, New Jersey 07102 (Attn: Lauren Bielskie (lauren.bielskie@usdoj.gov) and Jeffrey Sponder (Attn: jeffrey.m.sponder@usdoj.gov).

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Disclosure Statement, the Plan, or related **documents** (a) are available on the Debtors' restructuring website, free of charge, at https://www.veritaglobal.net/cbrm; (b) may be obtained upon request of the Claims and Noticing Agent by writing to CBRM Realty Inc., et al. Ballot Processing, c/o KCC d/b/a Verita Global, 222 N. Pacific Coast Highway, Suite 300,

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

2

El Segundo, CA 90245 or by submitting an inquiry to https://www.veritaglobal.net/cbrm/inquiry (with "CBRM" in the subject line); and (c) will be available for inspection for a fee on the Bankruptcy Court's website at https://www.njb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** if you are a Holder of a Claim that is subject to a pending objection by the Debtors, **you are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is two (2) Business Days before the Voting and Opt-In Deadline** (each, a "<u>Resolution Event</u>"):

      i.      an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code;

     ii.      an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

    iii.      a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim, which allowance may be for voting purposes only, in an agreed-upon amount and such agreement (or notice of such agreement) is conveyed by the Debtors to the Claims Agent by electronic mail or otherwise; or

    iv.      the pending objection is voluntarily withdrawn by the objecting party.

**PLEASE TAKE FURTHER NOTICE THAT** if a timely Resolution Event occurs, then, no later than two (2) Business Days following the occurrence of such Resolution Event, the Debtors shall cause the Claims Agent to distribute to the relevant Holder via hand delivery, first-class mail, or email, a Solicitation Package that must be returned to the Claims Agent no later than the Voting and Opt-In Deadline, which is on **October 10, 2025 at 4:00 p.m., prevailing Eastern Time**.

**ARTICLE VIII OF THE PLAN CONTAINS SETTLEMENT, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.D OF THE PLAN CONTAINS A THIRD-PARTY RELEASE.[3] YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**IF YOU OPT TO GRANT THE THIRD-PARTY RELEASE, PLEASE COMPLETE, SIGN, AND DATE THE OPT-IN FORM ATTACHED HERETO AND SUBMIT IT PROMPTLY VIA FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE CLAIMS AGENT AT THE ADDRESS SET FORTH IN THE OPT-IN FORM OR THROUGH THE DEBTORS' CASE WEBSITE ACCORDING TO THE INSTRUCTIONS SET FORTH ON THE OPT-IN FORM.**

**YOUR COMPLETED OPT-IN FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS AGENT BY OCTOBER 10, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

**YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY AND TO PROVIDE YOU WITH THE ATTACHED OPT-IN FORM WITH RESPECT TO THE THIRD-PARTY RELEASE INCLUDED IN ARTICLE VIII.D OF THE PLAN.  CONTACT THE CLAIMS AGENT IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION.**

---

[3]   "Third-Party Release" refers to the release given by each of the Releasing Parties to the Released Parties as set forth in Article VIII.D of the Plan.

Dated: September 3, 2025

_/s/ Andrew Zatz_

**WHITE & CASE LLP**
Gregory F. Pesce (admitted _pro hac vice_)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email:  gregory.pesce@whitecase.com

- and -

Andrew Zatz
Samuel P. Hershey (admitted _pro hac vice_)
Barrett Lingle (admitted _pro hac vice_)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email:  azatz@whitecase.com
        sam.hershey@whitecase.com
        barrett.lingle@whitecase.com

_Counsel to Debtors and_
_Debtors-in-Possession_

**KEN ROSEN ADVISORS PC**
Kenneth A. Rosen
80 Central Park West
New York, New York 10023
Telephone: (973) 493-4955
Email:  ken@kenrosenadvisors.com

_Co-Counsel to Debtors and_
_Debtors-in-Possession_

**<u>Exhibit 4A</u>**

**Opt-In Form**

## THIRD-PARTY RELEASE OPT-IN FORM

You are receiving this opt-in form (the "Opt-In Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 501] (as modified, amended, or supplemented from time to time, the "Plan") pursuant to section 1126 of the Bankruptcy Code as of September 4, 2025 (the "Voting Record Date").[1] Article VIII of the Plan contains certain release, injunction, and exculpation provisions, including the third-party release set forth below (such release, the "Third-Party Release").  **You will irrevocably grant the Third-Party Release set forth below if you affirmatively opt to grant the Third-Party Release by completing and returning this Opt-In Form in accordance with the instructions set forth herein on or before October 10, 2025, at 4:00 p.m. (prevailing Eastern Time) (the "Non-Voting Classes Opt-In Deadline").  Your decision to complete and return the Opt-In Form is entirely voluntary and not a requirement under the Plan or applicable law.**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-IN FORM CAREFULLY BEFORE COMPLETING THIS OPT-IN FORM.  IF YOU OPT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, THE THIRD-PARTY RELEASE WILL BE BINDING ON YOU.

