# Exhibit G

## Schedule of Creditor Recovery Trust Executory Contracts

Pursuant to the *Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of its Debtor Affiliates* [Docket No. 501] (as modified, amended, or supplemented from time to time, the "**Plan**"), as of the Effective Date, the Executory Contracts listed in this **Exhibit G** shall be deemed assumed by the Debtors and assigned to the Creditor Recovery Trust in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code.

Article IV.D of the Plan provides that on the Effective Date, the Creditor Recovery Trust Executory Contracts shall be deemed assumed by the Debtors and assigned to the Creditor Recovery Trust in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code. Entry of the Confirmation Order shall constitute an order of the Bankruptcy Court approving such assumption and assignment. Except as otherwise set forth herein, the assumption and assignment of a Creditor Recovery Trust Executory Contract pursuant to the Plan shall be effective as of the Effective Date. Any monetary defaults under each Creditor Recovery Trust Executory Contract to be assumed pursuant to the Plan shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the Cure Amount in Cash by the Creditor Recovery Trust.

Except as otherwise provided in the Plan, the Debtors shall, on or before the date of filing of the Plan Supplement, cause the Cure and Assumption Notices to be served on counterparties to Creditor Recovery Trust Executory Contracts to be assumed and assigned pursuant to the Plan. Any objection by a non-Debtor counterparty to an Creditor Recovery Trust Executory Contract to the assumption and assignment, the related Cure Amount, or adequate assurance must be filed, served, and actually received by the Debtors on or prior to the deadline for filing objections to the Plan (or such later date as may be provided in the applicable Cure and Assumption Notice); provided that each counterparty to a Creditor Recovery Trust Executory Contract (a) that the Debtors later determine to assume and assign or (b) as to which the Debtors modify the applicable Cure Amount, must object to the assumption and assignment or Cure Amount, as applicable, by the earlier of: (i) fourteen (14) days after the Debtors serve such counterparty with a corresponding Cure and Assumption Notice; and (ii) the Confirmation Hearing.

**Any counterparty to a Creditor Recovery Trust Executory Contract that fails to timely object to the proposed assumption of any Creditor Recovery Trust Executory Contract shall be forever barred, estopped, and enjoined from contesting the Debtors' assumption and assignment of the applicable Creditor Recovery Trust Executory Contract and from requesting payment of a Cure Amount that differs from the amount paid or proposed to be paid by the Creditor Recovery Trust, without the need for any objection by the Creditor Recovery Trust or any further notice to or action, order, or approval of the Bankruptcy Court. The Creditor Recovery Trust may settle any dispute regarding a Cure Amount without any further notice to or action, order, or approval of the Bankruptcy Court.**

To the maximum extent permitted by law, to the extent any provision in any Creditor Recovery Trust Executory Contract assumed and assigned pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or would be deemed breached by, the assumption and assignment of such Creditor Recovery Trust Executory Contract (including any change of control or similar provision), then such provision shall be deemed pre-empted and modified such that neither the Debtors' assumption and assignment of the Creditor Recovery Trust Executory Contract nor any of the transactions contemplated by the Plan shall entitle the non-Debtor counterparty to terminate or modify such Creditor Recovery Trust Executory Contract or to exercise any other purported default-related rights thereunder.

The Debtors' assumption and assignment of any Creditor Recovery Trust Executory Contract pursuant to the Plan or otherwise, and payment of any applicable Cure Amount in accordance with the procedures set forth in this Article IV.D, shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed and assigned Creditor Recovery Trust Executory Contract at any time prior to the effective date of assumption and assignment.

In the event of a timely filed objection regarding: (1) a Cure Amount; (2) the ability of the Creditor Recovery Trust or any assignee to provide adequate assurance of future performance within the meaning of section 365 of the Bankruptcy Code under the Creditor Recovery Trust Executory Contract to be assumed and assigned; or (3) any other matter pertaining to assumption and assignment or the requirements of section 365(b)(1) of the Bankruptcy Code, such dispute shall be resolved by a Final Order of the Bankruptcy Court (which may be the Confirmation Order) or as may be agreed upon by the Creditor Recovery Trust and the counterparty to the Creditor Recovery Trust Executory Contract. The Creditor Recovery Trust shall pay the applicable Cure Amount as soon as reasonably practicable after entry of a Final Order resolving such dispute and approving such assumption and assignment, or as may otherwise be agreed upon by the Creditor Recovery Trust and the counterparty to the Creditor Recovery Trust Executory Contract. To the extent that a dispute regarding the applicable Cure Amount is resolved or determined unfavorably to the Creditor Recovery Trust, the Creditor Recovery Trust may, in its discretion, reject the applicable Creditor Recovery Trust Executory Contract after such determination, which rejection shall supersede, nullify, and render of no force or effect any earlier assumption and assignment. Under no circumstances shall the status of payment of a Cure Amount required by section 365(b)(1) of the Bankruptcy Code following the entry of a Final Order resolving the dispute and approving the assumption and assignment prevent or delay implementation of the Plan or the occurrence of the Effective Date.

**This Schedule of Creditor Recovery Trust Executory Contracts may be amended, modified, or supplemented by the Debtors at any time prior to the date the Confirmation Order is entered by the Court.**

| | **Debtor Entity** | **Contract Counterparty** | **Address** | **Description of Contract or Lease and Nature of Debtor's Interest** | **Cure Payment** |
|---|---|---|---|---|---|
| 1. | Crown Capital Holdings, LLC | LAGSP LLC | 4499 Pond Hill Road San Antonio, Texas 78209 | Amended and Restated Asset Management Agreement with Crown Capital Holdings, LLC, dated June 10, 2025 | $0.00 |