| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1 |
| **GENOVA BURNS LLC**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>(973) 467-2700<br>**DANIEL M. STOLZ, ESQ.**<br>**JACLYNN N. McDONNELL, ESQ.**<br>*dstolz@genovaburns.com*<br>*jmcdonnell@genovaburns.com*<br>*Co-counsel for RLA Consulting LLC, Creditor*<br>*Recovery Trustee*<br><br>-and-<br><br>**The Law Offices of Richard J. Corbi PLLC**<br>104 West 40th St., 4th Floor<br>New York, NY 10018<br>(646) 571-2033<br>Richard J. Corbi (*pro hac vice*)<br>*rcorbi@corbilaw.com*<br>*Co-counsel for RLA Consulting LLC, Creditor*<br>*Recovery Trustee* |

| | |
|---|---|
| In re: | Case No.: 25-15343 |
| CBRM REALTY, INC., *et al.*, | Hon. Michael B. Kaplan |
| Debtors.[1] | Chapter 11 |
| | Hearing Date: April 14, 2026 @11:30am |

## LIMITED RESPONSE OF CREDITOR RECOVERY TRUSTEE TO CLAIM
## OBJECTION FILED BY WHITE & CASE LLP

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CBRM Realty Inc. (2420), Crown Capital Holdings LLC (1411), Kelly Hamilton Apts LLC (9071), Kelly Hamilton Apts MM LLC (0765), RH Chenault Creek LLC (8987), RH Copper Creek LLC (0874), RH Lakewind East LLC (6963), RH Windrun LLC (0122), RH New Orleans Holdings LLC (7528), RH New Orleans Holdings MM LLC (1951), and Laguna Reserve Apts Investor LLC (N/A).  The location of the Debtors' service address in these chapter 11 cases is: In re CBRM Realty Inc., et al., c/o White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020.

1

RLA Consulting LLC, in its capacity as Creditor Recovery Trustee (the "**Trustee**"), submits this limited response in connection with the objection filed by Debtors' former counsel, White & Case LLP ("**White & Case**"), to Proofs of Claim Nos. 276 and 277 (the "**Objection**")[2] [Doc. No. 745], solely to clarify the record regarding standing and authority to administer administrative and wind-down claims in these post-confirmation cases.

## PRELIMINARY STATEMENT

1.      This response addresses a threshold issue of post-confirmation governance and standing.  The objection filed by White & Case is not merely a routine claim objection; it raises the question of who has authority under the confirmed Plans to administer, reconcile, and object to administrative and wind-down claims payable from Wind-Down Assets.

2.      Under the confirmed Plans and Confirmation Order, the Debtors' estates transitioned into a post-confirmation wind-down structure administered by a Wind-Down Officer. The Plans transferred responsibility for administering Wind-Down Assets, reconciling disputed Wind-Down Claims, and making distributions on account of allowed Wind-Down Claims to the Wind-Down Officer, who serves as a post-confirmation fiduciary responsible for winding down the estates and administering those assets for the benefit of stakeholders.  Because the allowance of Wind-Down Claims determines how Wind-Down Assets are distributed, the authority to object to such claims is part of the Wind-Down Officer's fiduciary function under the confirmed Plans.

3.      White & Case, however, is itself an administrative claimant.  Its objection to another administrative claim is therefore not a neutral act taken on behalf of the estate, but an attempt by one administrative claimant to challenge a competing administrative claim and thereby influence the distribution of limited Wind-Down Assets.  The confirmed Plans do not authorize

---

[2] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Objection.

individual creditors to assume that role.  Whether White & Case purports to act on behalf of the Debtors or on its own behalf as a creditor, it lacks standing to prosecute the Objection because the authority to reconcile and object to administrative and wind-down claims rests with the Wind-Down Officer, not with the Debtors and not with individual creditors.

4. This limited response is therefore submitted to clarify the record and to confirm that, under the confirmed Plans, the authority to administer and reconcile administrative and wind-down claims rests with the Wind-Down Officer.

**A. The Confirmed Plans Vest Authority Over Wind-Down Claims in the Wind-Down Officer**

5. The confirmed Plans and Confirmation Order establish a post-confirmation governance structure in which the Wind-Down Officer serves as the fiduciary responsible for administering Wind-Down Assets and determining the allowance and payment of Wind-Down Claims.  The Confirmation Order provides that the Wind-Down Officer is responsible for implementing the wind-down, resolving disputed Wind-Down Claims, reconciling and settling such claims, and making distributions on account of Allowed Wind-Down Claims.

