<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1

</td><td></td></tr>
</table>

| |
|---|
| **GENOVA BURNS LLC**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Phone: (973) 467-2700<br>**DANIEL M. STOLZ, ESQ.**<br>**JACLYNN N. McDONNELL, ESQ.**<br>dstolz@genovaburns.com<br>jmcdonnell@genovaburns.com<br>*Co-counsel for RLA Consulting LLC, in its capacity as Trustee of the Creditor Recovery Trust for CBRM Realty Inc. and Crown Capital Holdings, LLC*<br><br>-and-<br><br>**The Law Offices of Richard J. Corbi PLLC**<br>104 West 40th St., 4th Floor<br>New York, NY 10018<br>(646) 571-2033<br>Richard J. Corbi (*pro hac vice*)<br>rcorbi@corbilaw.com<br>*Co-counsel for RLA Consulting LLC, in its capacity as Trustee of the Creditor Recovery Trust for CBRM Realty Inc. and Crown Capital Holdings, LLC* |

| In re:<br><br>CBRM REALTY, INC., *et al*.,<br><br>                     Debtors.[1] | Case No.: 25-15343<br><br>Hon. Michael B. Kaplan<br><br>Chapter 11 |
|---|---|

Order Filed on April 23, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## STIPULATION AND PROTECTIVE ORDER

The relief set forth on the following pages numbered two (2) through ten (10) are hereby **ORDERED**.

**DATED: April 23, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**THIS MATTER,** having been brought before the Court by (a) RLA Consulting, LLC, through Mr. Daniel K. Kamensky, the creditor recovery trustee (the "**Trustee**") for the Creditor Recovery Trust of *In Re CBRM Realty Inc.* and *In re Crown Capital Holdings, LLC* of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"); (b) the receiving party ("**Receiving Party**"); and (c) any other persons or entities who become bound by this order by signifying their assent through execution of **Exhibit A** hereto, for entry on an order protecting certain confidential information (the "**Order**" or "**Protective Order**").  Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "**Party**," and collectively as the "**Parties**."[2]  The Parties, by and through their respective attorneys of record, and subject to Court approval, have agreed to entry of this Order pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and with respect to any existing or future examination, contested matter or adversary proceeding, pursuant to Bankruptcy Rules 2004, 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "**Federal Rules**").

**RECITALS**

WHEREAS, on May 19, 2025 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.  [Doc. No. 1];

WHEREAS, on September 5, 2025, the Court entered an order (the "**CBRM Confirmation Order**") confirming the *Amended Joint Chapter 11 Plan of CBRM Realty Inc. and Certain of Its Debtor Affiliates (With Technical Modifications)* (the "**CBRM Plan**") [Doc. Nos. 500, 522].  The CBRM Plan became effective on November 12, 2025;

---

[2] The designation of a "Party" is for purposes of reference in this Order only.

WHEREAS, on October 23, 2025, the Court entered an order (the "**Crown Capital Confirmation Order**") confirming the *Further Modified Joint Chapter 11 Plan of Crown Capital Holdings LLC and Certain of Its Debtor Affiliates* (the "**Crown Capital Plan**," together with the CBRM Plan, the "**Plans**") [Doc. Nos. 622, 653]. The Crown Capital Plan became effective on January 9, 2026;

WHEREAS, pursuant to the CBRM Plan, the Creditor Recovery Trust was established, and RLA Consulting LLC, through Mr. Daniel B. Kamensky, was appointed as Creditor Recovery Trustee pursuant to the Creditor Recovery Trust Agreement[3];

**IT IS HEREBY ORDERED AS FOLLOWS**.

1.      This Protective Order shall govern all documents and other information, whether written or oral, including all copies, excerpts and summaries thereof produced, referenced, discussed or given by the Receiving Party to the Trustee, marked "Confidential" and/or which the Receiving Party informs the Trustee via e-mail or other writing is confidential within the later of: seven (7) days of (a) production by the Receiving Party, (b) receipt from third parties, or (c) after entry of the within Protective Order.