If you opt to grant the Third-Party Release set forth in Article VIII.D of the Plan, you should (i) promptly complete, sign, and date this Opt-In Form and return it via first-class mail, overnight courier, or hand delivery to Kurtzman Carson Consultants, LLC (d/b/a Verita Global) (the "Claims Agent") at the address set forth below or (ii) submit your Opt-In Form through the Claims Agent's online portal (the "E-Ballot Portal") in accordance with the instructions provided below.  Parties that submit an Opt-In Form using the E-Ballot Portal should NOT also submit a paper Opt-In Form.

**THIS OPT-IN FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS AGENT BY OCTOBER 10, 2025, AT 4:00 P.M. (PREVAILING EASTERN TIME).  IF THE OPT-IN FORM IS RECEIVED AFTER THE NON-VOTING CLASSES OPT-IN DEADLINE, IT WILL NOT BE COUNTED.**

If you believe you have received this Opt-In Form in error, please contact the Claims Agent via: (i) calling the Claims Agent at  (866) 523-2941 (Toll-free from USA/Canada) or (781) 575-2044 (International); (ii) submitting an inquiry to https://www.veritaglobal.net/cbrm/inquiry (with "CBRM" in the subject line); or (iii) writing to the Claims Agent at CBRM Realty Inc., et al. Ballot Processing, c/o Kurtzman Carson Consultants, LLC (d/b/a Verita Global), 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.

<u>Item 1.</u>              **Important information regarding the Third-Party Release:**

**BY CHECKING THE BOX BELOW, YOU ARE OPTING TO GRANT THE THIRD-PARTY RELEASE. BY GRANTING THE THIRD-PARTY RELEASE YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND YOU WILL BE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTING TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION RELEASED THEREUNDER AGAINST THE DEBTORS AND OTHER RELEASED PARTIES. IF YOU DO NOT WISH TO GRANT THIS THIRD-PARTY RELEASE, DO NOT CHECK THE BOX BELOW.**

**YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED REGARDLESS OF WHETHER YOU OPT TO GRANT THE THIRD-PARTY RELEASE.**

**<u>Article VIII.D of the Plan contains the following Third-Party Release</u>:**

**As of the Effective Date, except as otherwise provided in the Plan, the Releasing Parties are deemed to have released the Debtors, their Estates, and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any direct Claims held by any of the Releasing Parties against the Debtors, their Estates, and/or the Released Parties or derivative**

---

[1]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or Disclosure Statement (as defined therein), as applicable.

**Claims asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that each Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors or their Affiliates, the Debtors' restructuring, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Restructuring Documents, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence relating to the Debtors taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, (1) the releases set forth above do not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and (2) except as to any member of the Ad Hoc Group of Holders of Crown Capital Notes who opted to grant the releases contained in Article VIII.D of the Plan, the Ad Hoc Group of Holders of Crown Capital Notes and each of its members (whether or not any such member affirmatively voted to accept the Plan) shall not release nor be deemed to release any claim or cause of action that any such holders may hold against the Asset Manager or the Property Manager and such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.**

<u>Definitions related to the Third-Party Release</u>:

Under the Plan, "<u>*Released Party*</u>" means each of the following in its capacity as such:  (a) the Independent Fiduciary; (b) the NOLA Purchaser; (c) the Asset Manager; (d) the Property Manager; (e)  the NOLA DIP Lenders; (f) the Ad Hoc Group of Holders of Crown Capital Notes and each of its members; (g) with respect to each of the foregoing entities in clauses (b) through (f), such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; and (h) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent.  For the avoidance of any doubt, no Person or Entity identified on the Schedule of Excluded Parties shall constitute a Released Party for purposes of the Plan.