6. The Confirmation Order further provides that, on the Effective Date, Wind-Down Retained Causes of Action vested in the post-Effective Date Debtors under the authority of the Wind-Down Officer, and that the Wind-Down Officer has sole and exclusive discretion to pursue such causes of action.  The Plan and Confirmation Order therefore make clear that the Wind-Down Officer, not the Debtors and not individual creditors, is the fiduciary responsible for administering Wind-Down Assets and Wind-Down Claims.  The claims reconciliation process is the mechanism by which disputed claims are reviewed and either allowed, settled, or disallowed.  Under the confirmed Plans, that function is assigned to the Wind-Down Officer as part of his fiduciary responsibility to administer a limited pool of Wind-Down Assets for the benefit of all stakeholders.

3

7.      Because the allowance of Wind-Down Claims determines how Wind-Down Assets are distributed, the authority to object to such claims is part of the Wind-Down Officer's fiduciary function under the confirmed Plans.

**B. The Debtors Did Not Retain Authority to Object to Wind-Down Claims**

8.      To the extent White & Case purports to file the Objection on behalf of the Debtors, the Debtors lack standing to object to administrative or Wind-Down Claims post-confirmation. After confirmation of a chapter 11 plan, a debtor may pursue only those rights that are expressly retained under the plan, and any authority not retained is transferred to the post-confirmation fiduciary created under the plan.

9.      Here, the Confirmation Order provides that Wind-Down Retained Causes of Action vested in the post-Effective Date Debtors under the authority of the Wind-Down Officer.  This language makes clear that, after the Effective Date, the Debtors do not act independently with respect to Wind-Down matters; rather, the post-Effective Date Debtors act through and under the authority of the Wind-Down Officer.  The Debtors therefore did not retain independent authority to administer the Wind-Down Claims process or to object to Wind-Down Claims outside the authority of the Wind-Down Officer.

10.     Because the confirmed Plans transferred responsibility for administering Wind-Down Assets and reconciling Wind-Down Claims to the Wind-Down Officer, the Debtors lack standing to object to such claims post-confirmation.

**C. Individual Creditors May Not Object to Administrative Claims Without Court Authorization**

11.     White & Case also lacks standing to object on its own behalf as an individual creditor. Although section 502(a) permits a "party in interest" to object to claims, courts recognize that the claims allowance process is administered by a trustee or other court-authorized fiduciary,

and individual creditors may not independently object to claims unless the fiduciary refuses to act and the creditor obtains leave of court to proceed derivatively.

12.     This principle applies with particular force in the context of administrative and wind-down claims. Administrative claims are paid from a limited pool of Wind-Down Assets, and the allowance or disallowance of one administrative claim directly affects the payment of other administrative claims. As a result, the process for reviewing and objecting to administrative claims must be administered by a neutral fiduciary acting for the benefit of all stakeholders, not by individual administrative claimants seeking to maximize their own recovery.

13.     To the extent White & Case filed the Objection in its capacity as an individual creditor, the Objection is not merely a claim objection; it is an attempt by one administrative claimant to challenge a competing administrative claim in order to influence the distribution of limited Wind-Down Assets.  The confirmed Plans do not authorize individual creditors to assume control over the claims reconciliation process in this manner.  The authority to administer, reconcile, and, where appropriate, object to administrative and wind-down claims rests with the Wind-Down Officer, and individual creditors may not assume that role absent leave of Court and a showing that the Wind-Down Officer has failed or refused to act.

## CONCLUSION

This limited response is submitted to clarify the record regarding standing and the authority to administer administrative and wind-down claims in these post-confirmation cases.  Under the confirmed Plans, the authority to administer Wind-Down Assets and to reconcile and object to administrative and wind-down claims rests with the Wind-Down Officer as the post-confirmation fiduciary responsible for the wind-down of the estates.  The Debtors did not retain that authority, and individual creditors may not assume that role absent leave of Court and a showing that the

5

Wind-Down Officer has failed or refused to act.  Accordingly, White & Case lacks standing to

prosecute the Objection, and the Objection should be overruled for lack of standing.

Dated: April 6, 2026                                           Respectfully submitted,


                                                               **GENOVA BURNS LLC**

                                                               By: /s/ Daniel M. Stolz
                                                               DANIEL M. STOLZ, ESQ.
                                                               JACLYNN N. McDONNELL, ESQ
                                                               *Co-counsel for RLA Consulting LLC,*
                                                               *Creditor Recovery Trustee*


                                                               The Law Offices of Richard J. Corbi PLLC
                                                               104 West 40th St., 4th Floor
                                                               New York, NY 10018
                                                               (646) 571-2033
                                                               Richard J. Corbi (pro hac vice)
                                                               *rcorbi@corbilaw.com*
                                                               *Co-counsel for RLA Consulting LLC,*
                                                               *Creditor Recovery Trustee*

6