2.      For the purposes of this Protective Order, the term "Confidential Information" means the following: (a) any information that serves to identify any participant in the Plans other than the Debtor, including but not limited to personally identifiable information, contact information, plan participation information, plan loan information, for financial account information.(b) non-public documents or other information which may be produced by the Receiving Party that constitute trade secrets or other confidential research, development, or commercial information;[4] or (c) without limitation by the foregoing, material that should

---

[3] *Creditor Recovery Trust Agreement* [Doc. No. 502-2]; *Second Notice of Filing Plan Supplement, id.*, [Doc. No. 502].
[4] *See* Fed. R. Bankr. P. 9018; *see generally* Fed. R. Civ. P. 26(c).

3

otherwise be subject to confidential treatment because it contains (i) personal data, i.e., private information relating to an identified or identifiable natural person, either of which is not known to or obtainable by the public or (ii) any other sensitive information that might prejudice the Receiving Party.  The Trustee reserves all rights to challenge the Receiving Party's designation of any materials as Confidential Information by advising of the challenged within fifteen (15) days of receipt of the designation.

3.      If the Receiving Party and the Trustee cannot mutually agree on a resolution, then the Trustee shall file a motion with the Bankruptcy Court to resolve the dispute (while complying with all terms and conditions of this Protective Order and filing any Confidential Information under seal).

4.      This Protective Order shall not apply to any document, testimony, or other information which: (a) is already rightfully in the Trustee's possession or comes into the Trustee's possession from a source other than the Receiving Party; (b) becomes or is otherwise available to the public other than as a result of disclosure in violation of the Protective Order or a confidentiality agreement; and/or (c) the Trustee obtains from a third party who, insofar as is known to the Trustee, is or was not prohibited by this Protective Order or a confidentiality agreement from transmitting the information to the Trustee.

5.      The Trustee and his counsel will not disclose the Confidential Information to any person or entity other than as permitted by this Protective Order.  Prior to taking any action to utilize, either through himself, his professionals or any third party, any Confidential Information to subpoena, or formally or informally contact any party disclosed in Confidential Information, the Trustee shall meet and confer with the Receiving Party in order for the Receiving Party to seek entry of a Court order limiting the Trustee's actions in this paragraph 5.

6. Subject to informing any such person of the terms of this Protective Order and obtaining such person's consent to abide by the terms hereof, the Trustee may disclose the Confidential Information to any of the following who may be actively involved: (a) in matters arising under, arising in or related to the Debtors' Chapter 11 Cases (as such terms are applied pursuant to 28 U.S.C. §1334), or (b) in any collateral litigation against any third parties in any other actual or contemplated proceeding, investigation, arbitration, or enforcement action of any kind, whether civil, criminal, administrative, or regulatory, in any forum and involving any person or entity (including any of the Parties) (collectively, the "**Litigations**"):

(a) any officers or current employees of the Trustee as well as former employees of the Trustee;

(b) professionals and their staff employed by the Trustee or his counsel; expert and non-expert witnesses or consultants engaged by the Trustee or his counsel to furnish technical or expert services; the author and/or recipient of a document produced to the Trustee or his counsel (but only with respect to the document within which such author or recipient is identified); and litigation service providers, including stenographic reporters and others, engaged by the Trustee or his counsel;

(c) court personnel, to the extent necessary with respect to (a) the determination of Parties' rights under this Protective Order, or (b) filing papers in any Litigations, it being understood that the party shall in the first instance seek authority to file the Confidential Information under seal;

(d) governmental and regulatory agencies that require, by law, regulation or administrative order, access to or submission of such Confidential Information from the Trustee;

(e) any adverse witness during the course of a deposition or trial where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm and who first signs **Exhibit A** and shall not retain copies of such document;

(f) any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting; and

(g) and any other person authorized to receive the information by prior written consent, which shall not be unreasonably withheld, of the Parties or prior order of a court of law.

7.     Each person, prior to gaining access to the Confidential Information, shall be advised that: (a) the Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof; and (b) any violation of the terms of the Protective Order may subject the violator to penalties.

8.     In the event that a subpoena or other request for any of the Confidential Information is made to the Trustee or his counsel, and before the Trustee or his counsel may disclose the Confidential Information to any person or entity described in subparagraph 6(c) above or to any third party who seeks such information from the Trustee or his counsel via subpoena or other legal process, the Trustee must provide notice to the Receiving Party of such requested and/or compelled disclosure at least seven (7) days prior to the expiration of any response period (or such shorter time as may be reasonable, if the return time is less than seven (7) days), such that the Receiving Party has the opportunity to object to such requested and/or compelled disclosure.