Under the Plan, "<u>*Releasing Parties*</u>" means each of the following in its capacity as such:  (a) the Independent Fiduciary; (b) the NOLA Purchaser; (c) the Asset Manager; (d) the Property Manager; (e) the NOLA DIP Lenders; (f) the Ad Hoc Group of Holders of Crown Capital Notes and each of its members; (g) each Holder of a Claim that affirmatively votes to accept the Plan; (h) each Holder of a Claim in Class 3, Class 4, Class 5, Class 6, and Class 7 who abstains or does not affirmatively vote to accept the Plan but checks the box on such Holder's Ballot indicating that such Holder opts to grant the releases contained in Article VIII of the Plan; (i) each Holder of a Claim in Class 1, Class 2, Class 8, Class 9, Class 10, Class 11, and Class 12 who checks the box on such Holder's Opt-In Form indicating that such Holder opts to grant the releases contained in Article VIII of the Plan; (j) with respect to each of the foregoing entities in clauses (b) through (f), such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; and (k) with respect to the Debtors and the Debtors' non-Debtor subsidiaries, White & Case LLP as counsel, IslandDundon LLC as financial advisor, Ken Rosen Advisors PC as New Jersey counsel and co-counsel, and the Claims and Noticing Agent.

**YOU MAY OPT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN.  YOUR DECISION TO COMPLETE AND RETURN THE OPT-IN FORM IS ENTIRELY VOLUNTARY AND DOES NOT AFFECT YOUR RECOVERY UNDER THE PLAN.**

**CHECK THIS BOX IF YOU OPT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN. YOUR ELECTION TO GRANT CONSENT IS AT YOUR OPTION. IF YOU CHOOSE TO GRANT THE THIRD-PARTY RELEASE BY CHECKING THIS BOX, YOU WILL BE A RELEASING PARTY UNDER THE PLAN.**

2

> ☐ **OPT-IN ELECTION: The undersigned elects to grant the Third-Party Release contained in Article VIII.D of the Plan.**

**Item 2**.                **Certifications.**

By signing this Opt-In Form, the undersigned certifies to the Court and the Debtors that:

- as of the Voting Record Date, either: (i) the Entity is the Holder of a Claim or Interest that is not entitled to vote on the Plan; or (ii) the undersigned is an authorized signatory of a Holder of a Claim or Interest that is not entitled to vote on the Plan;

- the undersigned (or in the case of an authorized signatory, the Holder) has received a copy of the *Notice of Non-Voting Status* and this Opt-In Form is completed pursuant to the terms and conditions set forth therein;

- the undersigned has made the same election with respect to all of its Claims or Interests; and

- no other Opt-In Form has been cast with respect to the Holder's Claims or Interests, or, if any other Opt-In Forms have been cast with respect to such Claims or Interests, such Opt-In Forms are hereby revoked.

THIS OPT-IN FORM SHALL NOT CONSTITUTE OR BE DEEMED A PROOF OF CLAIM OR INTEREST OR AN ASSERTION OF A CLAIM OR INTEREST, AND YOUR RECEIPT OF THIS OPT-IN FORM DOES NOT SIGNIFY THAT YOUR CLAIM OR INTEREST HAS BEEN OR WILL BE ALLOWED.

| OPT-IN FORM COMPLETION INFORMATION — COMPLETE THIS SECTION |
|---|

Name of Holder: _____

Signature: _____

Signatory Name (if other than the Holder): _____

Title: _____

Address: _____

E-mail Address: _____

Date Completed: _____

**IF YOU HAVE MADE THE OPTIONAL OPT-IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-IN FORM AND SUBMIT IT PROMPTLY BY ONLY *ONE* OF THE METHODS BELOW.**

**To submit a paper Opt-In Form, you may submit your Opt-In Form (with an original signature): by First-Class Mail, Overnight Courier, or Hand Delivery:**

CBRM Realty Inc., et al. Ballot Processing
c/o Kurtzman Carson Consultants, LLC (d/b/a Verita Global)
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**To submit your Opt-In Form via electronic, online submission:**

To submit your Opt-In Form via the Claims Agent's online portal, visit https://www.veritaglobal.net/cbrm, click on the "Submit Electronic Ballot (E-Ballot)" section of the website (the "E-Ballot Portal"), and follow the instructions to submit your Opt-In Form.

The E-Ballot Portal is the sole manner in which Opt-In Forms will be accepted electronically.  Opt-In Forms submitted in electronic format by facsimile or email will not be counted.