9.      In addition to the foregoing, to the extent that the Receiving Party has provided the identical Confidential Information to the Trustee and to another person or entity, nothing herein shall prevent the Trustee and such person or entity from discussing or jointly using such identical Confidential Information so long as such identical Confidential Information is not otherwise disclosed by the Trustee contrary to the terms of this Protective Order.

10.      Notwithstanding the foregoing, unless the Parties agree or the Bankruptcy Court authorizes, neither the Trustee, his counsel nor any of the persons or entities to whom the Trustee is authorized to disclose the Confidential Information as set forth in this Protective Order may file any of the Confidential Information of record in the Debtors' Chapter 11 Cases or in the Litigations without first seeking authority from the Bankruptcy Court, or from the appropriate court(s) if filed elsewhere, to file any such Confidential Information under seal ("**Request to Seal**") in connection with the matters brought before it.  The Trustee shall give the Receiving Party at least seven (7) days prior notice of his intent to file a Request to Seal required by the preceding sentence of this Paragraph, in order to give the Debtor the opportunity, if permitted by the court, to participate in the proceedings determining whether the Request to Seal will be granted.

11.      This Protective Order shall be binding upon the Parties throughout the Debtors' Chapter 11 Cases and the Litigations.  At the conclusion of such cases and Litigations, all Confidential Information being held by the Trustee shall be promptly returned to the Receiving Party or destroyed, with notice sent to the Receiving Party indicating the method and date of the destruction.  If the Litigations are not brought, the Confidential Information shall be returned or destroyed within six (6) months of the closing of the Chapter 11 Cases.  However, the Trustee

and his advisors shall be allowed to retain copies of Confidential Information to the extent required by any applicable law or rule.

12.     The Protective Order shall be governed by the laws of the State of New Jersey.  The Parties hereby submit to the exclusive jurisdiction of the United States Bankruptcy Court of the District of New Jersey for the purpose of any and all suits, actions or other proceedings arising out of this Protective Order, or challenge to a designation of "Confidential Information," for matters brought before it.

13.     This Protective Order shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

Dated: April 15, 2026

**GENOVA BURNS LLC**

*/s/ Daniel M. Stolz*
Daniel M. Stolz, Esq.
Jaclynn N. McDonnell, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ  07920
Phone: (973) 467-2700
*dstolz@genovaburns.com*
*jmcdonnell@genovaburns.com*
*Co-counsel for RLA Consulting LLC, in its capacity as Creditor Recovery Trust for CBRM Realty Inc. and Crown Capital Holdings, LLC*

*and*

**THE LAW OFFICES OF RICHARD J. CORBI PLLC**
Richard J. Corbi (*pro hac vice*)
104 West 40th St., 4th Floor
New York, NY 10018
(646) 571-2033
*rcorbi@corbilaw.com*
*Co-Counsel for RLA Consulting LLC, in its capacity as Trustee of the Creditor Recovery Trust for CBRM Realty Inc. and Crown Capital Holdings, LLC*

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, on behalf of_____, state:

1.      My business address at _____.

2.      I execute this Acknowledgement and Agreement on behalf of_____.

3.      My present occupation or job description is _____.

4.      _____ has been informed of and/or read the Protective Order entered by the United States Bankruptcy Court for the District of New Jersey on _____ (the "**Protective Order**") executed by the parties in *In re CBRM Realty, Inc., et al.*, Case No. 25-15343 (MBK) (Bankr. D.N.J.), and _____ understands and will abide by its contents and confidentiality requirements. _____ will agree to keep confidential all Confidential Records provided to it in connection with the above-referenced matter that have been designated "Confidential" or "Highly Confidential" pursuant to the Protective Order, and _____ will not divulge any Confidential Records, as defined in the Protective Order, that have been designated as "Confidential" or "Highly Confidential" to persons other than those specifically authorized by the Protective Order. _____ will not use any Confidential Records in any manner not expressly allowed by the Protective Order.

5.      _____ understands that violation of the Protective Order is punishable by contempt of court and other potential sanctions as the Court deems appropriate under the circumstances. _____ agrees to be subject to the authority of the United States Bankruptcy Court for the District of New Jersey in the event of any violation of this agreement or dispute related to this agreement.

6.      I state under penalty of perjury that the foregoing is true and correct.


_____

By:      _____

Dated: _____