**Holders who cast the Opt-In Form using the E-Ballot Portal should NOT also submit a paper Opt-In Form.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-IN FORM, PLEASE CALL THE CLAIMS AGENT AT (866) 523-2941 (TOLL-FREE FROM USA/CANADA) OR (781) 575-2044 (INTERNATIONAL) OR BY SUBMITTING AN INQUIRY TO HTTPS://WWW.VERITAGLOBAL.NET/CBRM/INQUIRY (WITH "CBRM" IN THE SUBJECT LINE).**

**THE NON-VOTING CLASSES OPT-IN DEADLINE IS OCTOBER 10, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS AGENT MUST ACTUALLY RECEIVE THE OPT-IN FORM ON OR BEFORE THE NON-VOTING CLASSES OPT-IN DEADLINE.**

**<u>Exhibit 5</u>**

**Cover Letter**

September 3, 2025

<u>Via First-Class or Electronic Mail</u>

RE: **CBRM Realty Inc.,** *et al.*
   **Chapter 11 Case No. 25-15343 (MBK) (Jointly Administered)**

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

   CBRM Realty Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") on May 19, 2025 (the "<u>Petition Date</u>").

   You have received this letter (the "<u>Cover Letter</u>") and the enclosed materials because you are entitled to vote on the *Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 501] (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").  On [●], 2025, the Court entered an order [Docket No. [●]] (the "<u>Disclosure Statement Order</u>"): (i) authorizing the Debtors to solicit acceptances for the Plan; (ii) conditionally approving the *Disclosure Statement for the Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 503] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (iii) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Package</u>"); (iv) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan; (v) establishing certain deadlines to opt to grant the releases set forth in the Plan; and (vi) approving procedures for filing objections to confirmation of the Plan.

> **YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE PLAN.**
> **YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.**
> **IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

   In addition to this letter, the enclosed materials comprise your Solicitation Package and were approved by the Court for distribution to Holders of Claims in connection with the solicitation of votes to accept or reject the Plan. Please review these materials carefully and follow the instructions contained therein.  The Solicitation Package consists of the following, as applicable:

    a.  this Cover Letter;

    b.  a copy of the Solicitation and Voting Procedures;

    c.  the applicable form of Ballot, together with detailed instructions as to how to vote and submit the Ballot;

    d.  the Combined Hearing Notice;

    e.  the Disclosure Statement as approved by the Court (and exhibits thereto, including the Plan);

    f.  the Disclosure Statement Order (without exhibits); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), RH New Orleans Holdings MM LLC (1951), and Laguna Reserve Apts Investor LLC (N/A).  The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

g.      any additional documents that the Court has ordered to be made available to Holders of Claims in the Voting Classes.

The Debtors have approved the filing of the Plan and the solicitation of votes to accept or reject the Plan. The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims and Interests, and all other parties in interest.  Moreover, the Debtors believe that any alternative to confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, likely would result in smaller distributions on account of Claims asserted in the Chapter 11 Cases.

---

**THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY
SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN AND MAKING CERTAIN
ELECTIONS IN ACCORDANCE WITH THE INSTRUCTIONS ON YOUR BALLOT.**

**THE DEADLINE TO VOTE TO ACCEPT OR REJECT THE PLAN AND OPT TO GRANT
THE THIRD-PARTY RELEASE IS OCTOBER 10, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

---

The materials in the Solicitation Package are intended to be self-explanatory.  If you have any questions or would like paper copies of the Solicitation Package because receiving the Solicitation Package via email or electronic format (*i.e.*, USB flash drive) imposes a hardship on you, please contact the Debtors' Claims and Noticing Agent, Kurtzman Carson Consultants, LLC d/b/a Verita Global (the "Claims Agent"), by submitting an inquiry to https://www.veritaglobal.net/cbrm/inquiry (with "CBRM" in the subject line).  You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://www.veritaglobal.net/cbrm, or the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.  Please be advised that the Claims Agent is authorized to answer questions about, and provide additional copies of, solicitation materials but may *not* advise you as to whether you should vote to accept or reject the Plan or otherwise provide legal advice.

Sincerely,

Dated: September 3, 2025

_____
Elizabeth A. LaPuma
Independent Fiduciary

## <u>Exhibit 6</u>

**Combined Hearing Notice**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: gregory.pesce@whitecase.com

-and-

Andrew Zatz
Samuel P. Hershey (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: azatz@whitecase.com
          sam.hershey@whitecase.com
          barrett.lingle@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*

**KEN ROSEN ADVISORS PC**
Kenneth A. Rosen
80 Central Park West
New York, New York 10023
Telephone: (973) 493-4955
Email: ken@kenrosenadvisors.com

*Co-Counsel to Debtors and Debtors-in-Possession*

| | |
|---|---|
| In re:<br><br>CBRM REALTY INC., *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 25-15343 (MBK)<br>(Jointly Administered) |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), RH New Orleans Holdings MM LLC (1951), and Laguna Reserve Apts Investor LLC (N/A).  The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

**NOTICE OF (I) HEARING TO CONSIDER CONFIRMATION OF THE
CHAPTER 11 PLAN AND FINAL APPROVAL OF THE DISCLOSURE STATEMENT, AND
(II) RELATED VOTING, OPT-IN, BIDDING, AUCTION, AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (i) authorizing Crown Capital Holdings LLC and certain of its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 501] (as modified, amended, or supplemented from time to time, the "Plan");[2] (ii) conditionally approving the *Disclosure Statement for the Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 503] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (iii) approving the solicitation materials and documents to be included in the solicitation package (the "Solicitation Package"); (iv) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan; (v) establishing certain deadlines to opt to grant the releases set forth in the Plan; and (vi) for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan and final approval of the Disclosure Statement will commence on **October 22, 2025, at 11:30 a.m. (prevailing Eastern Time)**, subject to Court availability and at such time that the Court determines, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608.  The Plan may be modified, if necessary, prior to, during, or as a result of the Combined Hearing.

---

**PLEASE BE ADVISED**:  THE COMBINED HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH CONTINUANCE BEING ANNOUNCED IN OPEN COURT AND/OR BY A NOTICE OF THE SAME FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

---

**CRITICAL INFORMATION REGARDING VOTING ON THE PLAN**

**Voting Record Date**. The voting record date was **September 4, 2025** (the "Voting Record Date"), which is the date for determining which certain Holders of Claims are entitled to vote on the Plan.

**Supplemental Voting Record Date.** Only with respect to Debtor Laguna Reserve Apts Investor LLC (the "Laguna Debtor"), to accommodate the bar date for this Debtor which the Debtors have set as 5:00 p.m. prevailing Eastern Time on the date that is twenty-one (21) days from the date the Debtors file schedules of assets and liabilities for the Laguna Debtor (the "Laguna Claims Bar Date"), the Voting Record Date applicable to any creditor who holds a Claim against the Laguna Debtor and who files a Proof of Claim after the Voting Record Date (*i.e.,* **September 4, 2025**), but on or before the Laguna Claims Bar Date, shall be the date that such Proof of Claim is filed (any such date a "Supplemental Voting Record Date").  A creditor of the Laguna Debtor that files a Proof of Claim by a Supplemental Voting Record Date shall receive a Solicitation Package and/or a Notice of Non-Voting Status and Opt-In Form, as applicable, as soon as reasonably practical thereafter and shall be entitled to vote to accept or reject the Plan (if such claimant is entitled to vote pursuant to the Plan and the Solicitation and Voting Procedures).  If, however, the Claims Agent previously provided such creditor with a Ballot on account of a scheduled Claim or previous Proof of Claim filed in advance of any such Supplemental Voting Record Date, the Claims Agent shall update the creditors' voting amount internally to comport with the amount reflected in Proof of Claim, except as otherwise provided herein, but shall not be obligated to send a new Ballot.

**Voting and Opt-In Deadline**.  The deadline to vote on the Plan is **October 10, 2025, at 4:00 p.m. (prevailing Eastern Time)** (the "Voting and Opt-In Deadline").  If you received the Solicitation Package, including a Ballot and intend to vote on the Plan you *must*: (i) follow the instructions contained on your Ballot carefully; (ii) complete *all* of the required information on the Ballot; and (iii) execute and return your completed Ballot according to and as set forth

---

<sup>2</sup>    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan, the Disclosure Statement, the Disclosure Statement Order, the Bidding Procedures, or the Bidding Procedures Order, as applicable.

in detail in the voting instructions so that it is *actually received* by the Debtors' Claims Agent, Kurtzman Carson Consultants, LLC (d/b/a Verita Global), on or before the Voting and Opt-In Deadline.

*Failure to follow such instructions may disqualify your vote.*

## CRITICAL INFORMATION REGARDING THE OPT-IN DEADLINE

**Non-Voting Classes Opt-In Deadline**:  The deadline for Holders of Claims or Interests not entitled to vote on the Plan to return the Opt-In Form so that it is actually received by the Debtors' Claims Agent, Kurtzman Carson Consultants, LLC (d/b/a Verita Global), on or before **October 10, 2025, at 4:00 p.m. (prevailing Eastern Time)**).

## CRITICAL INFORMATION REGARDING OBJECTIONS TO THE PLAN

**Combined Objection Deadline**.  The deadline by which objections to confirmation of the Plan or final approval of the Disclosure Statement must be filed with the Court is **October 10, 2025, at 4:00 p.m. (prevailing Eastern Time**) (the "Combined Objection Deadline").  Any objection to the relief sought at the Combined Hearing *must*: (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Rules, and orders of the Court; (iii) state with particularity the basis of the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (iv) be filed with the Clerk of the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608 (contemporaneously with a proof of service) and served upon the following parties in accordance with the terms of the Disclosure Statement Order, so as to be **actually** received on or before the **Combined Objection Deadline**: (a) counsel to the Debtors, (i) White & Case LLP, 111 South Wacker Drive, Chicago, Illinois 60606 (Attn: Gregory F. Pesce (gregory.pesce@whitecase.com)) and (ii) White & Case LLP, 1221 Avenue of the Americas, New York,  New York 10020 (Attn: Samuel Hershey (sam.hershey@whitecase.com) and Barrett Lingle (barrett.lingle@whitecase.com)), (b) counsel to the NOLA DIP Lender (Attn: Brett Goodman (brett.goodman@afslaw.com) and Scott Lepene (scott.lepene@afslaw.com)), (c) counsel to the Ad Hoc Group of Holders of Crown Capital Notes (Attn: James Millar (james.millar@faegredrinker.com) and Michael Pompeo (michael.pompeo@faegredrinker.com)), and (d) the U.S. Trustee, One Newark Center, Suite 2100, Newark, New Jersey 07102 (Attn: Lauren Bielskie (lauren.bielskie@usjod.gov) and Jeffrey Sponder (Attn: jeffrey.m.sponder@usdoj.gov).

> **ARTICLE VIII** OF THE PLAN CONTAINS SETTLEMENT, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D** OF THE PLAN CONTAINS A **THIRD-PARTY RELEASE.**  YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.
>
> THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  CONTACT THE CLAIMS AGENT IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION.

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you have any questions or would like paper copies of the Solicitation Package because receiving the Solicitation Package via email or USB flash drive imposes a hardship on you, please contact the Debtors' Claims Agent, Kurtzman Carson Consultants, LLC d/b/a Verita Global, by submitting an inquiry to https://www.veritaglobal.net/cbrm/inquiry (with "CBRM" in the subject line).  You may also obtain copies of the Bidding Procedures and any pleadings filed with the Court for free by visiting the Debtors' restructuring website at https://www.veritaglobal.net/cbrm, or the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.  Please be advised that the Claims Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may *not* advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) on or before **September 30, 2025** and will serve a notice of Plan Supplement on all Holders of Claims or Interests, the U.S. Trustee, the Kelly Hamilton DIP Lender, the NOLA DIP Lender, Lynd Living, the Ad Hoc Group of Holders of Crown Capital Notes, the 2002 List (regardless of whether such parties are entitled to vote on the Plan), which will: (i) inform parties

that the Debtors filed the Plan Supplement; (ii) list the information contained in the Plan Supplement; and (iii) explain how parties may obtain copies of the Plan Supplement.

<div style="border:1px solid black">

**<u>BINDING NATURE OF THE PLAN</u>**

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

</div>

Dated: September 3, 2025                          /s/ Andrew Zatz

                                                  **WHITE & CASE LLP**
                                                  Gregory F. Pesce (admitted *pro hac vice*)
                                                  111 South Wacker Drive
                                                  Chicago, Illinois 60606
                                                  Telephone: (312) 881-5400
                                                  Email:  gregory.pesce@whitecase.com

                                                  - and -

                                                  Andrew Zatz
                                                  Samuel P. Hershey (admitted *pro hac vice*)
                                                  Barrett Lingle (admitted *pro hac vice*)
                                                  1221 Avenue of the Americas
                                                  New York, New York 10020
                                                  Telephone: (212) 819-8200
                                                  Email:  azatz@whitecase.com
                                                          sam.hershey@whitecase.com
                                                          barrett.lingle@whitecase.com

                                                  *Counsel to Debtors and*
                                                  *Debtors-in-Possession*


                                                  **KEN ROSEN ADVISORS PC**
                                                  Kenneth A. Rosen
                                                  80 Central Park West
                                                  New York, New York 10023
                                                  Telephone: (973) 493-4955
                                                  Email:  ken@kenrosenadvisors.com

                                                  *Co-Counsel to Debtors and*
                                                  *Debtors-in-Possession*

## <u>Exhibit 7</u>

**Plan Supplement Notice**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: gregory.pesce@whitecase.com

-and-

Andrew Zatz
Samuel P. Hershey (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: azatz@whitecase.com
          sam.hershey@whitecase.com
          barrett.lingle@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*

**KEN ROSEN ADVISORS PC**
Kenneth A. Rosen
80 Central Park West
New York, New York 10023
Telephone: (973) 493-4955
Email: ken@kenrosenadvisors.com

*Co-Counsel to Debtors and Debtors-in-Possession*

| | |
|---|---|
| In re:<br><br>CBRM REALTY INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-15343 (MBK)<br>(Jointly Administered) |

## NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of New

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), RH New Orleans Holdings MM LLC (1951), and Laguna Reserve Apts Investor LLC (N/A). The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

Jersey (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"):  (i) authorizing Crown Capital Holdings LLC and certain of its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 501] (as modified, amended, or supplemented from time to time, the "Plan");  (ii) conditionally approving the *Disclosure Statement for the Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 503] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (iii) approving the solicitation materials and documents to be included in the solicitation package; (iv) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan; (v) establishing certain deadlines to opt to grant the releases set forth in the Plan; and (vi) for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order, the Debtors filed the Plan Supplement with the Court on September 30, 2025 [Docket No. [●]].  The Plan Supplement contains the following documents, each as defined in the Plan: (a) to the extent the NOLA Sale Transaction is not approved pursuant to a Sale Order, the NOLA Purchase Agreement, (b) the Rejected Executory Contract and Unexpired Lease List, (c) the Schedule of Retained Causes of Action, (d) the Schedule of Excluded Parties, (e) the Schedule of Transferred Subsidiaries, (f) the Schedule of Abandoned Entities, and (g) the Schedule of Creditor Recovery Trust Executory Contracts.

**PLEASE TAKE FURTHER NOTICE THAT** certain documents or portions thereof contained in the Plan Supplement may remain subject to ongoing negotiations among the Debtors and interested parties with respect thereto. The Debtors reserve all rights, subject to the terms and conditions set forth in the Plan, to amend, revise, or supplement the Plan Supplement, and any of the documents and designations contained therein, at any time before the Effective Date of the Plan, or any such other date as may be provided for in the Plan or an order of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan and final approval of the Disclosure Statement (the "Combined Hearing") will commence on **October 22, 2025, at 11:30 a.m., (prevailing Eastern Time)**, or such other time that the Court determines, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline by which objections to confirmation of the Plan and final approval of the Disclosure Statement must be filed with the court is **October 10, 2025, at 4:00 p.m. (prevailing Eastern Time)** (the "Combined Objection Deadline").  Any objection to the relief sought at the Combined Hearing ***must***:  (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Rules, and orders of the Court; (iii) state with particularity the basis of the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (iv) be filed with the Clerk of the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608 (contemporaneously with a proof of service) and served in accordance with the terms of the Disclosure Statement Order upon the following parties so as to be **actually received** on or before the **Combined Objection Deadline**: (a) counsel to the Debtors, (i) White & Case LLP, 111 South Wacker Drive, Chicago, Illinois 60606 (Attn: Gregory F. Pesce (gregory.pesce@whitecase.com)) and (ii) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Samuel Hershey (sam.hershey@whitecase.com) and Barrett Lingle (barrett.lingle@whitecase.com)), (b) counsel to the NOLA DIP Lender (Attn: Brett Goodman (brett.goodman@afslaw.com) and Scott Lepene (scott.lepene@afslaw.com)), (c) counsel to the Ad Hoc Group of Holders of Crown Capital Notes (Attn: James Millar (james.millar@faegredrinker.com) and Michael Pompeo (michael.pompeo@faegredrinker.com)), and (d) the U.S. Trustee, One Newark Center, Suite 2100, Newark, New Jersey 07102 (Attn: Lauren Bielskie (lauren.bielskie@usjod.gov) and Jeffrey Sponder (Attn: jeffrey.m.sponder@usdoj.gov).

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to **obtain a copy of the Disclosure Statement, the Plan, or related documents** please contact the Debtors' Claims and Noticing Agent, Kurtzman Carson Consultants, LLC d/b/a Verita Global, by submitting an inquiry to https://www.veritaglobal.net/cbrm/inquiry (with "CBRM" in the subject line).  You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website at https://www.veritaglobal.net/cbrm or the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**ARTICLE VIII** OF THE PLAN CONTAINS SETTLEMENT, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D** OF THE PLAN CONTAINS A **THIRD-PARTY RELEASE**. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. CONTACT THE CLAIMS AGENT IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION.

Dated: September 3, 2025

/s/ Andrew Zatz

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email:  gregory.pesce@whitecase.com

- and -

Andrew Zatz
Samuel P. Hershey (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email:  azatz@whitecase.com
        sam.hershey@whitecase.com
        barrett.lingle@whitecase.com

*Counsel to Debtors and*
*Debtors-in-Possession*

**KEN ROSEN ADVISORS PC**
Kenneth A. Rosen
80 Central Park West
New York, New York 10023
Telephone: (973) 493-4955
Email:  ken@kenrosenadvisors.com

*Co-Counsel to Debtors and*
*Debtors-in-Possession*

## **Exhibit 8**

**Notice of Rejection of Executory Contracts and Unexpired Leases**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: gregory.pesce@whitecase.com

-and-

Andrew Zatz
Samuel P. Hershey (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: azatz@whitecase.com
        sam.hershey@whitecase.com
        barrett.lingle@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*

**KEN ROSEN ADVISORS PC**
Kenneth A. Rosen
80 Central Park West
New York, New York 10023
Telephone: (973) 493-4955
Email: ken@kenrosenadvisors.com

*Co-Counsel to Debtors and Debtors-in-Possession*

| | |
|---|---|
| In re:<br><br>CBRM REALTY INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-15343 (MBK)<br>(Jointly Administered) |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), RH New Orleans Holdings MM LLC (1951), and Laguna Reserve Apts Investor LLC (N/A).  The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

objection; and (iv) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties in accordance with the terms of the Disclosure Statement Order, so as to be **actually received** on or before the **Combined Objection Deadline**: (a) counsel to the Debtors, (i) White & Case LLP, 111 South Wacker Drive, Chicago, Illinois 60606 (Attn: Gregory F. Pesce (gregory.pesce@whitecase.com)) and (ii) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Samuel Hershey (sam.hershey@whitecase.com) and Barrett Lingle (barrett.lingle@whitecase.com), and (b) counsel to the NOLA DIP Lender (Attn: Brett Goodman (brett.goodman@afslaw.com) and Scott Lepene (scott.lepene@afslaw.com)).

       **PLEASE TAKE FURTHER NOTICE THAT** any objections to the Plan in connection with the rejection of the Executory Contract(s) and Unexpired Lease(s) and/or related rejection damages proposed in connection with the Plan that remain unresolved as of the commencement of the Combined Hearing shall be heard at the Combined Hearing or a later date as fixed by the Court.

       **PLEASE TAKE FURTHER NOTICE THAT** if you would like to **obtain a copy of the Disclosure Statement, the Plan, or related documents** you should contact Kurtzman Carson Consultants, LLC (d/b/a Verita Global), the Debtors' Claims Agent in these Chapter 11 Cases, by:  (i) visiting the Debtors' restructuring website at https://www.veritaglobal.net/cbrm; (ii) calling the Claims Agent at  (866) 523-2941 (Toll-free from USA/Canada) or (781) 575-2044 (International); or (iii) writing to the Claims Agent at CBRM Realty Inc., et al., c/o Kurtzman Carson Consultants, LLC (d/b/a Verita Global), 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.  You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website at https://www.veritaglobal.net/cbrm or the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

**ARTICLE VIII** OF THE PLAN CONTAINS SETTLEMENT, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D** OF THE PLAN CONTAINS A **THIRD-PARTY RELEASE**.  YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  CONTACT THE CLAIMS AGENT IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION.

---

*[Remainder of page intentionally left blank]*